IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | |
| | * | Case No. 1:08-cv-00077-CAP |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.    **Description of Case:**

(a)  Describe briefly the nature of this action.

<u>By Plaintiff:</u>

This is a federal civil rights action pursuant to 42 U.S.C. § 1983 stemming

from Defendants' decision to expel Plaintiff from Valdosta State University

("VSU").  Plaintiff alleges that Defendants violated his rights protected by the First

and Fourteenth Amendments of the United States Constitution, as well as rights

protected by the Americans With Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*, the

Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and the Georgia Constitution.

Plaintiff also alleges that Defendants action constituted a breach of contract under

Georgia law.  Plaintiff seeks, *inter alia*, an order declaring Defendants' actions in

violation of the aforementioned statutes and constitutional provisions, as well as

nominal, compensatory, and punitive damages to be determined by an impartial

jury, plus attorneys' fees and costs.

By Defendants Ronald Zaccari, Valdosta State University, Board Of Regents
Of The University System Of Georgia, Laverne Gaskins, Kurt Keppler, Russel
Mast, and Victor Morgan:

Plaintiff was administratively withdrawn from Valdosta State University

after Defendant Zaccari became concerned that Plaintiff posed a danger both the

Defendant Zaccari and the safety and security of the Valdosta State University

campus.  Plaintiff asserts First Amendment, Due Process, American with

Disabilities Act, and Rehabilitation Act violations stemming from his

administrative withdrawal.

By Defendant Leah McMillan:

Plaintiff asserts First Amendment and due process claims against Ms.

McMillan for allegedly retaliating against him for exercising his free speech rights.

   (b)  Summarize the facts of this case.  The summary should not be
       argumentative nor recite evidence.

By Plaintiff:

Beginning in March 2007, Plaintiff engaged in speech activities to protest

plans to construct a large parking deck on the VSU campus, including posting

fliers, emailing student groups and administration officials, and creating a collage

on his webpage on Facebook.com.  Plaintiff was expelled from VSU, via letter, on

May 7, 2007.  No advance notice was provided to Plaintiff and no evidentiary

hearing was held prior to Plaintiff's expulsion.  On May 21, Plaintiff appealed his expulsion first to the Board of Regents, as provided in the VSU Student Handbook. The Board of Regents of the University System of Georgia referred Plaintiff's appeal to an Administrative Law Judge at the Office of State Administrative Hearings.  No administrative hearing ever took place, and on January 9, 2008, Plaintiff filed this lawsuit.  On January 17, 2008, the Board rescinded the decision to expel Plaintiff.

By Defendants Ronald Zaccari, Valdosta State University, Board Of Regents Of The University System Of Georgia, Laverne Gaskins, Kurt Keppler, Russel Mast, and Victor Morgan:

Plaintiff was administratively withdrawn from Valdosta State University on May 7, 2007 because he was perceived to be a threat to both the President's safety and the university campus' safety and security.  By way of example but not limitation, on or about April 20, 2007 Plaintiff posted an image of Defendant Zaccari and references to a  Zaccari Memorial Parking Deck  on his facebook page.  Plaintiff also posted references to the Virginia Tech shooter on his facebook page.  On or about May 2, 2007, Plaintiff inquired of Richard Lee, Assistant Dean of Students, whether or not the possession of an  atlatl  would constitute possession of an  offensive weapon  under the Student Code of Conduct. Plaintiff s erratic behavior, coupled with threatening postings at the time of the Virginia Tech tragedy, led to his administrative withdrawal.

Plaintiff filed an appeal of his administrative withdrawal to the Board of Regents.  The appeal was presented to the Board at its meeting of Aug. 7-8, 2007, at which time the Board referred the matter to the Office of State Administrative Hearings.  A hearing was initially scheduled for Nov. 26, 2007.  Plaintiff, through counsel, sought and was granted a continuance.  Plaintiff requested, through counsel, that   the new hearing date [ ] be set no earlier than January, 2008.    On Jan. 17, 2008 the Board of Regents granted Plaintiff s appeal, eliminating the need for any additional hearings.

Plaintiff chose not to seek readmission to Valdosta State University sometime prior to July 23, 2007.  As early as late May, 2007, Plaintiff advised university officials that he was applying for a transfer to various other state universities.

