# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **THOMAS HAYDEN BARNES**, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \*   CASE NO.: 1:08-cv-00077-CAP |
| | \* |
| **RONALD M. ZACCARI**, et al., | \* |
| | \* |
| Defendants. | \* |

## STATE DEFENDANTS' RULE 26 INITIAL DISCLOSURES

Come now, Ronald Zaccari, Valdosta State University, Board of Regents of the University System of Georgia, Laverne Gaskins, Kurt Keppler, Russell Mast, and Victor Morgan, through counsel, the Attorney General for the State of Georgia, and make the following Initial Disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Northern District Local Rules:

1.

If the defendants are improperly identified, state defendants' correct identification and state whether defendants will accept service of an amended

summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE**:  Defendants do not contend that they are improperly identified.

2.

Provide the names of any parties whom Defendants contend are necessary parties to this action, but who have not been named by Plaintiff.  If Defendants contend that there is a question or misjoinder of parties, provide the reasons for defendants' contention.

**RESPONSE**:  At the present time, Defendants do not contend that there are necessary unnamed parties or an issue of misjoinder.

3.

Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by Defendants in the responsive pleading.

**RESPONSE**:  Plaintiff was administratively withdrawn from Valdosta State University on May 7, 2007 because he was perceived to be a threat to both the President's safety and the university campus' safety and security.  By way of example but not limitation, on or about April 20, 2007 Plaintiff posted an image of Defendant Zaccari and references to a "Zaccari Memorial Parking Deck" on his facebook page.  Plaintiff also posted references to the Virginia Tech shooter on his

facebook page. On or about May 2, 2007, Plaintiff inquired of Richard Lee, Assistant Dean of Students, whether or not the possession of an "atlatl" would constitute possession of an "offensive weapon" under the Student Code of Conduct. Plaintiff's erratic behavior, coupled with threatening postings at the time of the Virginia Tech tragedy, led to his administrative withdrawal.

Plaintiff chose not to seek readmission to Valdosta State University sometime prior to July 23, 2007. As early as late May, 2007, Plaintiff advised university officials that he was applying for a transfer to various other state universities.

Plaintiff filed an appeal of his administrative withdrawal to the Board of Regents. The appeal was presented to the Board at its meeting of Aug. 7-8, 2007, at which time the Board referred the matter to the Office of State Administrative Hearings. A hearing was initially scheduled for Nov. 26, 2007. Plaintiff, through counsel, sought and was granted a continuance. Plaintiff requested, through counsel, that "the new hearing date [ ] be set no earlier than January, 2008." On Jan. 17, 2008 the Board of Regents granted Plaintiff's appeal, eliminating the need for any additional hearings.

The Defendants reserve the right to amend and/or supplement their response to this Disclosure as necessary.

4.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative caselaw which Defendants contend are applicable to this action.

**RESPONSE**:

The following is a representative list of statutes and case law that may be applicable to this case:

42 U.S.C. § 1983, 42 U.S.C. § 1988, 42 U.S.C. § 12131 *et seq.*, 29 U.S.C. §794, Amendments I, XI and XIV to the United States Constitution, O.C.G.A. §20-3-51, O.C.G.A. § 50-21-1(b).

Assoc. for Disabled Americans, Inc. v. Florida Int'l Univ., 405 F.3d 954 (11th Cir. 2005);

Bd. of Curators, Univ. of Mo. v. Horowitz, 435 U.S. 78 (1978);

Bd. of Regents of the Univ. Sys. Of Ga. v. Houston, 282 Ga. App. 412 (2006);

Bd. of Regents of the Univ. Sys. Of Ga. v. Tyson, 261 Ga. 368 (1991);

Bd. of Trs. Of the Univ. of Alabama v. Garrett, 531 U.S. 356 (2001);

Berg v. Florida Dep't of Labor and Employment, 163 F.3d 1251 (11th Cir. 1998);

Boim v. Fulton County School District, 494 F.3d 978 (11th Cir. 2007);

Bragdon v. Abbott, 524 U.S. 624 (1988);

Carey v. Piphus, 435 U.S. 247 (1978);

Carr v. Bd. of Regents of the Univ. Sys. Of Ga., 2007 U.S. App. LEXIS 22715 (11th Cir. 2007);

Cash v. Smith, 231 F.3d 1301 (11th Cir. 2000);

City of Boerne v. Flores, 521 U.S. 507 (1997);

Crawford-El v. Britton, 523 U.S. 574 (1998);

Davis v. Standifer, 275 Ga. App. 769 (Ga. Ct. App. 2005);

Draper v. Reynolds, 278 Ga. App. 401 (2006), *cert. denied*, 2006 Ga. Lexis 770 (2006);

Goss v. Lopez, 419 U.S. 565 (1975);

Harlow v. Fitzgerald, 457 U.S. 800 (1982);

