IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, | * |
| Plaintiff, | * |
| -vs- | * |
| | *  Case No. 1:08-cv-00077-CAP |
| RONALD M. ZACCARI, *et al.*, | * |
| Defendants. | * |

**PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)-(D), counsel for Plaintiff Thomas Hayden Barnes makes the following disclosures. These disclosures are made pursuant to Rule 26(a)(1) based on the information currently available to Plaintiff. Pursuant to Rule 26(e)(1), Plaintiff will supplement these disclosures at appropriate intervals as ordered by the Court or as the circumstances require.

**A.  State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

1. This civil action seeks to remedy the harms suffered by Plaintiff due to Defendants' deliberate and unlawful violation of his rights under the U.S. Constitution to free speech and substantive and procedural due process, breach of contract under state law, and violations of the Americans With Disabilities Act and the Rehabilitation Act.

1

2. Plaintiff was expelled from Valdosta State University ("VSU") through the Defendants' joint efforts because he protested the University's plan to build a parking garage on campus. Defendants' action was taken summarily, without notice or any form of hearing or other process as required by basic notions of constitutional due process, as well as established and published University policies. In addition, knowing that Plaintiff had availed himself of counseling services at VSU, Defendant Zaccari repeatedly met with Plaintiff's University counselor Defendant McMillan seeking to find some pretext to justify the expulsion decision. These illegal actions denied Plaintiff his right to free speech and due process, constituted a breach of contract, and constituted violations of the ADA and the Rehabilitation Act. In addition, Defendants' actions caused Plaintiff to suffer substantial mental, emotional, and economic harms.

3. Count 3 - Liability under § 1983: Individual Liability for Free Speech Clause Violation. Plaintiff's speech activities on Facebook and on the VSU campus were protected from infringement by the First Amendment of the U.S. Constitution. Defendants' actions in conspiring to expel Plaintiff from VSU were taken in retaliation for Plaintiff's exercise of his First Amendment freedoms. Defendants' stated reasons for expelling Plaintiff from VSU were pretextual and had no rational basis, as they were wholly contradicted by the views of mental health professionals (communicated to Defendants) that Plaintiff posed no threat to himself or others at any time. Accordingly, Plaintiff alleges that the Defendants

are personally liable in their individual capacities for violating Plaintiff's First Amendment rights.

    4.    Count 4 - Liability under § 1983: Individual Liability for Violating Procedural and Substantive Due Process Rights.  Article I, Section 1, Paragraph 1 of the Georgia Constitution, and the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution guarantee that no person shall be deprived of life, liberty or property without due process of law.  Students at public universities, like Plaintiff, enjoy a protected property interest in their education such that due process must be afforded them prior to the denial of those interests.  At a minimum, this includes notice and an opportunity to be heard.  At no time did Defendants provide Plaintiff with these essential rights, which included a fair and open hearing prior to expelling him from VSU.  Therefore, Plaintiff alleges that the Defendants are personally liable in their individual capacities for violating Plaintiff's rights protected by the Fourteenth Amendment.

    5.    Count 5 - Breach of Contract Claim against the Board of Regents and VSU.  The Board's and VSU's policies and provisions in the VSU student handbook, as well as contracts for student housing, establish a binding agreement between these Defendants and each VSU student.  Incorporated into this agreement is Defendants' obligation to follow the procedures they have established for student discipline and expulsion.  Defendants failed to follow these binding procedures when they summarily expelled Plaintiff from VSU, and therefore their

actions constitute a breach of contract.  Defendants' actions in failing to provide the procedures and rights guaranteed by their own policies have imposed substantial economic harm upon Barnes, who was forced to bear the financial burden of enrolling at another university to continue his studies.

6. Count 6 - Americans With Disabilities Act. Plaintiff sought and received both counseling and accommodation for anxiety and depression during his tenure as a student at VSU.  These challenges substantially limit Plaintiff's life activities, including his educational activities and constitute qualified disabilities pursuant to the Americans With Disabilities Act.  Defendants' cynical and pretextual use of his status subjected Plaintiff to intentional discrimination on the basis of and by reason of his disability, in violation of Title II of the ADA.

7. Count 7 - Rehabilitation Act.  Defendants' actions subjected Plaintiff to intentional discrimination on the basis of and by reason of his disability, in violation of the Rehabilitation Act.

**B.  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

1. Count 3 - Liability under § 1983: Individual Liability for Free Speech Clause Violation.  Plaintiff relies on the First Amendment of the U.S. Constitution, U.S. Const. Amend. I; 42 U.S.C. § 1983; *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 835 (1995); *Healy v. James*, 408 U.S. 169, 180 (1972); *Brandenburg v. Ohio*, 395 U.S. 444, 447-49 (1969) (per curiam); *Tinker v. Des*

*Moines Sch. Dist.*, 393 U.S. 503, 506 (1969); *New York Times v. Sullivan*, 376 U.S. 254, 270 (1964); *Edwards v. South Carolina*, 372 U.S. 229, 235 (1963); *Shelton v. Tucker*, 364 U.S. 479, 487 (1960) *Bridges v. California*, 314 U.S. 252, 270-271 (1941); *Bennett v. Hendrix*, 423 F.3d 1247, 1255 (11th Cir. 2005); *Georgia Ass'n of Educators v. Gwinnett County Sch. Dist.*, 856 F.2d 142, 145 (11th Cir. 1988);

