IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | |
| | * | Case No. 1:08-cv-00077-CAP |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## PLAINTIFF THOMAS HAYDEN BARNES' MOTION TO COMPEL AND REQUEST FOR SANCTIONS

Pursuant to Rule 37 (a)(2) of the Federal Rules of Civil Procedure and Local Rule 37.1, Plaintiff Thomas Hayden Barnes, by undersigned counsel, respectfully moves the Court to grant an order compelling Defendants Ronald M. Zaccari, Valdosta State University, Board of Regents of the University System of Georgia, Kurt Keppler and Russ Mast to respond to Plaintiff's First Interrogatories and Request for Production of Documents. Plaintiff also requests that, pursuant to Rule 37(d)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Court order sanctions against the Defendants due to their failure to serve answers, objections or written responses to Plaintiff's requests. As more fully set forth in the accompanying memorandum, Plaintiff requests an order compelling each of the above-named Defendants to respond to Plaintiff's First Request for Interrogatories

and Production of Documents and sanctioning Defendants and Defense counsel for their unwillingness to engage in the discovery with Plaintiff.

Pursuant to Fed. R. Civ. P. 37(a)(1), Fed. R. Civ. P. 37(d)(1)(B) and Local Rule 37.1(A)(1), Plaintiff's counsel conferred with counsel for Defendants prior to filing this Motion, but after repeated assurances that Defendants' responses were forthcoming and several extensions of time for the Defendants to respond, Plaintiff requests the Court sanction Defendants and compel them to respond.

Dated this 8th day of May, 2009.

Respectfully submitted,

**/s/ Robert Corn-Revere**
Robert Corn-Revere
Christopher A. Fedeli
Lisa B. Zycherman
Admitted *Pro Hac Vice*
Attorneys for Plaintiff
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com

**/s/ Cary Stephen Wiggins**
Cary Stephen Wiggins
Georgia Bar No. 757657
Irma Espino
Georgia Bar No. 558220
Attorneys for Plaintiff
Cook Youngelson & Wiggins
260 Peachtree Street, NW, Suite 401
Atlanta, GA 30303
404-659-2880
Email: cary@cywlaw.com

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | |
| | * | Case No. 1:08-cv-00077-CAP |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## <u>PLAINTIFF THOMAS HAYDEN BARNES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL AND REQUEST FOR SANCTIONS</u>

Plaintiff Thomas Hayden Barnes hereby submits this Memorandum of Points and Authorities in support of his Motion to Compel and Request for Sanctions against Defendants Ronald M. Zaccari, Valdosta State University, Board of Regents of the University System of Georgia, Kurt Keppler and Russ Mast for their failure to respond to Plaintiff's First Interrogatories and Request for Production.

## <u>BACKGROUND</u>

Plaintiff seeks compensatory and punitive damages against Defendants for violating his rights protected by substantive and procedural due process, the First Amendment, the Americans with Disabilities Act and the Rehabilitation Act. *See*

Compl. ¶ 111(a). Plaintiff alleges that Defendants violated Plaintiff's rights when they "summarily expelled student T. Hayden Barnes on the pretextual claim that Barnes represented a "clear and present danger" to the campus." Compl. ¶ 1. On January 9, 2008, Plaintiff filed his Complaint against Ronald M. Zaccari, Leah McMillan, Laverne Gaskins, Russ Mast, Kurt Keppler, Victor Morgan, Valdosta State University and the Board of Regents of the University System of Georgia, seeking compensatory and punitive damages against Defendants. On April 1, 2008, Defendants filed a Motion to Dismiss the claims against the Defendants. On November 19, 2008, the Court denied the motion to dismiss with respect to most of the claims set forth in the Complaint.

Plaintiff Thomas Hayden Barnes served his First Interrogatories and Request for Production of Documents to Defendants Ronald M. Zaccari, Russ Mast, Kurt Keppler, Valdosta State University and the Board of Regents of the University System of Georgia on February 3 and 4, 2009. Defendants' responses were initially due on March 9, 2009. In early March, shortly before the discovery responses were due, counsel for Defendants Laverne Gaskins, Russ Mast, Ronald M. Zaccari, Kurt Keppler, Valdosta State University and the Board of Regents for the University System of Georgia notified counsel for Plaintiff that they would be withdrawing from the case due to a recently discovered conflict. To facilitate the transition to new counsel, on March 5, 2009, counsel for Plaintiff, Robert Corn-Revere, agreed to a 30-day extension of the time for the Defendants to respond to

