# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No.: |
| | ) | 1:08-CV-0077-CAP |
| RONALD M. ZACCARI, individually and | ) | |
| in his official capacity as President of | ) | |
| Valdosta State University; VALDOSTA | ) | |
| STATE UNIVERSITY; BOARD OF | ) | |
| REGENTS OF THE UNIVERSITY | ) | |
| SYSTEM OF GEORGIA; LAVERNE | ) | |
| GASKINS, individually and in her official | ) | |
| capacity as in-house counsel at Valdosta | ) | |
| State University; KURT KEPPLER, | ) | |
| individually and in his official capacity as | ) | |
| Vice President for Student Affairs at | ) | |
| Valdosta State University; RUSS MAST, | ) | |
| individually and in his official capacity as | ) | |
| Dean of Students at Valdosta State | ) | |
| University; LEAH McMILLAN, | ) | |
| individually and in her official capacity as | ) | |
| a counselor at Valdosta State University; | ) | |
| VICTOR MORGAN, individually and in | ) | |
| his official capacity as Director of the | ) | |
| Valdosta State University Counseling | ) | |
| Center, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OBJECTION TO ATTORNEY FEES AND EXPENSES RELATED TO PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS (DOCUMENT 147)

COME NOW DEFENDANTS RONALD M. ZACCARI, individually and in his official capacity as President of Valdosta State University; VALDOSTA STATE UNIVERSITY; BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA; KURT KEPPLER, individually and in his official capacity as Vice President for Student Affairs at Valdosta State University; RUSS MAST, individually and in his official capacity as Dean of Students at Valdosta State University; and VICTOR MORGAN, individually and in his official capacity as Director of the Valdosta State University Counseling Center; by and through their attorneys of record, and file this objection to the attorney fees and expenses sought in Document 147 filed with the Court.

### FACTS

The Court ordered "attorney fees and expenses related to the *filing of the motion to compel*. Counsel for the plaintiff is DIRECTED to submit an affidavit setting forth the amount of fees and expenses related to the *filing of this motion*." Document 87 (emphasis added). Plaintiff's Counsel show that their "pro forma

statements list the *date service was rendered . . . .*"  Document 147-2 at 4 (emphasis added).

<u>OBJECTION #1</u>

Plaintiff's billing shows that work began on the filing of the "motion to compel" with an entry by "R. Corn-Revere" on "05/06/09." Document 147-3 at 22. Prior to this entry on 05/06/09, entries on "04/20/09," "04/24/09," 04/27/09," and "05/01/09," although they may contain information Plaintiff may have included as background in his Motion to Compel, are billings that would have occurred even if Plaintiff had not filed his Motion to Compel. <u>See</u> Document 147-3 at 22 <u>and</u> Document 78 at 3. Specifically, the letter written on 05/01/09 contains matters completely unrelated to Plaintiff's Motion to Compel. Document 78, Exhibit 3. The billing on 04/24/09 also contains research relating to "privilege questions." Document 147-3 at 22. Defendants have never withheld any documents, information, or other discovery utilizing the defense of privilege. As such, privilege research is unrelated to the Motion to Compel, and not surprisingly, it is not mentioned at all in that motion. <u>See</u> Document 78.

In addition to the Davis Wright Tremaine billing records, the Wiggins Law Group has similar billing records on "4/17/2009" and "4/20/2009," which occur before any work related to research on the Motion to Compel began.

3

As such, Defendants object to all of these entries.

<u>OBJECTION #2</u>

Plaintiff's Motion to Compel was filed with the Court and served on 05/08/09. Document 78. However, Plaintiff's Counsel have submitted billings for service dates *after* the motion was filed. Specifically, there are entries on "05/11/09," "05/20/09," and "05/29/09." Document 147-3 at 23. Similarly, the Wiggins Law Group has entries occurring after the Motion to Compel was filed. Entries have been submitted for "6/1/2009" and "6/2/2009." Accordingly, Defendants object to all of these entries.

<u>OBJECTION #3</u>

Plaintiff's Counsel have over-researched the law relating to the motion to compel. Plaintiff have five (5) attorneys working on research relating to one procedural aspect in this large and complicated case. When only counting the eligible dates, as described above in Objections #1 and #2, between 05/06/09 and 05/08/09, these five attorneys have together racked up 8.95 hours of work in three (3) days. Of these 8.95 eligible hours 6.5 hours were titled "research." Document 147-3 at 22-23. Defendants are overwhelmed that five (5) attorneys would need that much research to draft a motion to compel. Furthermore Plaintiff has local counsel, who could have been utilized for any unfamiliar local law.

