UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS HAYDEN BARNES,

      Plaintiff,

    v.

RONALD M. ZACCARI,
individually and in his
official capacity as President
of Valdosta State University;
et al.,

      Defendants.

CIVIL ACTION
NO. 1:08-CV-0077-CAP

**O R D E R**

On January 13, 2009, the court held a telephone conference with the parties in the above-styled case to discuss the protective order [Doc. No. 95] and the excessive volume of documents and exhibits being filed under seal.  In summary, the parties agreed that a vast majority of items currently on the court's docket were unnecessarily filed under seal.  In fact, the plaintiff admitted that only 5% of the documents currently filed under seal need to remain under seal.  At the conclusion of the conference, the parties agreed to withdraw all pending motions [Doc. Nos. 164, 167, 177, and 179] that were filed under seal and then await further guidance from the court regarding how to proceed in the future with filing documents under seal in this matter.  However, after conferring with the Clerk of the Court, the court now DIRECTS the parties not to withdraw their pending motions [Doc. Nos. 164, 167,

177, and 179] and instead, comply with the court's guidance provided below.

After reviewing a majority of the documents currently filed under seal in this case, the court's main focus moving forward is to refine and limit the broad scope of the term "Confidential" as defined by the protective order [Doc. No. 95]. As discussed during the telephone conference, the plaintiff is the primary party seeking to have documents sealed in this case. Therefore, instead of having all of the parties bring their redacted motions, briefs, and sealed exhibits to the court's chambers for review, the court will have the plaintiff identify the "confidential" material (the 5%) that he contends needs to be filed in a redacted format or under the seal. Specifically, the court DIRECTS the plaintiff to file a 3-part brief with the court within 14 days of the date of this order. In Part I of the brief, the plaintiff will provide specific legal authority in support of its position that this court is obligated to file information regarding the plaintiff's medical records and treatment documentation in a redacted format or under seal in this case.[1] In Part II of the brief, the plaintiff will

---

[1] During the telephone conference, the plaintiff's counsel mentioned the Health Insurance Portability and Accountability Act ("HIPAA") in support of sealing documents in this case. However, preliminary research by the court indicated that HIPAA is only applicable to healthcare providers and insurance companies, and does not create privacy rights in favor of a patient with regard to

(a) precisely identify exhibits to motions/briefs [Doc. Nos. 164, 167, 177, 179, and 194], and (b) cite specific legal authority that mandates the court to seal those exhibits or provide an explanation as to why the court should exercise its discretion to keep the exhibits under seal.[2]  Finally, in Part III of the brief, the plaintiff will (a) precisely identify specific portions of the motions/briefs [Doc. Nos. 164, 167, 177, 179, and 194], currently filed under seal, and (b) cite specific legal authority that mandates the court to redact those portions or provide an explanation as to why the court should exercise its discretion to redact those portions.[3]  After receipt of the plaintiff's brief,

---

court records.  The only privacy right that this court is aware of is contained in its Standing Order 04-02, which provides a right to redact pleadings that contain (a) social security numbers, (b) name of minor children, (c) dates of birth, (d) financial account numbers, and (e) home addresses [Standing Order No. 04-02].

[2] As an example, if the plaintiff contends that Exhibit X to the defendant's motion for summary judgment [Doc. No. XXX] should be filed under seal, then the plaintiff will specifically identify for the court that exhibit by docket number and then thoroughly explain either why legal authority requires sealing or, alternatively, why the court should exercise discretion to seal the exhibit.

[3] Similar to the manner in which the plaintiff will identify exhibits for sealing, if the plaintiff contends that Lines X-XX of Page X of the defendant's brief in support of the motion for summary judgment [Doc. No. XXX] should be redacted, then the plaintiff will specifically identify for the court that portion of the brief and then thoroughly explain either why legal authority requires redacting or, alternatively, why the court should exercise discretion to redact the document.

the court will consider the plaintiff's arguments and list of proposed "Confidential" material and then issue an order that instructs the parties on how this case will proceed in regards to sealed documents.

The court notes that all deadlines pertaining to motions [Doc. Nos. 164, 167, 177, and 179] now under seal remain suspended. However, deadlines as to Gaskin's motion for summary judgment [Doc. No. 174], which is not under seal, are as follows: response briefs are due January 19, 2010 and reply brief will be due 14 days later.

SO ORDERED, this 14th day of January, 2010.


/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge