IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, | * |
| | * |
| Plaintiff, | * |
| | * |
| -vs- | * |
| | *   Case No. 1:08-cv-00077-CAP |
| RONALD M. ZACCARI, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

**STATEMENT OF DISPUTED ISSUES OF MATERIAL FACT**

Pursuant to Local Rule 56.1(B)(2)(a), Plaintiff Thomas Hayden Barnes ("Barnes") hereby submits this Statement of Disputed Material Facts in connection with his opposition to Defendant Laverne Gaskins' Motion for Summary Judgment.

Plaintiff submits that there are generally few, if any, disputed facts in this matter. Instead, the dispute arises from differing inferences drawn by the parties and their legal implications. Accordingly, this statement identifies particular paragraphs in Gaskins' Statements of Undisputed Facts that fail to set forth genuine issues of material fact, but instead provide conclusory statements or immaterial facts. *See* LR 56.1(B)(2)(a)(2)(iii). Whether or not a fact is material is

guided by the substantive evidentiary standards that apply to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-256 (1986).

Based on the applicable standards, Plaintiff responds to Defendant Laverne Gaskins' Statement of Undisputed Material Facts as follows:

14. *The Plaintiff himself admits that, despite what he alleged in his Complaint, the e-mail only asks about appeal rights and not the ability to file a complaint.* This is not a material fact, but is a legal argument based on a lay person's evaluation of evidence in the case. The e-mail sent by Gaskins to Elizabeth Neely speaks for itself. (April 26, 2007 Email from Gaskins to Neely (attached hereto as Ex. A); *see also* Gaskins Statement of Fact ¶ 13).

15. *The Plaintiff also admits he does not see anything in that e-mail which he contends is a violation of his rights.* This is not a material fact, but is a legal argument. Summary judgment is to be determined based on the facts as set forth in the pleadings and discovery materials that support a ruling as a matter of law, not on a lay person's evaluation of a piece of evidence in the case. *Anderson*, 477 U.S. at 247-48.

23. *The other attendees at that meeting, including Defendant Gaskins, had no authority or discretion to withdraw or suspend the Plaintiff, and possessed no vote or veto with respect to Dr. Zaccari's intended disposition of the Plaintiff's*

*case.* This is not a material fact. Whether or not Gaskins or other defendants had "veto power" over the decision to withdraw Barnes is not dispositive.

25. *Attorney Gaskins did not know what President Zaccari intended to do with respect to the Plaintiff until Dr. Zaccari made his decision.* This conclusory statement is not material to the extent Gaskins actively assisted in implementing a withdrawal process that she knew to be illegal. It also is contradicted by the record. According to the contemporaneous notes taken by Maj. Anne Farmer, Gaskins was an active participant in the May 3, 2007 meeting where the decision to administratively withdraw Plaintiff was decided. (*E.g.*, Major Anne Farmer's Contemporaneous Notes of May 3, 2007 Meeting at 10-16 (attached hereto as Ex. H)).

35. *The Plaintiff has no personal knowledge of what occurred at any meetings attended by Attorney Gaskins, or what action she took at any such meeting.* This does not state a genuine issue of material fact. Gaskins' involvement is fully documented by answers to interrogatories, documents, and deposition testimony.

36. *The Plaintiff's contention is that Attorney Gaskins, as attorney for Valdosta State University, should have advised President Zaccari of the legal implications of his actions, but the Plaintiff admits he doesn't know whether she actually did so or not.* The Plaintiff's knowledge of advice given by Gaskins is not

a genuine issue of material fact. Gaskins' involvement is fully documented by answers to interrogatories, documents, and deposition testimony.

38. *Defendant Gaskins did not participate in the decision to administratively withdraw the Plaintiff, other than to repeatedly and consistently offer her counsel that the Plaintiff's due process rights must be respected in any withdrawal procedure.* This is a conclusory statement, not a genuine issue of material fact. Although Plaintiff agrees that Gaskins repeatedly warned Zaccari that VSU would be violating Barnes' rights, it is not accurate to say that Gaskins "did not participate" in the withdrawal. (*See, e.g.*, Gaskins' Statement of Facts ¶ 30). The record is clear that Defendant Gaskins drafted the notice to withdraw Barnes, (*see* Ex. C, Gaskins Dep. at 139:3-23), participated in meetings where Barnes was discussed, (Defendant Gaskins' Response to Interrogatories at 8 (hereto attached as Ex. I)), and inquired to her immediate supervisor as to the processes necessary to withdraw the Plaintiff. (Ex. A, April 26, 2007 Email from Gaskins to Neely; Ex. C, Gaskins Dep. 11:17-14:24; May 1, 2007 Facsimile from Neely to Gaskins (hereto attached as Ex. J)).

39. *Attorney Gaskins had no authority to withdraw any student, and was never asked for her opinion or advice about whether the Plaintiff should be withdrawn or suspended as her only role in this entire case was limited to offering advice about the due process and equal protection concerns raised by any student*

*withdrawal.* This is a conclusory statement, not a genuine issue of material fact. Additionally, it is not accurate to say that Gaskins' "only role in this entire case was limited to offering advice about the due process and equal protection concerns raised by any student withdrawal." (*See, e.g.*, Gaskins Statement of Facts ¶ 30). The record is clear that Defendant Gaskins drafted the notice to withdraw Barnes, (Ex. C, Gaskins Dep. at 139:3-23), participated in meetings where Barnes was discussed, (Ex. I, Gaskins Responses to Interrogatories at 8), and inquired to her immediate supervisor as to the processes necessary to withdraw the Plaintiff. (Ex. A, April 26, 2007 Email from Gaskins to Neely; Ex. C, Gaskins Dep. 11:17-14:24; Ex. J, May 1, 2007 Facsimile from Neely to Gaskins).

Respectfully submitted this 19th day of January, 2010.

By: /s/ *Robert Corn-Revere*
Robert Corn-Revere
Christopher A. Fedeli
Lisa B. Zycherman
Erin N. Reid
Admitted *Pro Hac Vice*
Attorneys for Plaintiff
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
Email: bobcornrevere@dwt.com


By: /s/ *Irma Espino*
Irma Espino
Georgia Bar No. 558220
Attorneys for Plaintiff
Wiggins Law Group
Suite 401
260 Peachtree Street, NW
Atlanta, GA 30303
404-659-2880
Email: irma@wigginslawgroup.com