IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS HAYDEN BARNES,    *
    *
Plaintiff,    *
    *
-vs-    *
    *    Case No. 1:08-cv-00077-CAP
RONALD M. ZACCARI, *et al.*,    *
    *
Defendants.    *
    *

**PLAINTIFF'S RESPONSE TO THE COURT'S JANUARY 14 ORDER FOR BRIEFING ON THE PARTIES' PROTECTIVE ORDER**

Plaintiff Thomas Hayden Barnes ("Barnes") hereby responds to this Court's January 14, 2010 order. (Dkt. #201). Plaintiff welcomes the opportunity to "refine and limit the broad scope of the term 'Confidential' as defined by the protective order." *Id*. at 2. The Protective Order (Dkt. # 95) was entered by the parties after the defendants sought broad access to Plaintiff's confidential counseling records, some of which contain information relevant to issues in the instant litigation. Difficulties arose, however, when good faith attempts to comply with the Protective Order resulted in an excessive number of documents being filed under seal, imposing excessive burdens on the parties as well as the Court.

It was never the purpose of the Protective Order or the intention of the Plaintiff for all of the pleadings in this case to be filed under seal or to create a

secret docket.  To the contrary, an important purpose underlying the lawsuit was to bring the defendants' unconstitutional and illegal actions to light.  However, there is a compelling need for a small number of the most confidential exhibits to remain under seal because the privacy implications of public disclosure outweigh both their relevance to the case or the need for public availability.  The Court's orders (*see* Dkt. #199, 201), and the January 13, 2010 telephonic conference (Dkt. #200), came at the same time Plaintiff was considering filing a motion pursuant to Fed. R. Civ. P. 5.2(d) to suggest a process for filing pleadings with minimal redactions and to help simplify the filing process.  Accordingly, by this response, Plaintiff attempts to strike a balance between the necessity of a public docket with the limited but compelling need for confidentiality of certain exhibits.

The central issue underlying the Protective Order is this:  The VSU defendants have argued that it was necessary to summarily withdraw Barnes from the university in 2007 because then-President Zaccari claimed that certain of Banes' communications objecting to the construction of a parking deck constituted a threat.  Seeking to bolster this claim, Zaccari obtained records from the VSU Access Office for Students With Disabilities and conferred with personnel in the VSU Counseling Center, including defendant McMillan, who assured him that Barnes did not represent a threat.  Barnes was expelled despite these assurances.

In the course of this litigation, the VSU defendants obtained confidential records from every mental health provider Barnes consulted since he was a teenager, deposed his childhood psychiatrist as well as his mother, and questioned Defendant McMillan at length about information contained within Barnes' counseling records. Much, if not most, of the highly personal information contained in the confidential medical records has very little relevance to the issues currently before the Court on summary judgment, and has included questions by the VSU defendants about Barnes' sexual history.[1] Accordingly, Plaintiff has sought to strike a balance between public disclosure of information that is specifically germane and necessary to the case, and *carte blanche* posting of his medical files on the public docket.

This Court's January 14 Order directed the Plaintiff to file a brief that: (1) provides the legal authority for the proposition that the court is obligated to place under seal or redact information regarding Plaintiff's medical records and treatment documentation; (2) identifies the exhibits to document numbers 164, 167, 177, 179 and 194 that should remain under seal, citing specific legal authority

---

[1] *See, e.g.,* Deposition of Hayden Barnes at 27:10-35:15, 36:5-38:25; Deposition of Leah McMillan at 230:20-231:7. Use of such personal information to embarrass or discredit a party is excessively prejudicial and unreliable. *Cf.* Fed. R. Evid. Rule 412; Tess Wilkinson-Ryan, *Admitting Mental Health Evidence to Impeach the Credibility of a Sexual Assault Complainant*, 153 PENN. L. REV. 1373, 1377 (2005) ("[e]very state has enacted some form of rape shield law"). For purposes of this order, however, Plaintiff is seeking only to prevent unnecessary public disclosure of otherwise confidential medical information.

requiring sealing or explaining why the court should exercise its discretion to keep the exhibits under seal; and (3) identifies the exhibits to document numbers 164, 167, 177, 179 and 194, citing specific legal authority requiring redaction of the selected portions, or explaining why the court should exercise its discretion to redact those portions. (Dkt. #201 at 2-3).

Plaintiff's responses are set forth below:

## I.    Legal Authority for Sealing or Redacting Confidential Medical Information

Part I of this brief sets forth legal justification for why the Court should place under seal or redact information regarding Plaintiff's medical records and treatment documentation. Plaintiff agrees that by causing his mental condition to be at issue in this action he is required, in the Court's words, "to show a little leg." However, the importance attached to the psychotherapist-patient privilege and the privacy protections afforded to a patient's mental health records do not require that he be completely naked.

