# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RONALD M. ZACCARI, ) <br> individually and in his official ) <br> capacity as President of Valdosta ) <br> State University; VALDOSTA ) <br> STATE UNIVERSITY; BOARD OF ) <br> REGENTS OF THE UNIVERSITY ) <br> SYSTEM OF GEORGIA; LAVERNE ) <br> GASKINS, individually and in her ) <br> capacity as in-house counsel ) <br> at Valdosta State University; KURT ) <br> KEPPLER, individually and in his ) <br> official capacity as Vice President ) <br> for Student Affairs at Valdosta State ) <br> University; RUSS MAST, individually ) <br> and in his official capacity as Dean of ) <br> Students at Valdosta State University; ) <br> LEAH McMILLAN, individually and ) <br> in her official capacity as a counselor ) <br> at Valdosta State University; and ) <br> VICTOR MORGAN, individually ) <br> and in his official capacity as Director ) <br> of the Valdosta State University ) <br> Counseling Center, ) <br> ) <br> Defendants. ) | Case No. 1:08-CV-077- CAP |

### DEFENDANT LAVERNE GASKINS' REPLY BRIEF
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The Plaintiff states repeatedly in his Opposition Brief that Defendant Gaskins "actively assisted with the withdrawal and its defense." Obviously, such generalities are not sufficient to create liability under § 1983. As this Court pointed out in its Order of November 19, 2008, ruling on the Defendant's Motion to Dismiss, "As to each of the named Defendants, the Plaintiff must establish that the Defendant's conduct was the cause of the adverse effect on a right, privilege or immunity secured by the United States Constitution or federal law." [Doc. 37, p. 19] When reduced to this necessary causation evaluation, the Plaintiff's brief asserts three (3) actions or omissions by Defendant Gaskins in support of his claim: (1) she prepared a draft of the proposed withdrawal letter; (2) she assisted President Zaccari in the preparation of his letter in response to the Plaintiff's appeal after the withdrawal occurred; and (3) she failed to report the intended improper actions of President Zaccari to a higher authority. None of these claims is sufficient to save the Plaintiff's action against Defendant Gaskins from summary judgment.

The undisputed testimony in the record of this case shows that Defendant Gaskins' role in the preparation of the withdrawal letter was not the cause of the withdrawal, as required for the Plaintiff to prevail. The testimony of Defendant Gaskins and President Zaccari, the only parties with actual knowledge of how that letter was drafted, is consistent that Gaskins simply typed up what

President Zaccari told her to include in the draft of the withdrawal letter, with President Zaccari dictating the terms of, and basis for, the withdrawal. [Exh. 1, Depo. of Gaskins, pp. 138, 139; Exh. 2, Depo. of Ronald Zaccari, pp. 243-247] The record is clear that Defendant Gaskins "actively assisted in drafting the withdrawal notice" only by acting as a scrivener, putting President Zaccari's directed contents into written form. The same deposition excerpts also establish that, even in that scrivener's role, Defendant Gaskins included a specific notice in a memo on the draft that any withdrawal policy in place at VSU would require due process and a right to a hearing, and attached copies of those withdrawal policies, containing the express due process requirements. *Ibid.*

The Plaintiff also alleges, repeatedly, that attorney Gaskins assisted President Zaccari in preparing his unsuccessful defense of his decision on appeal. This allegation is completely irrelevant in assessing Defendant Gaskins' liability for a claimed violation of the Plaintiff's constitutional rights. Anything done by Defendant Gaskins after the Plaintiff's withdrawal, during the Plaintiff's successful appeal of that withdrawal, was not a proximate cause of the Plaintiff's claimed constitutional injury, which was the withdrawal itself. Further, Defendant Gaskins made no substantive contribution to President Zaccari's defense on appeal. Her only action was to review, at President Zaccari's request, a letter prepared by President Zaccari setting out his rationale for his withdrawal decision, after

3

President Zaccari asked her to put the letter in the proper format for submission to the Board of Regents. [Exh. 1, pp. 170-174] That action clearly played no part in the cause of any injury claimed by the Plaintiff.

