# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RONALD M. ZACCARI, )<br>individually and in his official )<br>capacity as President of Valdosta )<br>State University; VALDOSTA )<br>STATE UNIVERSITY; BOARD OF )<br>REGENTS OF THE UNIVERSITY )<br>SYSTEM OF GEORGIA; LAVERNE )<br>GASKINS, individually and in her )<br>capacity as in-house counsel )<br>at Valdosta State University; KURT )<br>KEPPLER, individually and in his )<br>official capacity as Vice President )<br>for Student Affairs at Valdosta State )<br>University; RUSS MAST, individually )<br>and in his official capacity as Dean of )<br>Students at Valdosta State University; )<br>LEAH McMILLAN, individually and )<br>in her official capacity as a counselor )<br>at Valdosta State University; and )<br>VICTOR MORGAN, individually )<br>and in his official capacity as Director )<br>of the Valdosta State University )<br>Counseling Center, )<br>)<br>Defendants. ) | Case No. 1:08-CV-077- CAP |

**DEFENDANT LAVERNE GASKINS' STATEMENT IN RESPONSE TO
PLAINTIFF'S STATEMENT OF PURPORTEDLY UNDISPUTED FACTS**

While the Plaintiff filed a response to this Defendant's Statement of Undisputed Material Fact in support of her Motion for Summary Judgment, he did not file any formal statement of undisputed facts in support of his opposition brief. However, he began the brief with a lengthy and argumentative statement of facts with which he claims this Defendant agrees. That statement is incorrect, and this Defendant files this statement to clarify her disagreement with portions of that incorrect factual statement.

1. At the bottom of page 3 and top of page 4 of his Opposition Brief, the Plaintiff again flagrantly misstates the record, repeating a completely untrue allegation from his Complaint that "Zaccari directed Gaskins to contact Elizabeth Neely, the Board's Vice Chancellor for Legal Affairs, to determine how a university president could file a complaint against a student 'for violation of the Student Code of Conduct….'" Even a casual reading of that contact, which was entirely in writing and a part of the record of this case, shows that the communication had nothing to do with determining how a university president could file a complaint against a student. Rather, the document merely conveys a direct inquiry from President Zaccari about where a student's appeal would lie in the event a president files a complaint against a student. The Plaintiff, himself, admitted on deposition under

2

oath that the communication says no more than that, but his lawyers insist on misrepresenting its contents. This Defendant has never agreed with that mischaracterization, and does not do so now. [April 26, 2007, e-mail exchange between Gaskins, Neely and Zaccari, attached hereto as Exh. "A"]

2. The Plaintiff claims, on page 5 of his Opposition Brief, that "Defendant Gaskins prepared a memorandum for Zaccari providing a draft of a proposed withdrawal letter." The record shows without dispute that Gaskins simply typed up what President Zaccari told her to include in the draft of the withdrawal letter, with President Zaccari dictating the terms of, and basis for, the withdrawal. [Exh. 1 to this Defendant's Reply Brief, Depo. of Gaskins, pp. 138, 139; Exh. 2 to Reply Brief, Depo. of Ronald Zaccari, pp. 243-247] The record is clear that Gaskins "prepared" that letter only in the sense of acting as a scrivener, putting President Zaccari's directed contents into written form. The same deposition citations given above also establish that, even in that scrivener's role, Defendant Gaskins included a specific notice in a memo on the draft, itself, that any withdrawal policy in place at VSU would require due process and a right to a hearing, and

3

      attached copies of those withdrawal policies, containing the express due process requirements. *Ibid.*

3.   The Plaintiff claims on page 6 of his Opposition Brief that "Zaccari's defense [to the Plaintiff's appeal] was prepared with Gaskins' assistance." This statement of fact is not material, as any action taken after the Plaintiff's withdrawal was complete is irrelevant in assessing liability for that withdrawal. Anything done by Defendant Gaskins, or any of the Defendants, after the Plaintiff's withdrawal, during the Plaintiff's successful appeal of that withdrawal, was not a proximate cause of the Plaintiff's claimed constitutional injury, which was the withdrawal, itself. Further, the undisputed evidence in this case establishes that Gaskins made no substantive contribution to President Zaccari's defense on appeal. Her only action was to review, at President Zaccari's request, a letter prepared by President Zaccari setting out his rationale for his withdrawal decision, after President Zaccari asked her to put the letter in the proper format for submission to the Board of Regents. [Depo. of Gaskins, Exh. 1 to this Defendant's Reply Brief, pp. 170-174]

This Defendant responded to the Plaintiff's statement of facts in this manner because the Plaintiff begins that statement by asserting that the facts recited are agreed to by this Defendant. As shown above, that statement is not accurate.

This 2nd day of February, 2010.

**BRANNEN, SEARCY & SMITH, LLP**
By:   /s/ David R. Smith

Post Office Box 8002
Savannah, GA 31412
(912) 234-8875

**DAVID R. SMITH**
Georgia State Bar No. 655587
**BEVERLY G. O'HEARN**
Georgia State Bar No. 287650
*Attorneys for Defendant*
*Laverne Gaskins*

## CERTIFICATE OF SERVICE

This is to certify that a copy of *Response of Defendant Laverne Gaskins Statement in Response to Plaintiff's Statement of Purportedly Undisputed Facts* has been served electronically on all parties as follows:

| | |
|---|---|
| Matthew R. LaVallee, Esq.<br>Paul R. Kosters, Esq.<br>Dailey, Koster & LaVallee, LLC<br>Overlook I 2849 Paces Ferry Road<br>Suite 160<br>Atlanta, GA 30339 | Robert Corn Revere, Esq.<br>Christopher A. Fedeli, Esq.<br>Lisa Zycherman, Esq.<br>Erin Reid, Esq.<br>DAVIS WRIGHT TREMAINE, LLP<br>1500 K Street, NW, Suite 450<br>Washington, D.C. 20001 |
| David C. Will, Esq.<br>Holly Hance, Esq.<br>ROYAL, WASHBURN & WILL<br>4799 Sugarloaf Parkway, Bldg. J<br>Lawrenceville, GA  30044 | Cary S. Wiggins, Esq.<br>Irma Espino, Esq.<br>Susan Julian, Esq.<br>WIGGINS LAW GROUP<br>260 Peachtree Street, N.W., Suite 401<br>Atlanta, GA 30303 |

Respectfully submitted, this 2nd day of February, 2010.

**BRANNEN, SEARCY & SMITH, LLP**
By:   /s/ David R. Smith

Post Office Box 8002
Savannah, GA 31412
(912) 234-8875

**DAVID R. SMITH**
Georgia State Bar No. 655587
**BEVERLY G. O'HEARN**
Georgia State Bar No. 287650
*Attorneys for Defendant*
*Laverne Gaskins*