UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS HAYDEN BARNES,

       Plaintiff,

   v.

RONALD M. ZACCARI,
individually and in his
official capacity as President
of Valdosta State University;
et al.,

     Defendants.

CIVIL ACTION
NO. 1:08-CV-0077-CAP

<u>O R D E R</u>

On January 13, 2010, the court held a telephone conference
with the parties to discuss the excessive volume of documents being
filed under seal in this case [Doc. No. 200]. After the telephone
conference, the court issued an order directing the plaintiff to
file a brief that (1) provided legal authority for this court to
keep alleged "confidential" material under seal and (2)
specifically identified the "confidential" material that he argued
needed to remain under seal or in a redacted format [Doc. No. 201].
Since then, the plaintiff has filed two responses [Doc. Nos. 205
and 210] in an effort to convey to the court the particular
"confidential" material he contends should remain under seal in
this matter.

Upon careful review and consideration of the record in this
case and the plaintiff's responses regarding "confidential"

material to remain filed under seal, the court hereby DIRECTS the
clerk to keep the following material filed under seal:

| Document Number | Description |
|---|---|
| Doc. No. 136 (pp. 7-17) | (Attachment B) Expert Report of Dr. Matthew W. Norman |
| Doc. No. 144-4 | (Excerpt) Report and Testimony of Dr. Kevin Winders |
| Doc. No. 164-3 | (Exhibit B) Deposition Testimony of Dr. Matthew W. Norman |
| Doc. No. 167 (pp. 25-28) | (Exhibit A-1) Barnes Letter |
| Doc. No. 167 (p. 46) | (Part of Exhibit B) Dr. Kevin Winders Letter |
| Doc. No. 177-19 | (Exhibit 15 to Motion) Barnes Letter |
| Doc. No. 177-21 | (Exhibit 17 to Motion) Barnes Letter |
| Doc. No. 177-22 | (Exhibit 18 to Motion) Barnes Letter |
| Doc. No. 177-23 | (Exhibit 19 to Motion) Barnes Letter |
| Doc. No. 177-25 | (Exhibit 21 to Motion) Expert Report of Dr. Matthew W. Norman |
| Doc. No. 179-6 (pp. 36-61) | (Exhibit 11 to Motion) Deposition Testimony of Leah McMillan |
| Doc. No. 187 | Deposition of Leah McMillan and All Exhibits |
| Doc. No. 194-14 | (Exhibit N-9) Expert Report of Dr. Matthew W. Norman |
| Doc. No. 197 | Deposition of Hayden Barnes and All Exhibits |
| Doc. No. 198 | Deposition of Dr. Kevin Winders and All Exhibits |

In addition, the court will keep the certificates of service [Doc. Nos. 120 - 123] filed under seal because those documents contain the plaintiff's social security number.[1]  The court will also permit the plaintiff to file Exhibits 12, 13, 14, 17, and 20 to the plaintiff's motion for summary judgment [Doc. No. 179] under seal.[2] Accordingly, unless specifically identified above, the court DIRECTS the clerk to:

- file Exhibits 12, 13, 14, 17, and 20 to the plaintiff's motion for summary judgment [Doc. No. 179] under seal;

- file Exhibits 15, 16, 18, and 19 to the plaintiff's motion for summary judgment [Doc. No. 179] without seal; and,

- unseal all other documents (motions, briefs, depositions, exhibits, attachments, etc.) currently filed under seal in this matter.

---

[1] However, in the future, the court directs that the parties resolve the issue of concealing social security numbers on their own by filing material containing such information in a redacted format and thereby eliminating the possibility of publishing an individual's social security number in the court's records.

[2] As indicated in the court's previous order [Doc. No. 208], the record in this case shows that the plaintiff failed to file Exhibits 12 through 20 to his motion for summary judgment [Doc. No. 179].  Accordingly, the court directed the plaintiff to submit a courtesy copy of Exhibits 12 through 20 to the court's chambers. Upon receipt, the court reviewed Exhibits 12, 13, 14, 17, and 20, and determined that the plaintiff shall be permitted to file those five exhibits under seal.

3

Furthermore, based upon the parties' abuse of the right to file documents under seal, the court hereby ORDERS that the parties are no longer permitted to electronically submit protective orders to the court that allow matters to be filed with the clerk of the court under seal. Instead, if a party has very good cause to request sealing, the party shall first present to Judge Pannell's chambers a sufficiently supported motion to file under seal. Further, the party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers. Attached to the motion should be the material desired to be sealed.[3] The court will then review the material in camera and make a decision whether to grant or deny the motion to seal. If the court determines that the motion is to be granted, the court will forward the signed motion and accompanying materials to the clerk of the court for entry of the motion on CM/ECF docket and appropriate filing of the sealed materials. If the court

---

[3] As further clarification, the court notes that a mere reference or discussion of confidential information does not warrant the entire document and all attachments to be filed under seal. Instead, the court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information as defined by the court's original protective order [Doc. No. 95]. Furthermore, the parties should not re-file material that the court allowed to remain, or to be filed, under seal in this order. Rather, the parties should simply refer to the material as already filed under seal and specify its location in the court's records.

4

determines that the motion is to be denied, then the court will contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal.

Finally, on January 14, 2010, the court suspended all deadlines pertaining to certain summary judgment motions [Doc. Nos. 164, 167, 177, and 179] (hereinafter referred to as "MSJs containing confidential material"), which were filed under seal. Having resolved the sealing issues with regard to those MSJs containing confidential material [Doc. Nos. 164, 167, 177, and 179] through this order, the court hereby lifts all suspensions in this matter and DIRECTS the parties to comply with the following briefing schedule:

- All response briefs to the MSJs containing confidential material [Doc. Nos. 164, 167, 177, and 179] shall be filed within 7 days of the date of this order; and,

- All reply briefs shall be filed thereafter in accordance with the local rules of this court.

Further, pursuant to Standing Order 04-01 (available at App. H to the Local Rules), the court DIRECTS the parties to provide courtesy copies, with accurately tabbed exhibits, of the MSJs containing confidential material [Doc. Nos. 164, 167, 177, and 179]

to this court's chambers within 7 days of the date of this order.[4]
Moreover, the parties shall provide the court with courtesy copies,
in the same manner, of all response and reply briefs to the MSJs
containing confidential material.

SO ORDERED, this <u>17th</u> day of March, 2010.


<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge

---

[4] The plaintiff shall provide a second courtesy copy of his
motion for summary judgment and exhibits [Doc. No. 179] because the
court's initial copies of Exhibits 12 through 20 were submitted to
the clerk's office.