UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS HAYDEN BARNES,

      Plaintiff,

   v.

RONALD M. ZACCARI,
individually and in his
official capacity as President
of Valdosta State University;
et al.,

      Defendants.

CIVIL ACTION
NO. 1:08-CV-0077-CAP

O R D E R

The purpose of this order is to address documents filed by the parties in this case.

A.    **Procedural and Factual Background**

On February 18, 2010, the court directed the plaintiff to re-file an accurate and more precise list of the particular documents that he wished to remain under seal in this matter [Doc. No. 208]. Furthermore, the court specifically encouraged the plaintiff to verify that all of his exhibits were properly filed with the court.[1]

Subsequently, on March 4, 2010, the plaintiff filed his response to the court's order [Doc. No. 211] in which he specified

_____

[1] The court's directive was based upon the plaintiff's failure to file Exhibits 12 through 20 to his motion for summary judgment [Doc. No. 179].

the documents he wished to remain sealed.  In addition, the plaintiff submitted a courtesy copy of his motion for summary judgment, with all exhibits, to the court's chambers and had a representative meet with the court's docket clerk to address the missing exhibits issue.  Thereafter, the court carefully considered the plaintiff's list of documents to remain under seal and reviewed Exhibits 12, 13, 14, 17, and 20 to the motion for summary judgment to determine if they should be sealed.  Then, upon deciding to grant the plaintiff's request to keep (or place) all of the specified documents under seal, the court issued an order [Doc. No. 211] that directed the clerk to execute the court's ruling.

However, while executing the court's order [Doc. No. 211], the clerk discovered yet another discrepancy in the plaintiff's filing of exhibits.  More specifically, the clerk found that Exhibit 11 to the plaintiff's motion for summary judgment [Doc. No. 179] on file with the court is significantly different than Exhibit 11 to the plaintiff's motion for summary judgment found in the courtesy copy delivered to the court's chambers.[2]

---

[2] Exhibit 11 to the plaintiff's motion for summary judgment on file with the court contains the deposition of Leah McMillan and is approximately 26 pages long.  Meanwhile, Exhibit 11 to the plaintiff's motion for summary judgment found in the courtesy copy submitted to chambers contains McMillan's deposition but is approximately 39 pages long.  This discrepancy causes concern for the court that there are other variances between the 57 exhibits on file with the court and the 57 exhibits contained in the courtesy

**B.    Guidance and Warning to the Parties**

The court has invested entirely too much time addressing the sealing and filing issues in this case.  Accordingly, the court strongly encourages the parties to verify, once again, that they have properly and accurately filed all of their motions for summary judgment and exhibits thereto within 7 days of the date of this order.  Furthermore, the court DIRECTS the plaintiff to submit a brief, within 7 days of the date of this order, that explains the discrepancies found regarding Exhibit 11 and any other errors.

The court is tempted to unseal all of the documents in this case.  Although it does not wish to resort to such a drastic measure, the myriad of problems the sealing of documents in this case has caused and the resulting delays make it clear that sealing of documents, any documents, is overly burdensome in this case.

SO ORDERED, this <u>18th</u> day of March, 2010.

<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge

---

copy submitted to chambers.

3