# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RONALD M. ZACCARI, ) <br> individually and in his official ) <br> capacity as President of Valdosta ) <br> State University; VALDOSTA ) <br> STATE UNIVERSITY; BOARD OF ) <br> REGENTS OF THE UNIVERSITY ) <br> SYSTEM OF GEORGIA; LAVERNE ) <br> GASKINS, individually and in her ) <br> capacity as in-house counsel ) <br> at Valdosta State University; KURT ) <br> KEPPLER, individually and in his ) <br> official capacity as Vice President ) <br> for Student Affairs at Valdosta State ) <br> University; RUSS MAST, individually ) <br> and in his official capacity as Dean of ) <br> Students at Valdosta State University; ) <br> LEAH McMILLAN, individually and ) <br> in her official capacity as a counselor ) <br> at Valdosta State University; and ) <br> VICTOR MORGAN, individually ) <br> and in his official capacity as Director ) <br> of the Valdosta State University ) <br> Counseling Center, ) <br> ) <br> Defendants. ) | Case No. 1:08-CV-077- CAP |

**RESPONSE OF DEFENDANT LAVERNE GASKINS TO PLAINTIFF'S
RULE 56 STATEMENT OF PURPORTEDLY UNDISPUTED FACTS
SUPPORTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Laverne Gaskins, a Defendant in the above case, and, pursuant to Local Rule 56.1(B)(2)(a), files her response to Plaintiff's Statement of Purportedly Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Disputed. The citation provided by the Plaintiff shows Dr. Winders' testimony was actually that Barnes' initial diagnosis was 'depressive disorder not otherwise specified,' after being prescribed an antidepressant by his general physician. [Deposition of Dr. Winders, p. 13.]

11. Admitted.

12. Admitted.

13. Admitted; in further answer, this Defendant shows that Barnes left VSU while on academic probation. [*Ibid.*]

14. Disputed. The citation provided by the Plaintiff shows that the Plaintiff claimed panic disorder, anxiety, and social phobia. [Kimberly Tanner Depo., p. 7]

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Disputed. The citations do not establish the date of publication of the Article, and make no reference to "President Zaccari's plans."

21. Admitted.

22. Admitted, although the "alternatives" were alternative ways to spend the construction cost of the garage; none of the alternatives addressed any parking problems.

23. Admitted.

24. Admitted.

25. This Defendant admits that the Plaintiff has recited the contents of the flyer which he posted on campus.

26. This Defendant disputes that the cited testimony says anything about any inquiry regarding the Plaintiff's "viewpoint," and admits the remainder.

27. Admitted.

28. Admitted.

29. Admitted.

30. This Defendant admits that this Statement describes and recites part of the contents of the Facebook page; but denies that the Statement protests the parking garage, as it mainly protests President Zaccari.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Disputed, as the citation provided shows that the witness sought to help any concerned laypeople or students understand the positive aspects of the planning effort, and believed that information is best provided at the campus level.

39. Admitted.

40. Admitted.

41. Disputed, as President Zaccari *was* questioned about comments he made at that meeting, and did not mention any of the comments claimed by the Plaintiff in this Statement. A question of fact remains on this issue. [Zaccari Depo., pp. 109-119]

42. Disputed, as the Plaintiff was respectful, and listened quietly, but did not engage in a civil exchange of views. The Plaintiff was non-responsive, and was not interested in discussing the points raised by President Zaccari. [Zaccari Depo., pp. 109-119]

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Disputed in part. The statement is correct, except that President Zaccari did not confirm that he had spoken about the Plaintiff. [Zaccari Depo., pp. 198, 199]

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted.

68. Admitted.

69. Disputed in part. This Defendant agrees that the cited testimony is accurately set out in the statement, but shows that the statement is one of law, not fact, made by a party without legal training.

70. Admitted.

71. Admitted.

72. Admitted.

73. Admitted.

74. Admitted.

75. Admitted.

76. Disputed. The citation provides no evidence of the date any of the Facebook content was posted, and misrepresents the note about cleaning out his room, which actually says, "Hayden Barnes is cleaning out and rearranging his room and thus, his mind, or so he hopes." Further, the link to the article about the Virginia Tech shooter and mental illness contains an insert reading "Shoot it. Upload it. Get Famous. Project Spotlight is looking for the next big thing. Are you it?" [Plaintiff's Motion, Exh. 34]

77. Admitted, if the description, "Barnes' advocacy about the parking deck," means President Zaccari's concerns over his meeting with Plaintiff, and Plaintiff's contact of others across the state, and the concern of those others about the Plaintiff's behavior. [McMillan Depo., pp. 18, 19]

78. Disputed. Defendant Zaccari expressed concern not about the Plaintiff's advocacy, but about a series of indirect threats. [McMillan Depo., p. 106]

