# EXHIBIT 1

# ROYAL - WILL

Law Firms
Including Professional Corporations

David C. Will
dwill@royallaw.net
www.royallaw.net

4799 Sugarloaf Parkway
Building J
Lawrenceville, Georgia  30044
(770) 814-8022  •  FAX (770) 814-8360

January 7, 2010

Mr. Cary Stephen Wiggins
Wiggins Law Group
260 Peachtree Street, NW, Suite 401
Atlanta, GA 30303

Re:   Thomas Hayden Barnes v. Ronald M. Zaccari et al
      Civil Action No. 1:08-CV-0077-CAP; United States District Court

Dear Cary:

In preparing our response to the Plaintiff's Motion to Exclude Dr. Norman, it came to my attention that Dr. Norman has never been paid for his time for sitting for his deposition. You may recall that there was some wrangling prior to his deposition over the payment of his fees for responding to the notice to produce, but that issue was resolved and he was paid for those fees and expense at the beginning of his deposition.

We were still at the conference table at the conclusion of his deposition when payment of his fees for the deposition were discussed. Bob Corn-Revere specifically told Dr. Norman that he would be paid promptly for his time and further agreed to pay Dr. Norman's fees for the time in reading his deposition after the transcript was prepared. He has not done so.

When the discussions were taking place regarding payment for the pre-deposition expenses, I spoke with Bob and asked him if his desire to have me pay the expenses and be reimbursed by him was because of cash flow issues with Davis, Wright & Tremaine, or bureaucratic issues in their firm in getting a check issued, and he assured me that was not the case. I can only therefore conclude that the failure to pay Dr. Norman is the result of negligence or indifference on the part of your colleagues or a deliberate refusal by them to make payment. In either event, it is unprofessional and certainly not in keeping with how experts are compensated for their depositions in this district.

I am therefore calling upon you, in your role as local counsel for the Plaintiff, to either pay Dr. Norman or to arrange for your Washington colleagues to do so.

If you have any questions regarding this matter, or wish to discuss it with me, please give me a call.

Best regards.

Sincerely,

ROYAL – WILL

David C. Will

DCW/jme

# EXHIBIT 2



1919 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006-3402

**Robert Corn-Revere**
202.973.4225 tel
202.973.4439 fax

bobcornrevere@dwt.com

January 26, 2010

David C. Will, Esq.
Royal Washburn Will
4799 Sugarloaf Parkway
Building J
Lawrenceville, Georgia 30044

Re:   *Barnes v. Ronald M. Zaccari, et al.*, Case 1:08-CV-077-CAP

Dear David,

I am certain that it will come as a great relief for you to know that I have authorized payment for your mercenary friend, Dr. Norman. I am not exactly certain when you became his collection agent, but your actions in this regard were entirely unnecessary.

Separately, I became aware of your January 7, 2010 letter to my co-counsel Cary Wiggins, in which you demanded payment for Dr. Norman. Really, David, you could have contacted me directly. I don't bite. But your reluctance to engage with me is perhaps understandable in light of your decision to use that letter to make false statements about the events at issue. For example, you never asked me if our reluctance to pay Norman in advance before the deposition was because of "cash flow" or firm bureaucracy, because you were fully aware of my actual concerns about Dr. Norman's bill. As I explained to you in a telephone call before the deposition, I refused to pay Dr. Norman in advance for the deposition and associated time based on a phony invoice that purported to record fictitious hours "spent" on the case. At the time, you even said that you understood my unwillingness to pay $7,500 in advance on an invoice for hours not actually spent.

I did tell you at Dr. Norman's deposition that he would be paid for time actually associated with discovery beyond the payment I tendered on that date for the

January 26, 2010
Page 2

deposition itself, and I stand by that. But as you know, after the deposition we moved for Dr. Norman's disqualification as an expert witness and asked the Court to award sanctions, including payment by you of the associated costs. At the outset of the deposition, I did not fully appreciate the extent to which you were willing to mislead the Court on the timing and reasons for your engagement of Dr. Norman. Once we filed the motion, I felt that the obligation to pay Dr. Norman's additional invoices would be sorted out, one way or the other, by the Court's ruling on our motion. Since then, however, briefing on that motion has been delayed by the issues surrounding the protective order, so I authorized payment of Dr. Norman's invoices.

Of course, we could have resolved all of this in a 10 minute phone conversation if you had bothered to call me. Instead, you chose to write a whiny letter to my local counsel, demanding payment and making baseless charges. In the future, if you have issues you want to confront, you should work up the fortitude to contact me directly.

Sincerely,

Robert Corn-Revere

cc: Cary Wiggins

# EXHIBIT 3

# ROYAL - WILL

Law Firms
Including Professional Corporations

4799 Sugarloaf Parkway
Building J
Lawrenceville, Georgia 30044
(770) 814-8022 • FAX (770) 814-8360

www.royallaw.net

David C. Will
dwill@royallaw.net

February 1, 2010

Mr. Robert Corn-Revere
Davis Wright Tremaine, LLP
Suite 200
1919 Pennsylvania Avenue, NW
Washington, DC 20006-3402

Re: **Thomas Hayden Barnes v. Ronald M. Zaccari et al**
**Civil Action No. 1:08-CV-0077-CAP; United States District Court**

Dear Bob:

I have your letter of January 26, 2010.

Thank you for making payment to Dr. Norman. My interest in seeing that he was paid was due to my desire to see professionals treated professionally. Additionally, having been present when you personally assured him that payment would be made <u>by you</u>, I was surprised to learn that you had not paid him.

I also appreciate your correcting me as to the erroneous statements as to whether there was an issue of "cash flow" or "firm bureaucracy" that would prevent payment from being made. Holly has reminded me that she believed those comments were made in my call with Erin Reid, and not with you. Finally, as to the reason that I did not discuss with you the matter by phone, I apparently erroneously assumed that you would continue to refuse payment based on the reasons set forth in your letter. I am glad to hear that I was wrong.

Best regards.

Sincerely,

ROYAL – WILL

David C. Will

DCW/jme

cc: Mr. Cary Wiggins