By Defendant Leah McMillan:

Plaintiff contends that Ms. McMillan retaliated against him for exercising his free speech rights.  In support his claim, Plaintiff alleges that Ms. McMillan attended a meeting on May 3, 2007, where the decision was made to expel him from Valdosta State University.

(c)  The legal issues to be tried are as follows:

By Plaintiff:

Whether Defendant Zaccari and the VSU Defendants, in their individual capacities, infringed upon Plaintiff's rights under the United States Constitution by

expelling him from VSU in retaliation for his exercise of First Amendment freedoms.

Whether Defendant Zaccari and the VSU Defendants, in their individual capacities, violated Plaintiff's Procedural and Substantive Due Process rights under the Fourteenth Amendment.

Whether VSU and the Board of Regents breached a written contract with Plaintiff by failing to abide by policies and provisions outlined in the VSU student handbook and the contract for student housing.

Whether all Defendants, in their official capacities, intentionally discriminated against Plaintiff because of his disability and are there in violation of Title II of the Americans With Disabilities Act.

Whether all Defendants, in their official capacities, intentionally discriminated against Plaintiff because of his disability and are therefore in violation of Section 504 of the Rehabilitation Act of 1973.

By Defendants Ronald Zaccari, Valdosta State University, Board Of Regents Of The University System Of Georgia, Laverne Gaskins, Kurt Keppler, Russel Mast, and Victor Morgan:

Whether Valdosta State University is a legal entity capable of suing and being sued?

Whether a written contract exists between Plaintiff and Defendant Valdosta State University?

Whether a written contract exists between Plaintiff and the Board of Regents of the Univ. Sys. Of Georgia?

Whether the State of Georgia has waived sovereign immunity for written contract actions brought in the Courts of the United States?

Whether a private right of action exists for violations of the Constitution of the State of Georgia?

Whether Plaintiff was administratively withdrawn from Valdosta State University because Defendant Zaccari perceived him to be a threat to his safety and the safety and security of the university campus?

Whether Plaintiff has failed to identify any fundamental right which any Defendant allegedly violated?

Whether Plaintiff has failed to identify any life, liberty, or property interest which he was allegedly denied?

Whether Defendants, in their official capacities, are entitled to Eleventh Amendment immunity from suit?

Whether Defendants, in their official capacities, are entitled to sovereign immunity from suit?

Whether Plaintiff can maintain a claim for violation of the Americans with Disabilities Act, or the Rehabilitation Act, against Defendants, Zaccari, Gaskins, Keppler, Mast, McMillan, and Morgan, in either their individual or official capacities?

Whether Plaintiff has a qualifying disability under the Americans with Disabilities Act (ADA) or under the Rehabilitation Act (RA)?

Whether Plaintiff is "otherwise qualified" to attend Valdosta State University?

Whether Defendant, Ronald Zaccari, violated any of Plaintiff's constitutional or statutory rights?

Whether Defendant, Laverne Gaskins, violated any of Plaintiff's constitutional or statutory rights?

Whether Defendant, Kurt Keppler, violated any of Plaintiff's constitutional or statutory rights?

Whether Defendant, Russell Mast, violated any of Plaintiff's constitutional or statutory rights?

Whether each Defendant, in their individual capacity, is entitled to qualified immunity from damages for the alleged violation of Plaintiff's constitutional rights?

By Defendant Leah McMillan:

Qualified immunity, liability, causation, and damages.

(d)  The cases listed below are:

(1)  Pending Related Cases:  There are no pending related cases to report.

(2)  Previously Adjudicated Related Cases:

There are no previously adjudicated related cases to report.

2.     This case is complex because it possesses one (1) or more of the features listed below:

This case is not a complex case.

3.     **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:     Robert Corn-Revere, Lisa B. Zycherman, Cary S. Wiggins,

Irma I. Espino.

Defendant McMillan:     Matthew R. LaVallee

All other Defendants:     Cristina Correia

4.     **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

By Plaintiff:

Plaintiff does not contend that this court lacks jurisdiction over any of his

claims.