Howard v. Miller, 222 Ga. App. 868 (1996), *cert. denied,* 1997 Ga. Lexis 253 (1997);

Kentucky v. Graham, 473 U.S. 159 (1985);

Lassiter v. Alabama A & M Univ., 28 F. 3d 1146 (11th Cir. 1994) (*en banc*);

Lee v. Ferraro, 284 F. 3d 1188 (11th Cir. 2002);

Lucas v. W.W. Grainger, Inc., 257 F.3d 1249 (11th Cir. 2001);

McCafferty v. Medical College of Georgia, 249 Ga. 62 (1982);

McDaniel v. Thomas, 248 Ga. 632 (1981);

McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994) *cert denied*, 513 U.S. 1110 (1995);

Mora v. City of Gaithersburg, 519 F.3d 216 (2008);

Morisky v. Brown County, 80 F.3d 445 (11th Cir. 1996);

Morse v. Frederick, 127 S. Ct. 2618 (2007);

Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977);

Nash v. Auburn University, 812 F.2d 655 (11th Cir. 1987);

Papasan v. Allain, 478 U.S. 265 (1986);

Parrott v. Taylor, 451 U.S. 527 (1981);

Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984);

Plyler v. Doe, 457 U.S. 202 (1982);

Ponce v. Socorro Independent School District, 508 F.3d 765 (5th Cir. 2007);

San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1 (1973);

Saucier v. Katz, 533 U.S. 194 (2001);

Seminole Tribe v. Florida, 517 U.S. 44 (1996);

Shotz v. Cates, 256 F.3d 1077 (11th Cir. 2001);

Southeastern Comm. Coll. v. Davis, 442 U.S. 397 (1979);

Sutton v. United Airlines, 527 U.S. 471 (1999);

Tennessee v. Lane, 124 S. Ct. 1978 (2004);

Tinker v. Des Moines Independent Community School District, 393 U.S. 503 (1969);

Toyota Motor Mfg. v. Williams, 534 U.S. 184 (2002);

Unites States v. Georgia, 546 U.S. 151 (2006);

Will v. Michigan Department of State Police, 491 U.S. 58 (1989);

Wisniewski v. Board of Educ. of the Weedsport Central School Dist., 494 F.3d 34 (2nd Cir. 2007);

Wood v. Ga. State Univ., 251 Ga. 232 (1983);

The Defendants reserve the right to amend and/or supplement their response to this Disclosure as necessary.

5.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A).

**RESPONSE**: SEE ATTACHMENT "A"

6.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts

described in F.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B).

**RESPONSE**:  At the present time, the Defendants have not retained the services of an expert.  The Defendants will amend their response to this Disclosure as necessary.

7.

Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C).

**RESPONSE**:  SEE ATTACHMENT "C"

8.

In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or

8

evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D).

**RESPONSE**: At the present time, the Defendants are not asserting any claim for damages.

9.

If Defendants contend that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE**: At the present time, the Defendants are not aware of any person that could be liable to the Plaintiff. The Defendants will amend their response to this Disclosure as necessary.

10.

Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).

**RESPONSE**:  The Defendants may be covered by the liability insurance administered by the Georgia Department of Administrative Services.  Copies of documents pertaining to said insurance coverage are available for inspection and photocopying at the Department of Administrative Services.

        Respectfully submitted,

        THURBERT E. BAKER    033887
        Attorney General

        KATHLEEN M. PACIOUS    558555
        Deputy Attorney General

        /s/ Devon Orland
        DEVON ORLAND    554301
        Senior Assistant Attorney General

        /s/ Cristina Correia
        CRISTINA CORREIA    188620
        Assistant Attorney General

Please Address All Communications To:
CRISTINA CORREIA
Assistant Attorney General
State of Georgia, Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (404) 463-8850
Facsimile:  (404) 651-5304
Email: ccorreia@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on Jan. 5, 2009, I electronically filed a true and correct copy of the foregoing **DEFENDANTS' INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Matthew R. LaVallee
Daley, Koster & LaVallee, LLC
2849 Paces Ferry Road, Suite 160
Atlanta, GA  30339

Robert Corn-Revere
Lisa Beth Zycherman
Davis Wright Tremaine, LLP
Suite 200
1919 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
bobcornrevere@dwt.com
lisazycherman@dwt.com

Cary Stephen Wiggins
Irma I. Espino
Cook Youngelson & Wiggins
260 Peachtree Street, N.W.
Suite 401
Atlanta, GA  30303
cary@cywlaw.com
irma@cywlaw.com

12

I further certify that I have mailed, by U.S. Postal Service, postage prepaid, the documents to the following non-CM/ECF participants: None

This 5th day of January, 2009.

/S/ CRISTINA CORREIA
CRISTINA CORREIA
Assistant Attorney General