  2. Count 4 - Liability under § 1983: Individual Liability for Violating Procedural and Substantive Due Process Rights.  Plaintiff relies on the Fourteenth Amendment of the U.S. Constitution, U.S. Const. amend. XIV; *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (substantive due process); *Goss v. Lopez*, 419 U.S. 565, 574 (1975) (procedural due process); *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 86-87 (1978); *Davis v. Monroe County Bd. of Educ.*, 120 F.3d 1390, 1402-04 (11th Cir. 1997) (procedural due process), *rev'd & remanded on other grounds*, 526 U.S. 629 (1999); *Greenbriar Village, LLC v. Mountain Brook*, 345 F.3d 1258, 1262 n.3 (11th Cir. 2003) (substantive due process); *Nash v. Auburn Univ.*, 812 F.2d 655, 664 (11th Cir. 1987); *Dixon v. Alabama State Bd. of Ed.*, 294 F.2d 150, 159 (5th Cir. 1961); and the case citations set forth in subsection B(2), *supra*.

  3. Count 5 - Breach of Contract Claim against the Board of Regents and VSU.  Plaintiff relies on OCGA § 50-21-1(a); *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003); *Corso v. Creighton Univ.*, 731 F.2d 529, 531 (8th Cir. 1984); *Raethz v. Aurora Univ.*, 805 N.E. 2d 696, 699 (Ill. App. 2d Dist. 2004);

*Boehm v. Univ. of Pa. Sch. of Veterinary Med.*, 573 A.2d 575, 579 (Pa. Super. Ct. 1990).

  4. Count 6 - Americans With Disabilities Act.  Plaintiff relies on the Americans With Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*; 29 U.S.C. § 794(b) (attorneys' fees); 42 U.S.C. 12205 (attorneys' fees); *Ass'n for Disabled Americans, Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 959 (11th Cir. 2005); *Rossbach v. City of Miami*, 371 F.3d 1354, 1356-57 (11th Cir. 2004).

  5. Count 7 - Rehabilitation Act.  Plaintiff relies on the Rehabilitation Act of 1973, 29 U.S.C. § 794; 29 U.S.C. § 794(b) (attorneys' fees); *Ass'n for Disabled Americans, Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 959 (11th Cir. 2005); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001).

  **C.** **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Plaintiff's witness list is attached hereto as Attachment A.  In addition to the witnesses identified in Attachment A, Plaintiff reserves the right to call any of the defendants and any witnesses identified by defendants.

  **D.** **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying all provisions of that rule.**

Plaintiff attaches an expert witness list hereto as Attachment B.

**E.     Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Plaintiff has the following categories of documents that he may use to support his claims in this matter:

1.    Correspondence, documents, emails, and memoranda relating to Plaintiff's tenure at, and expulsion from, VSU.

2.    Documents relating to plaintiff's employment while enrolled at VSU.

3.    Documents relating to direct damages Plaintiff has incurred as a result of Defendant's breach of contract and constitutional violations, including moving and increased apartment lease expenses, lost income and counseling expenses.

4.    Correspondence, documents, emails, and memoranda, to the extent not privileged, regarding plaintiff's character and mental and emotional state at the time of the expulsion and afterwards.

**F.     Provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.**

1.    Plaintiff seeks $1,000,000 in compensatory damages for emotional pain and suffering and for the adverse impact on his medical condition as a result

of the violation of his First Amendment rights, his rights to procedural and substantive due process, Title II of the Americans with Disabilities Act, and the Rehabilitation Act.

  2. Plaintiff seeks $30,000 in monetary damages for Defendants' constitutional violations and for breach of contract.  These damages reflect the substantial economic harm suffered by Plaintiff due to Defendants' actions in failing to provide him with the procedures and rights guaranteed by their own policies.

  3. Plaintiff seeks $1,000,000 in punitive damages for the willful and malicious nature of the various violations.

  4. Plaintiff has the following categories of documents that he may use to support his claims in this matter:

    (i) Correspondence, documents, emails, and memoranda, to the extent not privileged, regarding plaintiff's character and mental and emotional state at the time of the expulsion and afterwards.

    (ii) Documents relating to direct damages Plaintiff has incurred as a result of Defendant's breach of contract and constitutional violations, including moving and increased apartment lease expenses, lost income and counseling expenses.

(iii) Document including correspondence, emails, and memoranda, which demonstrate a repeated and persistent disregard of students' constitutional rights by the defendants.

**G. Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff is unaware of any insurance agreements that would qualify.

**H. Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

Plaintiff is unaware of any subrogation interests that would qualify.

Respectfully submitted this 5th day of January, 2009.

*/s/ Robert Corn-Revere*
Robert Corn-Revere
Lisa B. Zycherman
Admitted *Pro Hac Vice*
Attorneys for Plaintiff
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W., Ste. 200
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com

>*/s/ Cary Stephen Wiggins*
>Cary Stephen Wiggins
>Georgia Bar No. 757657
>Irma Espino
>Georgia Bar No. 558220
>Attorneys for Plaintiff
>Cook Youngelson & Wiggins
>260 Peachtree Street, NW
>Suite 401
>Atlanta, GA 30303
>404-659-2880
>Email: cary@cywlaw.com

## **CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify that on January 5, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. I also certify, pursuant to Local Rule 7.1(D), that this motion has been prepared in Times New Roman 14-point font.

>*/s/ Robert Corn-Revere*
Robert Corn-Revere
Admitted *Pro Hac Vice*
Attorney for Plaintiff
Davis Wright Tremaine LLP
Suite 200
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com