Plaintiff's First Interrogatories and Request for Production of Documents, making the new response date April 9, 2009. *See* March 5, 2009 Email from Robert Corn-Revere to Cristina Correia, attached hereto as Exhibit 1. In early April, upon Defendants' request, Plaintiff's counsel informally agreed to a further extension of time until the week of April 13th. On April 14, 2009, Plaintiff's counsel Chris Fedeli spoke to Defendants' counsel David Will regarding discovery responses. Will assured Fedeli that the responses would be sent to Fedeli by the end of the week. Fedeli followed up that conversation with an email to Will on April 17, 2009, inquiring about the status of Defendants' discovery responses. *See* April 17, 2009 Email from Chris Fedeli to David Will, attached hereto as Exhibit 2. In the weeks since then, Plaintiff's counsel has called and left multiple messages for Will regarding the status of Defendants' discovery responses. Will has not responded to any of Plaintiff's messages and has declined to return phone calls. On May 1, 2009, Robert Corn-Revere sent a letter to Will inquiring about the VSU Defendants' lack of response to Plaintiff's discovery requests. *See* May 1 Letter to Will ("Will Letter") at Exhibit 3. As of today, May 8th, Plaintiff has received no response from Defendants' counsel.

In sum, Defendants have taken advantage of Plaintiff's counsel's willingness to work with and accommodate the Defendants' transition to new counsel. Over three months have passed since Plaintiff first mailed his discovery requests to Defendants, and Plaintiff is no closer to receiving a response to his interrogatories

and request for production than he was three months ago. This unexcused disregard of the Court's rules governing discovery calls for sanctions. Thomas Hayden Barnes now moves this Court to issue an order compelling Defendants Ronald M. Zaccari, Valdosta State University, Kurt Keppler, Russ Mast and the Board of Regents for the University System of Georgia for their failure to respond to Plaintiff's First Set of Interrogatories and Request for Production. Plaintiff also moves that this Court sanction the Defendants for their lack of response.

## ARGUMENT

I.   **DEFENDANTS SHOULD BE COMPELLED TO PRODUCE DOCUMENTS AND ANSWER INTERROGATORIES SERVED UPON THEM BY PLAINTIFF IN HIS DISCOVERY REQUESTS**

It is black letter law that, in response to its adversary's interrogatories and document requests, a party is obligated to respond, disclose and produce all requested information reasonably likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1), 33(b)(1) and 34(b)(2)(A). In its response, a party may object to the discovery response, but at a very minimum, a party is obligated to respond. Fed. R. Civ. P. 33(b) and 34(b)(2).

As set forth in the section above, Defendants have simply failed to respond to Plaintiff's repeated requests and inquiries concerning its discovery requests. Defendants have asked for repeated extensions of the discovery deadline, and Plaintiff's counsel has granted each extension. Despite Plaintiff's willingness to accommodate Defendants, the Defendants have failed to produce a single

discovery objection or response to Plaintiff's discovery requests. Finally, on May 1st, after repeated requests for Defendants to produce the requested discovery material, Plaintiff's counsel mailed a letter to the Defendants' counsel, promising to bring the Defendants' lack of response to the attention of this Court. *See Will Letter* at Exhibit 3. In the week and a half since the letter was sent Will has yet to respond.

The Court should compel Defendants to respond to Plaintiff's discovery requests. Rules 34 and 37 of the Federal Rules of Civil Procedure and Local Rule 37.1 govern the failure of a party to respond to discovery. Rules 37(a)(3)(B)(iii) and (iv) allow a party seeking discovery to move for an order compelling a discovery response. Defendants should be directed to provide responses to Plaintiff's First Interrogatories and Requests for Production. [1]

## II.    THE COURT SHOULD SANCTION THE DEFENDANTS FOR THEIR REFUSAL TO COMPLY WITH PLAINTIFF'S DISCOVERY REQUESTS

Throughout the course of discovery in this case, Defendants have been unwilling to comply with Plaintiff's requests for discovery. As a result, Plaintiff has had to take steps to force Defendants to comply with the Court's rules, incurring additional litigation costs that would have been unnecessary if

---

[1] On May 1, 2009, the Court issued an order extending the discovery deadline 90 days until August 1, 2009. *See* May 1, 2009 Consent Order on "Consent Motion to Extend Discovery". Given that the Court has stated that it will grant no further extensions, Defendants' dilatory tactics must end so that parties may complete discovery by the new August 1, 2009 deadline.