4

"If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' "  <u>American Civil Liberties Union of Georgia v. Barnes</u>, 168 F.3d 423, 428 (11th Cir. 1999).  The Eleventh Circuit has emphasized the importance of the fee applicant's burden in showing that there is not substantial duplication of effort.  <u>Id</u> at 432.  The Eleventh Circuit urges that where multiple attorneys represent one client, the burden of showing efficiency and division of labor among the attorneys for their work in drafting briefs is on the fee applicant.  <u>Id</u>.  Where the fee applicant's billing records lack notation of a "distinct contribution each attorney made to the task," the fee applicant has not met his burden.  <u>Id</u> at 433, 435.  The Court may exercise its discretion and apply its own expertise in fee determination to resolve the issue of how many hours should be excluded as excessive for this task.  <u>Id</u> at 432.

Defendants object to the excessive billing on such a simple procedural aspect of this case and show that the duplicative and non-distinct contributions from multiple attorneys require that the hours should be cut in half.  Defendants show that the work done for one, simple motion to compel, could have been completed by one (1) associate attorney in less than six (6) hours.

OBJECTION #4

Plaintiff's Counsel have billed at rates that exceed the rates typically charged by attorneys of their competence level in the Atlanta area. "The current billing rates for the attorneys and legal professional included in this instant fee petition are as follows:   Robert Corn-Revere ($550); Christopher Fedeli ($390); Erin Reid ($250); Cary Wiggins ($250); and Irma Espino ($125)." Document 147-2 at 5. Counsel Corn-Revere (barred in 1983) and Fedeli (barred in 1996) have charged a significantly higher hourly rate than Local Counsel Wiggins (barred in 1997). By approving Wiggins' rate as a Plaintiff's local counsel, Plaintiff shows that Wiggins has charged the appropriate rate for the Atlanta area.   Counsel Reid (barred in 2007) has charged a significantly higher rate than Local Counsel Espino (barred in 2007).

The Defendants object to the beltway fees charged by Plaintiff's counsel. They are outrageous, excessive, and cannot form the basis of recovery of attorney fees in this district.

"The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.' "  American Civil Liberties Union of Georgia at 437 (citing Cullens v. Georgia Dep't. of Transp., 29 F3d 1489, 1492 (11th Cir. 1994)).  "If a fee applicant

6

desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." Id (citation omitted). Plaintiff's cannot make this argument as Local Counsel Wiggins and Espino are available, among other attorneys, for representation of claims similar to the Plaintiff's. See Document 147-3 at 2-11; cf Document 147-3 at 15-25. Accordingly, Defendants object to the rates charged by Counsel Corn-Revere, Fedeli, and Reid. Corn-Revere and Fedeli should be paid under the Court's order at the rate charged by Counsel Wiggins; and Counsel Reid should paid under the Court's order at the rate charged by Counsel Espino.

CONCLUSION

A simple procedural motion, such as this motion to compel, does not utilize any special expertise, it could have been completed in less than six (6) hours by an associate local counsel. Therefore, Plaintiff is only entitled to seven-hundred fifty dollars ($750.00) in attorney fees.

WHEREFORE, Defendants pray that the Court enter an order specifying that the attorneys fees required to be paid in light of the Court's Order (Document 87), and in light of Plaintiff's Notice of Filing of Evidence of Fees and Expenses Related to Plaintiff's Motion to Compel and Request for Sanctions (Document 147) is capped at seven-hundred fifty dollars ($750.00).

Respectfully submitted, this, the __10th__ day of September, 2009.

**HOLLY HANCE**, Ga. Bar No. 153092

Attorneys for Defendant
ROYAL WASHBURN WILL
4799 Sugarloaf Pkwy, Bldg J
Lawrenceville, GA 30043
770-814-8022

## CERTIFICATE OF SERVICE

This is to certify that I have, this 10th day of September, 2009, served a true and correct copy of the within and foregoing DEFENDANTS' OBJECTION TO ATTORNEY FEES AND EXPENSES RELATED TO PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS (DOCUMENT 147) upon all parties and/or counsel of record by e-filing the same, which will automatically serve the following parties electronically:

**Robert Corn-Revere**

**Christopher A. Fedeli**

**Lisa Beth Zycherman**

Davis Wright Tremaine, LLP

Suite 200

1919 Pennsylvania Avenue, N.W.

Washington, DC 20006

**Irma I. Espino**

**Cary Stephen Wiggins**

Cook Youngelson & Wiggins

9

260 Peachtree Street, NW

Suite 401

Atlanta, GA 30303


**Matthew R. LaVallee**

**Paul Robert Koster**

Daley, Koster & LaVallee, LLC

2849 Paces Ferry Road

Suite 160

Atlanta, GA 30339


HOLLY HANCE
Georgia Bar No. 153092


**ROYAL WASHBURN WILL**
4799 Sugarloaf Pkwy, Bldg J
Lawrenceville, GA 30043
Phone:  770-814-8022
Fax:  770-814-8360