This Court has previously held that even when a litigant puts his or her mental condition "in controversy" in litigation, the waiver of the psychotherapist-patient privilege does not give the opposing side *carte blanche* to discover every possible piece of information to the litigant's mental health. In *Stevenson v. Bostitch*, this Court noted that the protections provided by the psychotherapist-patient privilege are rooted in the "imperative need for confidence and trust"

between the patient and therapist."  2001 U.S. Dist. Lexis 16961, at *12 (N.D. Ga.

2001) (citing *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996)).   In *Jaffee*, the U.S.

Supreme Court observed:

> The psychotherapist privilege serves the public interest
> by facilitating the provision of appropriate treatment for
> individuals suffering the effects of a mental or emotional
> problem.  The mental health of our citizenry, no less than
> its physical health, ***is a public good of transcendent
> importance***.

*Jaffee*, 518 U.S. at 11 (emphasis added).  Indeed, Georgia law recognizes a strong

psychiatrist-patient privilege.  *See Plunkett v. Ginsburg,* 217 Ga. App. 20, 456

S.E.2d 595, 597 (Ga.Ct.App.1995) ("As a matter of public policy, psychiatrist-

patient communications are to be privileged and are to remain privileged *even*

*though* the patient's 'care and treatment or the nature and extent of his injuries

[have been put] at issue in any civil or criminal proceeding.'") (*quoting* O.C.G.A. §

24-9-40(a)) (emphasis in original).  Thus, the federal and state law recognizes the

heightened importance of preserving and protecting the psychotherapist-patient

privilege.

　　Following discovery of a party's mental health records, federal and state law

protects that party's privacy interests in subsequent court proceedings.   Such

plaintiffs retain a federal privacy right to maintain the confidentiality of medical

records from being publicly disseminated, even where they have placed their

mental condition at issue.  *See, e.g. Green v. Corzine,* 2009 U.S. Dist. Lexis 12252,

*3 (D.N.J. 2009) (granting motion to seal the plaintiff's confidential medical records and noting that "should the information contained in the medical records be disseminated to the general public, Plaintiff's privacy interests would be irreparably violated"); *Hirschfield v. Stone,* 193 F.R.D. 175, 184 (S.D.N.Y. 2000) (disagreeing with defendants' assertion that patients who voluntarily place their capacity at issue have waived their right to privacy).

As this court noted in its January 14 order, the privacy protections provided to an individual under the Health Insurance Portability and Accountability Act ("HIPAA") are only applicable to healthcare providers and insurance companies and do not create privacy rights in favor of a patient with regard to court records. (*See* Dkt. # 201 at n. 1). However, HIPAA sets a national standard for accessing and handling medial information. *See* 45 C.F.R. 160 *et seq.* (2009); *Austin v. Moreland*, 288 Ga. App. 270, 273 (Ga. Ct. App. 2007), *rev'd on other grounds*, 284 Ga. 730, 731 (Ga. 2008). Under HIPAA, the most stringent privacy rules are afforded to "psychotherapy notes." 45 C.F.R. § 164.508(a)(2) (2009). This heightened confidentiality status accorded to psychiatric records is similarly reflected in the laws of the State of Georgia. *See, e.g.*, O.C.G.A. §§ 24-9-21(5) (evidence rule protecting confidentiality of communications between psychiatrist and patient), 37-3-166(a) (setting forth rights and privileges as to maintenance and release of a patient's mental health clinical records).

In light of the importance attached to the psychotherapist-patient privilege and a litigant's right to privacy, it is within the Court's discretion to limit the public disclosure of discovery material containing mental health records. Indeed, generally, public disclosure of discovery material is always subject to the discretion of the trial court and the federal rules that circumscribe that discretion. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 2208 (1984).

Therefore, in consideration of the protections afforded to mental health records outlined above, and with the goal of avoiding imposing any excessive burden on the parties or the Court, Plaintiff proposes the following modifications to the protective order:

(1)   That the Court exercise its authority to seal those exhibits to the parties' motions, briefs or deposition transcripts that include copies of Plaintiff's mental health clinical therapy notes, communications from Plaintiff's mental health providers, and materials contained therein;

(2)   That the Court exercise its authority to redact those portions of the parties' motions, briefs, exhibits, and deposition transcripts that quote from the documents identified at (1); and

(3)   That all other material, including discussions of Barnes' mental health information and diagnoses are to be removed from seal and placed on the public docket.