Finally, the Plaintiff asserts that Defendant Gaskins caused the alleged violation of his constitutional rights by failing to "bring the matter to the attention of a higher authority." The Plaintiff argues, on page 10 of his Opposition Brief, that an attorney for an organization "is ethically bound" to take certain actions when she is aware that a proposed action of the organization will lead to a violation of law which might reasonably be imputed to the organization. In fact, the rule says no such thing, and is much more nuanced in its direction to attorneys representing organizations. Rule 1.13 *actually* states that, even with knowledge that a person associated with the organization is considering improper, even illegal, action, the lawyer "shall proceed as is reasonably necessary in the best interest of the organization," and that "any measures taken shall be designed to minimize disruption of the organization…." Then, rather than imposing an ethical obligation to take certain action, as claimed by the Plaintiff, the Rule states "such measures *may* include, among others:

(1)   Asking reconsideration of the matter;

(2)   Asking that a separate legal opinion on the matter be sought for presentation to appropriate authority in the organization; and

(3) Referring the matter to higher authority in the organization, including, if warranted by the seriousness of the matter, referral to the highest authority that can act in behalf of the organization as determined by applicable law." [Emphasis added.]

Thus, there is no violation of state law, or of the bar rules, where, as here, Defendant Gaskins proceeded as was "reasonably necessary."

Further, the evidence in this case shows, without dispute, that Defendant Gaskins took each of the suggested steps listed in Rule 1.13(b): She asked reconsideration of the matter, pointing out that due process rights should be afforded in any withdrawal action [Exh. A, pp. 24, 28, 36, 44, 58, 60, 138, 139; Exh. C, Gaskins' Suppl. Resp. to Plaintiff's Interrogatory No. 3; Exh. B, pp. 236, 240]; a separate opinion was sought, as President Zaccari, the acting official in this matter, conferred directly with Elizabeth Neely, Assistant Vice Chancellor of Legal Affairs for the Board of Regents, for advice and direction in his proposed actions, and Defendant Gaskins expressed her concerns directly to Vice Chancellor Neely [Exh. 1, pp. 12, 58]; and referring the matter to the highest authority that can act in behalf of the organization. President Zaccari was the chief executive officer of the college, with a final call on all decisions affecting the university. Defendant Gaskins was counsel for Valdosta State University; there was no one in the organization higher than President Zaccari, and she expressed her concerns to him.

Thus, Defendant Gaskins took her concerns to the "highest authority" in the organization, in administration and in law.

In an apparent attempt to create exposure where there obviously is none, the Plaintiff again flagrantly misstates the record, and falsely claims this Defendant agrees with this misstatement, in his Opposition Brief, repeating a completely untrue allegation from his Complaint that "Zaccari directed Defendant Gaskins to contact Elizabeth Neely, the Board's vice chancellor for legal affairs, to determine how a university president could file a complaint against a student 'for violation of the Student Code of Conduct.'" [Plaintiff's Opposition Brief, pp. 3,4] In fact, as the Plaintiff, himself, admitted on deposition while looking at the document containing this communication, and as pointed out emphatically in this Defendant's summary judgment brief, the document merely conveys a direct inquiry from President Zaccari about where a student's appeal would lie in the event the president files a complaint against a student. The Plaintiff admitted that the communication asked only about appeal rights, and not the ability to file a complaint. [Exh. 4, Depo. of Thomas Hayden Barnes, p. 215; Exh. 5, an attachment to Def. Gaskins' deposition][1]

---

[1] The Plaintiff states in his Response to this Defendant's Statement of Undisputed Facts that this document "speaks for itself." [¶ 14] One would think so, but the Plaintiff insists upon claiming it says what it obviously does not.

6

Thus, the record reveals without dispute that attorney Gaskins possessed no power or authority to effectuate, or to prevent, any withdrawal of the Plaintiff by the president of the university, and that none of the acts or omissions asserted by the Plaintiff is sufficient to constitute the cause of the claimed violation of rights, as required for liability under § 1983.

The reason the Plaintiff can do no better than this in alleging action on the part of Defendant Gaskins which led to the Plaintiff's withdrawal is that there was no such action, and there is no evidence of any in the record of this case. The record demonstrates without dispute or equivocation that the decision to withdraw the Plaintiff, and the withdrawal itself, were the decision and actions of President Zaccari, alone. President Zaccari testified that none of the other Defendants in this case had the right or responsibility to make such a decision. "I had to make the call … it was my decision." [Exh. 2, p. 226] President Zaccari chose the policy upon which to base the withdrawal, without recommendation or endorsement from Defendant Gaskins. [Exh. 2, pp. 244-246]

Defendant Gaskins never expressed any opinion about whether the Plaintiff should be withdrawn from VSU.