79. Admitted.

80. Admitted.

81. Admitted.

82. Admitted.

83. Admitted.

84. Admitted.

85. Admitted.

86. Admitted.

87. Admitted.

88. Admitted.

89. Admitted.

90. Admitted.

91. Admitted.

92. Admitted.

93. Admitted.

94. Admitted.

95. Admitted.

96. Admitted.

97. Admitted.

98. Admitted.

99. Disputed. Defendant has already confirmed under oath that this statement is *not* true, but continues to repeat it. In fact, Defendant Gaskins sent an e-mail to Vice Chancellor for Legal Affairs, attorney Elizabeth Neeley, on April 26, 2007, stating:

    > *Today, Dr. Zaccari directed me to pose to you the following question to you.*
    >
    > *Our appeal process provides that decisions of the judicial board may be appealed to the President.*
    >
    > *In the event the President files a complaint against a student for a violation of the Student Code of Conduct and the student wishes to file an appeal, should the appeal go directly to your office (BOR) or should the President appoint a designee (i.e., Dr. Levy)?*

    Clearly, as Plaintiff conceded on deposition, that communication asked only about appeal rights, and not about the method of filing a complaint. [Gaskins Depo., pp. 12, 14-15, and Exh. 4; Barnes Depo., p. 215]

100. Disputed in part. In fact, Chancellor Neeley responded to the inquiry about appeal rights by answering that, where the president files a complaint against a student, that student's appeal must be directed to the Board of Regents, rather than to the President's subordinates, as due process would not otherwise be sufficient. [Gaskins Depo. Exh. 4]

101. Admitted.

102. Admitted.

103. Admitted.

104. Admitted.

105. Admitted.

106. Admitted.

107. Admitted.

108. Disputed in part. Defendant Gaskins actually said that an "emergency withdrawal" must rest on mental health and clear and present danger. [Plaintiff's Summary Judgment Motion Exh. 30, p. 15]

109. Admitted.

110. Admitted. Defendant Gaskins further shows that the memorandum included in the heading the statement, "You should note that due process dictates that the student be apprised of what particular policy has been violated, an opportunity to be heard and also be informed of the appeal process." [Plaintiff's MSJ Exh. 45]

111. Admitted.

112. Disputed. The meeting was not to discuss the possible withdrawal of Plaintiff, but for Defendant Gaskins to advise McMillan, Keppler, and Dr. Morgan that Plaintiff might be withdrawn. [McMillan Depo., p. 132]

113. Admitted.

114. Admitted.

115. Admitted.

116. Admitted.

117. Admitted.

118. Admitted.

119. Admitted.

120. Admitted.

121. Admitted.

122. Admitted.

123. Disputed as stated. In fact, President Zaccari drafted the letter in response to the Plaintiff's appeal, and asked that Defendant Gaskins review it, and put it in the proper format for submissions to the Board of Regents. Gaskins made no substantive contribution to President Zaccari's defense on appeal. [Gaskins Depo., pp. 170-174]

124. This Defendant admits that the appeal and response were initially directed to Chancellor Neeley at the Board of Regents, but shows that, because Chancellor Neeley had previous involvement in the case, the matter was assigned to another attorney in the Board's legal office from the outset. [Neeley Depo., pp. 61-62, 66-69]

125. Admitted.

126. Admitted.

This 24th day of March, 2010.

                                    **BRANNEN, SEARCY & SMITH, LLP**
                              By:   /s/ David R. Smith

Post Office Box 8002              **DAVID R. SMITH**
Savannah, GA 31412             Georgia State Bar No. 655587
(912) 234-8875                   **BEVERLY G. O'HEARN**
                                      Georgia State Bar No. 287650
                                      *Attorneys for Defendant*
                                      *Laverne Gaskins*

## CERTIFICATE OF SERVICE

This is to certify that a copy of *Defendant Laverne Gaskins' Opposition to Plaintiff's Motion for Summary Judgment* has been served electronically on all parties as follows:

| | |
|---|---|
| Matthew R. LaVallee, Esq.<br>Paul R. Kosters, Esq.<br>Dailey, Koster & LaVallee, LLC<br>Overlook I 2849 Paces Ferry Road<br>Suite 160<br>Atlanta, GA 30339 | Robert Corn Revere, Esq.<br>Christopher A. Fedeli, Esq.<br>Lisa Zycherman, Esq.<br>Erin Reid, Esq.<br>DAVIS WRIGHT TREMAINE, LLP<br>1500 K Street, NW, Suite 450<br>Washington, D.C. 20001 |
| David C. Will, Esq.<br>Holly Hance, Esq.<br>ROYAL, WASHBURN & WILL<br>4799 Sugarloaf Parkway, Bldg. J<br>Lawrenceville, GA  30044 | Cary S. Wiggins, Esq.<br>Irma Espino, Esq.<br>Susan Julian, Esq.<br>WIGGINS LAW GROUP<br>260 Peachtree Street, N.W., Suite 401<br>Atlanta, GA 30303 |

This 24th day of March, 2010.

Post Office Box 8002
Savannah, GA 31412
(912) 234-8875

By:  **BRANNEN, SEARCY & SMITH, LLP**
/s/ David R. Smith
**DAVID R. SMITH**
Georgia State Bar No. 655587
**BEVERLY G. O'HEARN**
Georgia State Bar No. 287650
*Attorneys for Defendant Laverne Gaskins*