By All Defendants:

All Defendants contend this court is without subject matter jurisdiction to

hear Plaintiff's state law claims.  First, with respect to Plaintiff's breach of contract

claim, sovereign immunity is only waived for written contract actions brought in

state court.  *See* O.C.G.A. § 50-21-1(b).  Second, with respect to Plaintiff's claims

pursuant to the Constitution of the State of Georgia, this court lacks jurisdiction

since there is no state provision "equivalent to 42 U.S.C. § 1983," which provides a cause of action for violation of the state constitution.  <u>Howard v. Miller</u>, 222 Ga. App. 868, 872 (Ga. Ct. App. 1996), *cert. denied,* 1997 Ga. Lexis 253 (1997)

**5.    Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

There are no necessary parties who have not been joined to this action.

(b)  The following persons are improperly joined as parties:

There are not improperly joined parties to this action.

(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

The correct spelling of Defendant Leah McMillan's last name is

"McMillan."

(d)  The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary tot his action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)  List separately any amendments to the pleadings which the parties anticipate will be necessary:

The parties do not anticipate any amendments to the pleadings at this time.

**7.      Filing Times For Motions**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)  *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)  *Summary Judgment Motions*: within twenty (20) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)  *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony*:  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to local Rule 7.2F.

**8.      Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

No party objects that initial disclosures are not appropriate.

**9.      Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

No party requests a scheduling conference with the Court.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

This case has been assigned to the four month discovery track.  Discovery is scheduled to close on May 3, 2009.

Please state below the subjects on which discovery may be needed:

By Plaintiff:

The parties anticipate discovery on the following subjects: Plaintiff's speech activities; Defendants' decision to expel Plaintiff from VSU; VSU policies for expelling students; VSU's policies and procedures governing campus security; Defendants' history of restricting student expression; VSU's student handbook and contract for student housing; Plaintiff's disability; Defendants' discrimination against Plaintiff based on disability; Plaintiff's injuries.

By All Defendants:

Defendants anticipate discovery on the following subjects:  Plaintiff's disciplinary history at all universities attended; Plaintiff's employment history; Plaintiff's postings to his facebook account; Plaintiff's communications with any

of Defendants; Plaintiff's communications with any VSU staff; Plaintiff's

academic performance; Plaintiff's behavioral history; Plaintiff's mental health

history; Plaintiff's alleged disability; Plaintiff's alleged injury.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties do not anticipate that additional time beyond that allowed by the

assigned discovery track will be needed to complete discovery or that discovery

should be conducted in phases or limited to particular issues.

## 11.    Discovery Limitation:

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

The parties do not seek changes to the limitations on discovery imposed by

the Federal Rules of Civil Procedure or Local Rules of this Court.

## 12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties plan to seek entry of an order setting forth the parties' agreement

for all electronic discovery protocol.  The parties also plan to execute a HIPPA

waiver, as necessary, for purposes of conducting discovery, and to seek entry of a

related protective order by the court.

**13.    Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on **December 22, 2008**, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):  s/Robert Corn-Revere

Other participants:  Lisa Zycherman, Cary Wiggins, and Irma Espino

For VSU and BOR defendants: Lead counsel (signature):  s/Cristina Correia

For defendant McMillan: Lead counsel (signature):  s/Matthew R. LaVallee

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

A possibility of settlement after discovery.

(c) Counsel do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  At the close of discovery counsel will assess whether additional settlement conferences are warranted.

(d) The following specific problems have created a hindrance to settlement of this case.

 The parties require additional discovery before engaging in additional

settlement negotiations.

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties do not consent to having this case tried before a magistrate judge of this court.

s/Robert Corn-Revere _____
Counsel for Plaintiff

s/Cristina Correia _____
Counsel for BOR and VSU
Defendants


s/Matthew R. LaVallee _____
Counsel for Leah McMillan

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>

I hereby certify that on January 5, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.  I also certify, pursuant to Local Rule 7.1(D), that this motion has been prepared in Times New Roman 14-point font.

<u>*/s/ Robert Corn-Revere*</u>
Robert Corn-Revere
Admitted *Pro Hac Vice*
Attorney for Plaintiff
Davis Wright Tremaine LLP
Suite 200
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com