Defendants had merely complied with the rules. Rule 37(d)(1)(A)(ii) of the Federal Rules of Civil Procedure allows the Court to order sanctions on a party that fails to serve its answers, objections or written responses. A court must impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery. *Id. See Carlucci v. Piper Aircraft Corp., Inc*., 775 F.2d 1440, 1446 (11th Cir. 1985) ("all federal courts have the power, by statute, by rule, and by common law, to impose sanctions against recalcitrant lawyers and parties litigant"); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) ("Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process").

Defendants should be directed to provide responses to Plaintiff's First Set of Interrogatories and Requests for Productions immediately, and the Defendants and Defense counsel should be ordered to pay attorneys fees and costs incurred by Plaintiff's counsel in preparing this motion. *Malautea v. Suzuki Motor Co., Ltd*., 987 F.2d 1536, 1545 (11th Cir. 1993) (fines and payment of opponents' attorneys fees are appropriate sanctions under Rule 37).

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests the Court grant his motion and enter an order compelling Defendants Ronald M. Zaccari, Valdosta State University, Georgia Board of Regents, Kurt Keppler and Russ Mast to fully

6

comply with the Interrogatories and Request for Production served upon them by

Plaintiff.   Plaintiff also requests that the Court sanction Defendants and their

counsel by requiring them to pay attorneys fees incurred by Plaintiff in this matter.

Dated this 8th day of May, 2009.

Respectfully submitted,

*/s/ Robert Corn-Revere*
Robert Corn-Revere
Christopher A. Fedeli
Lisa B. Zycherman
Admitted *Pro Hac Vice*
Attorneys for Plaintiff
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com

*/s/ Cary Stephen Wiggins*
Cary Stephen Wiggins
Georgia Bar No. 757657
Irma Espino
Georgia Bar No. 558220
Attorneys for Plaintiff
Cook Youngelson & Wiggins
260 Peachtree Street, NW, Suite 401
Atlanta, GA 30303
404-659-2880
Email: cary@cywlaw.com

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on May 8, 2009, I served the foregoing to all counsel of record. I also certify, pursuant to Local Rule 7.1(D), that this document has been prepared in Times New Roman 14-point font.

<div style="margin-left: 40%;">

*/s/ Robert Corn-Revere*
Robert Corn-Revere
Admitted *Pro Hac Vice*
Attorney for Plaintiff
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com

</div>

# EXHIBIT 1

**From:** Corn-Revere, Bob
**Sent:** Thursday, March 05, 2009 11:06 AM
**To:** 'Cristina Correia'
**Cc:** Zycherman, Lisa; Fedeli, Chris; Reid, Erin; 'Cary S. Wiggins (cary@cywlaw.com)'
**Subject:** RE: Barnes Discovery

Cristina--

Thank you for following up. I hereby confirm that we have consented to a 30-day extension of discovery in light of the fact that you will be withdrawing as counsel for the VSU defendants. However, just to clarify our conversation yesterday, it was my understanding that we agreed to put all discovery on hold for 30 days to accommodate the transition to new counsel. This would include a delay in any further responses to discovery requests by the Plaintiff. My consent was based on the understanding that the delay would be reciprocal. Assuming we have agreement on that point, we may proceed as you propose. We also agreed that this delay may necessitate an extension of the end-date for discovery, although I understand that resolution of that question will need to be addressed by replacement counsel.

With that in mind, I have several questions. First, I assume that this issue will not alter Matthew LaValle's representation of Leah McMillan. Is that assumption correct? Second, with the motion to withdraw be limited to you personally, or will it apply generally to the Office of the Attorney General? I had assumed that it necessarily would apply to the office, but please correct me if I am wrong. Third, which, or how many, of the defendants will now be separately represented? Might this not also affect the timing? And finally, will this development have any effect on your pending motion to compel discovery?

Thanks, and please let me know if you have any questions.