Pursuant to the Court's January 14 order, and Plaintiff's recommended revisions to the Protective Order, at Parts II and III of this brief Plaintiff specifies which deposition testimony and exhibits filed under seal in accordance with Local Rule 5.6C and exhibits to document numbers 164, 167, 177, 179, and 194 should

either remain under seal or that require redaction, with citations to specific legal authority in support thereof.

## II. Exhibits to Deposition Testimony or Document Numbers 164, 167, 177, 179 and 194 That Should Remain Under Seal

As discussed in Part I, *supra*, Plaintiff does not claim that this Court is compelled under law to seal or redact his psychiatric records as they appear or are quoted in documents filed with the Court. However, Plaintiff urges this Court to exercise its discretion to seal his psychiatric records in view of strong public policy attaching a heightened confidentiality standard to such documents. *See, supra, e.g., Green v. Corzine,* 2009 U.S. Dist. Lexis 12252, *3 (D.N.J. 2009); *Hirschfield v. Stone,* 193 F.R.D. 175, 184 (S.D.N.Y. 2000). In particular, Plaintiff requests only that this Court seal limited parts of the parties' filings in an effort to balance the privacy interests involved and the Court's interest in the efficient administration of justice.

The parties have filed whole copies of Plaintiff's psychiatric records under seal with the Court pursuant to the current Protective Order. Such psychiatric records include clinical therapy notes and communications regarding Plaintiff's psychiatric treatment. Plaintiff respectfully requests that this court exercise its authority by placing such specific psychiatric records under seal. Such documents have been reproduced and filed as follows:

| Dkt. #164 | Ex. 8 to Plaintiff's Motion to Exclude Dr. Matthew Norman as an Expert Witness (Aug. 28, 2006 Letter from Dr. Winders to VSU Access Office for Disabled Students describing Plaintiff's treatment history and diagnoses). |
|---|---|
| Dkt. #167 | Ex. 1 to Defendant McMillan's Motion for Summary Judgment (Letter from Plaintiff to McMillan describing Plaintiff's history and diagnoses). |
| Dkt. #177 | Exs. 15, 17, 18, 19 to VSU's Motion for Summary Judgment (Psychiatric records of Dr. Kevin Winders). |
| Dkt. #179 | Exs. 14, 20 to Plaintiff's Motion for Summary Judgment (Aug. 28, 2006 Letter from Dr. Winders to VSU Access Office for Disabled Students describing Plaintiff's treatment history and diagnoses and Leah McMillan's therapy notes). |
| Dkt. #187 | Exs. 5, 6, 16 to Deposition of Leah McMillan (Therapy notes of Leah McMillan and Letter from Barnes to McMillan describing Plaintiff's history and diagnoses). |
| Dkt. #198 | Plaintiff's Exs. 2, 3, 5, 6, 10, 11 and Defendants' Exs. 3, 4, 5, 6 to Deposition of Dr. Kevin Winders (Psychiatric records of Dr. Kevin Winders). |
| Not filed[2] | Ex. 8 to Deposition of Dr. Matthew Norman (Aug. 28, 2006 Letter from Dr. Winders to VSU Access Office for Disabled Students describing Plaintiff's treatment history and diagnoses). |

## III. Deposition Transcripts and Exhibits to Document Numbers 164, 167, 177, 179 and 194 Requiring Redaction

As discussed in Part I and II, *supra*, Plaintiff respectfully requests that this Court exercise its discretion to protect the sensitive and confidential nature of his psychiatric records. Although the Court is not compelled to do so, Plaintiff asserts that a limited exercise of the Court's authority to redact whole quoted portions of

---

[2] The deposition transcript of Dr. Matthew Norman has not yet been filed with the court. In the event that this transcript is filed, Plaintiff asks that this Court file under seal exhibit referenced above.

Plaintiff's psychiatric records from documents filed by the parties would not undermine the interests of maintaining an open docket of this proceeding.

In particular, over the course of this litigation, portions of Plaintiff's psychiatric records have been discussed at length and read into the record of several deposition transcripts. Moreover, whole portions of Plaintiff's psychiatric records have been specifically quoted and thereby reproduced in Dr. Matthew Norman's expert report. Accordingly, rather than place these whole documents under seal, Plaintiff respectfully requests that the Court exercise its discretion to redact specific quotations of his psychiatric records. Such quotations appear on the docket as follows:

| Dkt. #164 | Ex. 2 to Plaintiff's Motion to Exclude Dr. Matthew Norman as an Expert Witness, at 6-8, ¶¶ 3, 4, 5, 6, 7, 9, 10, 11, 12, 13 (Dr. Matthew Norman's expert report quotes and discusses the psychiatric records maintained by Dr. Kevin Winders and therapy notes maintained by Leah McMillan, LMFT). |
|---|---|
| Dkt. #187 | Deposition of Leah McMillan, at 38:25-39:24; 91:17-92:11; 101:22-112:16; 114:25-118:1; 123:8-127:2; 128:25-129:1; 131:9-13; 133:8-135:2; 137:25-140:5; 140:25-141:3; 187:25-188:8; 203:25-204:4; 205:9-207:16; 210:23-212:8; 223:6-11; 235:3-7 (quoting portions of Plaintiff's therapy notes). |
| Dkt. #194 | Ex. N-9 to Defendants' Opposition to Plaintiff's Motion to Exclude Dr. Matthew Norman as an Expert Witness, at 6-8, ¶¶ 3, 4, 5, 6, 7, 9, 10, 11, 12, 13 (Dr. Matthew Norman's expert report quotes and discusses the psychiatric records maintained by Dr. Kevin Winders and therapy notes maintained by Leah McMillan, LMFT). |
| Dkt. #197 | Deposition of Thomas Hayden Barnes, at 27:10-36:15; 65:8-67:2; 71:22-73:25 (quoting and discussing details of Plaintiff's psychiatric record). |

| Dkt. # 198 | Deposition of Dr. Kevin Winders, 16:10-18:5; 19:8-29:14; 30:25-34:23; 35:11-42:25; 43:8-43:2; 47:14-48:16; 49:11-51:18; 55:14-56:18; 57:3--63:10; 66:13-18; 74:3-77:14; 79:12-80:21; 86:25-88:10; 92:18-94:13; 100:7-9; 107:17-110:6 (quoting and discussing details of Plaintiff's psychiatric record). |
| --- | --- |
| Not filed[3] | Deposition of Kelly Burke, 32:25-34:2; 36:7-37:25; 81:7-81:16; 83:24-85:12; 123:2-124:5 (quoting and discussing details of Plaintiff's psychiatric record). |
| Not filed[4] | Deposition of Dr. Matthew Norman, at 162:5-163:24; 243:2-17; 250:11-251:16 (quoting and discussing details of Plaintiff's psychiatric record); Ex. 2 to Norman Deposition at 6-8 ¶¶ 3, 4, 5, 6, 7, 9, 10, 11, 12, 13 (Dr. Matthew Norman's expert report quotes and discusses the psychiatric records maintained by Dr. Kevin Winders and therapy notes maintained by Leah McMillan, LMFT). |

## CONCLUSION

For the reasons set forth above, Barnes respectfully requests that this Court modify the Protective Order entered into by all parties to provide:

(1)    That the Court exercise its authority to seal those exhibits to the parties' motions or briefs that include copies of Plaintiff's mental health clinical therapy notes, communications from Plaintiff's mental health providers, and materials contained therein;

(2)    That the Court exercise its authority to redact those portions of the parties' motions, briefs, exhibits, and deposition transcripts that quote from the documents identified at (1); and

---

[3] The deposition transcript of Kelly Burke has not yet been filed with the court.  In the event that this deposition transcript is filed, Plaintiff asks that this court redact the portions of the transcripts quoting Plaintiff's psychiatric records.

[4] The deposition transcript of Dr. Matthew Norman has not yet been filed with the court.  In the event that this deposition transcript is filed, Plaintiff asks that this court redact the portions of the transcripts quoting Plaintiff's psychiatric records.

(3)    That all other material, including discussions of Barnes' mental health information and diagnoses are to be removed from seal and placed on the public docket.


Respectfully submitted this 28th day of January, 2010.


By:    /s/ *Robert Corn-Revere*
Robert Corn-Revere
Christopher A. Fedeli
Lisa B. Zycherman
Erin N. Reid
Admitted *Pro Hac Vice*
Attorneys for Plaintiff
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
Email: bobcornrevere@dwt.com


By:    /s/ *Cary Wiggins*
Cary Wiggins
Georgia Bar No. 757657
Irma Espino
Georgia Bar No. 558220
Attorneys for Plaintiff
Wiggins Law Group
Suite 401
260 Peachtree Street, NW
Atlanta, GA 30303
404-659-2880
Email: cary@wigginslawgroup.com

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>

I hereby certify that on January 28, 2010, I filed the foregoing with the Clerk of the Court and sent a copy of the foregoing Plaintiff's Opposition to Defendant Laverne Gaskins' Motion for Summary Judgment, Statement of Disputed Issues of Material Fact, and related exhibits by electronic mail to all counsel of record.  I also certify, pursuant to LR 7.1(D), that this memorandum has been prepared in Times New Roman 14-point font.

<u>*/s/ Robert Corn-Revere*</u>

Robert Corn-Revere
Admitted *Pro Hac Vice*
Attorney for Plaintiff
Davis Wright Tremaine LLP
Suite 200
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com