Defendant Gaskins was never asked for, and never offered, any opinion about what action President Zaccari should take with respect to the Plaintiff, other than her repeated reminders of the due process implications of any withdrawal

action. [Exh. 1, p. 44] Defendant Gaskins was never involved in any discussion in which she was asked for, or offered, any opinion about whether the Plaintiff posed any type of threat. [Exh. 1, pp. 47, 48, 130, 131] Defendant Gaskins had no authority or discretion to withdraw or suspend the Plaintiff, and possessed no vote or veto power with respect to President Zaccari's intended disposition of the Plaintiff's case. [Exh. 1, p. 103, 144, 181; Exh. 2, p. 226]

The law is clear and long-standing that, for an individual to be held liable under 42 U.S.C. § 1983, a plaintiff must establish "an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation." *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir., 1982). This affirmative causal connection requirement is explained more clearly in the primary case cited by the Plaintiff in his opposition to this Defendant's summary judgment motion. In *Doe v. Rains Co Indep. School Dist.,* 66 F.3d 1402 (5th Cir. 1995), the Court noted that the relevant question is not whether a defendant violated some state law duty; it is "whether state law has reposed in a defendant enough responsibility for the underlying conduct that she can be said to have caused the injury herself." *Ibid.* at 1408.

Where, as here, a plaintiff claims the actions of a defendant produced the constitutional injury of which he complains, in order to establish liability on the part of any defendant in the case, the plaintiff must establish that the actions of that

8

defendant were actions under color of state law. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 935, 102 S.Ct. 2744, 2752 (1982). In that context, "color of state law" demands a causal connection between the alleged state-law breach, and the constitutional injury, and "satisfaction of this causation requirement in turn hinges on the presence of a right of legal control over the events culminating in the constitutional harm." *Doe v. Rains Co., supra,* p. 1411. The Court concluded that, given this analysis, a defendant could be held liable under § 1983 for the alleged constitutional violation only if state law empowered that defendant with the right of legal control over the acting defendant. In the context of this case, Defendant Gaskins could be found liable to the Plaintiff under § 1983 only if state law empowered her with a right of legal control over the actions of Defendant Zaccari, who made the decision, and took the action, producing the Plaintiff's withdrawal.

The *Doe v. Rains Co.* Court concluded its discussion by stating, "in the context of an alleged breach of a state-law duty to act, the causal connection becomes unsteady at the point of conduct unless there is a right of legal control over the persons or events giving rise to the injury. Absent such control, a person's ability to abate the harm is too speculative to support § 1983 liability. … If state law has imposed a duty to report, investigate, monitor or regulate without granting a duty to exercise state-conferred legal control over the underlying persons or

events, there is no conduit through which an exercise of state power can be said to have caused the constitutional injury." 66 F.3d 1402, 1416.

Clearly, under the very authority cited by the Plaintiff in opposition to this Defendant's motion, the facts cannot support a finding of liability under § 1983 on the part of Defendant Gaskins.

There is no evidence that Defendant Gaskins had any "right of legal control" over the actions of President Zaccari, who made the decision to withdraw the Plaintiff, and carried out that decision, under his own authority. Rather, the evidence is undisputed that Defendant Gaskins had *no* such right of control, and no ability to prevent any withdrawal decided upon by Zaccari.

Further, the Plaintiff has absolutely failed to satisfy his burden of demonstrating that Defendant Gaskins is not entitled to qualified immunity, as claimed in her Answer. Any state actor performing a "discretionary function" at the time of an alleged violation of federal law, is immune from civil liability under the doctrine of qualified immunity. *Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252 (11th Cir. 2004). This Court has already acknowledged that no dispute exists over whether attorney Gaskins was acting within the course and scope of her discretionary authority in this matter. See Doc. 37 (Order on Defendant's Motion to Dismiss, at 13.)