Sincerely,

Bob Corn-Revere

---

**From:** Cristina Correia [mailto:ccorreia@law.ga.gov]
**Sent:** Thursday, March 05, 2009 10:44 AM
**To:** Corn-Revere, Bob
**Subject:** Barnes Discovery

Bob,

I am writing to confirm that you have agreed to a thirty (30) day extension of time for each of the following discovery requests: 1) Plaintiff's first interrogatories and request to produce to VSU; 2) Plaintiff's first interrogatories and request to produce to BOR; 3) Plaintiff's first interrogatories and request to produce to Ronald Zaccari; 4) Plaintiff's first interrogatories and request to produce to Laverne Gaskins; 5) Plaintiff's first interrogatories and request to produce to Kurt Keppler; and 6) Plaintiff's first interrogatories and request to produce to Russ Mast.

It is my understanding that responses to the above discovery requests are now due on April 8, 2009. Please let me know immediately if this is not your understanding.

Regards,

Cristina Correia
Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
404-463-8850
fax 404-651-5304
ccorreia@law.ga.gov

*This message is intended only for the individual or entity to which it is addressed. This communication may contain*

*information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.*

# EXHIBIT 2

**From:** Fedeli, Chris
**Sent:** Friday, April 17, 2009 2:11 PM
**To:** 'dwill@royallaw.net'
**Subject:** Barnes v. Zaccari

David,

I hope your week is going OK.

I did want check on status with you briefly about your discovery responses and your planned email to the attorney group to initiate coordination on discovery extension. I know you and I spoke and agreed to this week for both, and that there are still four hours left in this week, so I hope you won't think I am jumping the gun with this email. But, Bob and I are interested in ensuring matters proceed in a timely way on this case going forward, and we would like to know that these items remain a priority for you.

Chris

**Chris Fedeli** | Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 200 | Washington, DC 20006
Tel: (202) 973-4274 | Fax: (202) 973-4474
Email: chrisfedeli@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

5/8/2009

# EXHIBIT 3



Suite 200
1919 Pennsylvania Avenue NW
Washington, DC  20006-3402

**Robert Corn-Revere**
202.973.4225 tel
202.973.4499 fax

bobcornrevere@dwt.com

May 1, 2009

**VIA EMAIL**

David C. Will
Royal Washburn Will
4799 Sugarloaf Parkway, Building J
Lawrenceville, Georgia 30044
(770) 814-8022

      **Re:  Thomas Barnes v. Ronald Zaccari et al.; CAFN: 1:08-CV-00077-CAP**

Dear David,

      Now that it appears all counsel have reached consensus on extending the discovery deadline, I wanted to contact you about certain matters that I hope we can resolve quickly.

**Consent Protective Order and Document Preservation Order**

      On April 20, Chris Fedeli from my office circulated a draft order regarding preservation of documents for electronic discovery in the case and a draft protective order.  These orders should not be controversial, and should help to ameliorate concerns expressed by some counsel in the case regarding the production of sensitive information.  In light of such concerns, we initiated discussions regarding a protective order with former counsel for the VSU defendants in 2008, but given the changes in defense team, this fell through the cracks.  We should work quickly to reach agreement on these orders, particularly given the materials already provided in discovery and the reservations expressed by some that have limited some of the discovery responses.

**VSU Defendants' Responses to Discovery Requests**

      As you know, your clients' responses to our discovery requests were due in early March, a deadline I agreed to extend for you to early April, and then agreed again to extend upon your request to the week of April 13.  Now, a full two weeks later, I still have not received your responses or received contact from you concerning why no responses are forthcoming, despite my inquires.  I feel that I have been very generous with you on this issue, and although I am always reluctant to escalate such matters, I believe we will have little choice other than to bring your unexcused delay to the Court's attention should I not receive your responses next week.

Mr. David Will
May 1, 2009
Page 2


**Scheduling Depositions**

    I understand you have expressed an interest in scheduling a series of depositions in Valdosta, Georgia to include multiple witnesses. Although I am amenable to scheduling certain depositions together in order to minimize travel time for all counsel, we can not reasonably begin to consider scheduling depositions of your clients until we have received full and complete responses to our discovery requests.

    David, while I appreciate your taking the lead in getting the parties to agree to a discovery extension and your coordinating with Chris while I was on vacation, I am at a loss to understand why I have not heard from you concerning your clients' discovery responses during the past two weeks. I sincerely hope we can proceed amicably on discovery matters going forward. I look forward to hearing from you.

                Sincerely,

                ***s/ Bob Corn-Revere***

                Robert Corn-Revere


cc:    Cary S. Wiggins
       Chris Fedeli
       Irma Espino
       Erin Reid