The burden falls upon the ***Plaintiff*** to demonstrate that an official is ***not*** entitled to qualified immunity. *Ibid.* at 1264. To satisfy this burden, a plaintiff must show two things: (1) that the defendant committed a constitutional violation, and (2) that the constitutional right violated by the defendant was "clearly established" at the time she did it. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Holloman,* 370 F.3d at 1264. This two-step test protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

It has been shown above that Defendant Gaskins took no action against the Plaintiff which constituted a violation of his constitutional rights. She had no power or authority to implement or prevent any withdrawal, and was never asked to participate in the decision of whether a withdrawal would occur. Her role was limited to providing legal advice about the policies in place for the university under which a withdrawal might occur, and what protections or requirements were implicated in those policies. She performed those duties properly, providing sound and accurate legal advice at all stages.

As noted above, in determining whether there is a violation of a clearly established right for the purpose of evaluating qualified immunity, a government official is only liable for her own misconduct. The Plaintiff must show a causal connection between attorney Gaskins' actions and his claimed harm, and he has

not made, and cannot make, such a showing. Rather, the Plaintiff attempts to wave his arms broadly and proclaim that his *withdrawal* was a clear violation of his rights, without any effort to show that Defendant Gaskins' actions in this occurrence were clearly improper. The vague "participation" alleged by the Plaintiff is insufficient, as an express or actual "purpose rather than knowledge is required to impose [§ 1983] liability on the subordinate for unconstitutional discrimination." *Ashcroft v. Iqbal,* 129 S.Ct., at 1949.

Attorney Gaskins retains her qualified immunity because there is no known precedent for imposing personal liability against an attorney for action taken against her sound advice. *See Pearson v. Callahan,* 129 S.Ct. 808, 823 (2009). In other words, attorney Gaskins did not violate any clearly established law by counseling the university president on the due process rights owed to Plaintiff. Accordingly, Plaintiff has not carried his burden of overcoming the qualified immunity afforded to Defendant Gaskins, and is not entitled to recover from her.

## CONCLUSION

It has been shown that the evidence in the record of this case will not permit a judgment in favor of the Plaintiff against Defendant Gaskins. Accordingly, Defendant Gaskins' pending Motion for Summary Judgment should be granted.

This 2nd day of February, 2010.

                                        **BRANNEN, SEARCY & SMITH, LLP**
                                        By:  /s/ David R. Smith

Post Office Box 8002                **DAVID R. SMITH**
Savannah, GA 31412               Georgia State Bar No. 655587
(912) 234-8875                      **BEVERLY G. O'HEARN**
                                          Georgia State Bar No. 287650
                                          *Attorneys for Defendant*
                                          *Laverne Gaskins*

## CERTIFICATE OF SERVICE

This is to certify that a copy of *Defendant Laverne Gaskins' Reply Brief in Support of Motion for Summary Judgment* has been served electronically on all parties as follows:

| | |
|---|---|
| Matthew R. LaVallee, Esq.<br>Paul R. Kosters, Esq.<br>Dailey, Koster & LaVallee, LLC<br>Overlook I 2849 Paces Ferry Road<br>Suite 160<br>Atlanta, GA 30339 | Robert Corn Revere, Esq.<br>Christopher A. Fedeli, Esq.<br>Lisa Zycherman, Esq.<br>Erin Reid, Esq.<br>DAVIS WRIGHT TREMAINE, LLP<br>1500 K Street, NW, Suite 450<br>Washington, D.C. 20001 |
| David C. Will, Esq.<br>Holly Hance, Esq.<br>ROYAL, WASHBURN & WILL<br>4799 Sugarloaf Parkway, Bldg. J<br>Lawrenceville, GA  30044 | Cary S. Wiggins, Esq.<br>Irma Espino, Esq.<br>Susan Julian, Esq.<br>WIGGINS LAW GROUP<br>260 Peachtree Street, N.W., Suite 401<br>Atlanta, GA 30303 |

This 2nd day of February, 2010.

|  |  |
|---|---|
|  | **BRANNEN, SEARCY & SMITH, LLP** |
|  | By:  /s/ David R. Smith |
| Post Office Box 8002 | **DAVID R. SMITH** |
| Savannah, GA 31412 | Georgia State Bar No. 655587 |
| (912) 234-8875 | **BEVERLY G. O'HEARN** |
|  | Georgia State Bar No. 287650 |
|  | *Attorneys for Defendant Laverne Gaskins* |