# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

THOMAS HAYDEN BARNES,

      Plaintiff,

v.

RONALD M. ZACCARI, et al.,

      Defendants.

CASE NO.
1:08-cv-00077-CAP

## DEFENDANT LEAH McMILLAN'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW **LEAH MCMILLAN**, a Defendant in the above-styled action, and responds to Plaintiff's First Interrogatories and Request for Production of Documents as follows:

## GENERAL OBJECTIONS

1.

Defendant objects to each and every Interrogatory and Request for Production to the extent it would require Defendant to respond by disclosing Defendant's attorneys mental impressions, conclusions,

opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, other work product or the like on the ground that said Interrogatory or Request for Production exceeds the permissible scope of discovery under the applicable rules of civil practice.

2.

Defendant objects to each and every Interrogatory and Request for Production to the extent that it, whether standing alone or taken in conjunction with any other discovery request, is calculated or would operate to annoy, oppress, or unduly burden Defendant or would require Defendant to engage in investigative efforts burdensome to the point of oppression on the ground that said Interrogatory or Request for Production exceeds the permissible scope of discovery under the applicable rules of civil procedure.

3.

Defendant objects to each and every Interrogatory and Request for Production to the extent that it requires Defendant to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action and not reasonably calculated to lead to discovery of admissible evidence on the ground that said Interrogatory or Request for

Production exceeds the permissible scope of discovery under the applicable rules of civil procedure.

4.

Defendant objects to each and every Interrogatory and Request for Production to the extent that it requires Defendant to respond by waiving Defendant's attorney/client privilege on the ground that said Interrogatory or Request for Production exceeds the permissible scope of discovery under the applicable rules of civil procedure.

5.

Defendant objects to each and every Interrogatory and Request for Production to the extent that it requires Defendant to respond by summarizing for Plaintiff the knowledge of persons or witnesses who may have knowledge of facts relevant to the subject matter of this action on the grounds that said Interrogatory or Request for Production would be unduly vexatious or unduly burdensome to respond to or would require Defendant to engage in investigative efforts burdensome to the point of oppression and therefore said Interrogatory or Request for Production exceeds the permissible scope of discovery under the applicable rules of civil procedure.

6.

Defendant objects to the introductory Instructions and Definitions of Plaintiff's First Interrogatories and Requests for Production to the extent they attempt to impose duties or obligations on this Defendant not otherwise required by law.

Without waiving the foregoing objections, Defendant Leah McMillan responds as follows:

**INTERROGATORY NO. 1**

"Identify each person having discoverable information that tends to support a position that You have taken or intend to take in this action, and disclose the substance of the information possessed by that person."

**RESPONSE**

Defendant McMillan objects to this Interrogatory on the ground that it seeks discovery of mental impressions and legal theories concerning this litigation that require this Defendant to draw legal conclusions for the benefit of Plaintiff—all of which exceed the permissible scope of discovery under the Federal Rules of Civil Procedure. This Defendant objects to this Interrogatory as it constitutes an impermissible attempt by Plaintiff to require Defendant to put forth her case at a very early stage of discovery,

before all factual discovery has been completed.  See Fed.R.Civ.P. 33(a)(2) ("the court may order that the interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or some other time.").

Subject to and without waiving these objections, Defendant McMillan states that persons who may have discoverable information that she may rely on in this matter where previously identified in her response to Initial Disclosure No. 5, Attachment "A".  Stating further, Defendant McMillan states that Ms. Amanda Tillman may have discoverable information regarding this Defendant's whereabouts on May 3, 2007.  Lastly, Defendant McMillan states that Plaintiff's mother, Kelly J. Burke, may have discoverable information that she may rely on in this matter.  This Defendant will supplement this Response in accordance with the Federal Rules as further information becomes available.

**INTERROGATORY NO. 2**

"If You intend to rely upon any documents or other tangible things to support a position that You have taken or intend to take in the action, provide a brief description, by category and location, of each such document and other tangible thing, and identify all persons having possession, custody, or control of them."

## RESPONSE

Defendant McMillan objects to this Interrogatory on the ground that it seeks discovery of mental impressions and legal theories concerning this litigation that require this Defendant to draw legal conclusions for the benefit of Plaintiff—all of which exceed the permissible scope of discovery under the Federal Rules of Civil Procedure.  This Defendant objects to this Interrogatory as it constitutes an impermissible attempt by Plaintiff to require Defendant to put forth her case at a very early stage of discovery, before all factual discovery has been completed.  See Fed.R.Civ.P. 33(a)(2) ("the court may order that the interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or some other time.").

Subject to and without waiving these objections, Defendant McMillan states that the documents or other tangible things that she may rely on in this matter, along with the people who have custody and control thereof, where previously identified in her responses to Initial Disclosures, Attachments "A" and "C".  Stating further, Defendant McMillan states that she may rely on the letter she wrote, per Plaintiff's request and with his authorization, to the Board of Regents and the Office of the President at Valdosta State University on May 8, 2007.  Additionally, Defendant McMillan may rely on

the letter she wrote, per Plaintiff's request and with his authorization, to attorney Brigham J. Bowen, on December 11, 2007, along with the documentation attached to said letter (December 5, 2007 letter from Mr. Bowen with signed authorization attached, and portions of Plaintiff's counseling records). Defendant McMillan also may rely on a draft of a letter that Plaintiff's mother—Kelly J. Burke—was planning on writing to Defendant Ronald Zaccari in an attempt have Plaintiff reinstated to Valdosta State University. Defendant McMillan was asked by Plaintiff to review said letter. Lastly, Ms. McMillan may rely on documentation showing her whereabouts on May 3, 2007, and on releases of information signed by Plaintiff. This Defendant will supplement this Response in accordance with the Federal Rules as further information becomes available.

## INTERROGATORY NO. 3

"Identify and describe all communications between You and any Person concerning any matter alleged in the Complaint."

## RESPONSE

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, overly broad, and therefore not reasonably calculated to lead the discovery of admissible evidence. Defendant McMillan further objects to this Interrogatory insofar as it seeks information that is protected by the

attorney-client, work product, or other legal privileges.

## INTERROGATORY NO. 4

"Identify and describe all communications between You and Plaintiff, other than documents exchanged through Litigation."

## RESPONSE

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, and overly broad, therefore seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant McMillan further objects to this Interrogatory as it seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so.

Subject to and without waiving these objections, Defendant McMillan states that she provided counseling and/or had communications with Plaintiff from approximately September 9, 2005-September 29, 2005, and again from February 5, 2007-December 13, 2007.

## INTERROGATORY NO. 5

"Specifically identify all communications in which you stated that Plaintiff was not a threat to himself, VSU campus security, or any VSU

employee, agent, or student, including the names of the parties to such communications, the date, time and substance of such communications, and all witnesses thereto."

## RESPONSE

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, and overly broad, therefore seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Stating further, Defendant McMillan objects to this Interrogatory insofar as it seeks information subject to the attorney-client privilege and seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so.

Subject to and without waiving these defenses, Defendant McMillan states that she may have expressed to, or in the presence of, the following individuals her belief that Plaintiff was not a threat to himself or others: (1) Major Ann Farmer with the Valdosta State University Police Department; (2) Defendant Ronald M. Zaccari; (3) Defendant Victor Morgan; (4) Defendant Kurt Keppler; (5) Defendant Laverne Gaskins; (6) Dr. Kevin Winders; (7) Dr. John Grotgen; (8) Valdosta State University Counseling

Center staff.

## INTERROGATORY NO. 6

"Specifically identify and describe any communications about which you are aware in which any person stated that the Plaintiff was not a threat to himself, VSU campus security, or any VSU employee, agent, or student, including the names of the parties to such communications, the date, time and substance of such communications, and all witnesses thereto."

## RESPONSE

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, and overly broad, therefore seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Stating further, Defendant McMillan objects to this Interrogatory insofar as it seeks information subject to the attorney-client privilege and disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so. Subject to and without waiving these defenses, Defendant McMillan refers Plaintiff to her Response to Interrogatory No. 5.

## INTERROGATORY NO. 7

"Specifically identify and describe any communications about which

you are aware in which any person stated that the plaintiff was a threat to himself, VSU campus security, or any VSU employee, agent, or student, including the names of the parties to such communications, the date, time and substance of such communications, and all witnesses thereto."

## RESPONSE

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, and overly broad, therefore seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Stating further, Defendant McMillan objects to this Interrogatory insofar as it seeks information protected by the attorney-client privilege and seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so. Subject to and without waiving these objections, Defendant McMillan states as follows: (1) On April 20, 2007, Dr. John Grotgen, Associate Director of the Valdosta State University Counseling Center, received a telephone call from Major Ann Farmer with the Valdosta State University Police Department stating that Defendant Ronald Zaccari felt in danger of Plaintiff based on threats made by Plaintiff to Defendant Ronald Zaccari. Dr. Grotgen stated that Defendant McMillan

11

was Plaintiff's counselor and that he would have her contact the University Police regarding the possible danger to Defendant Ronald Zaccari. Defendant McMillan then called the University Police and spoke with Major Ann Farmer, who reiterated the above to Defendant McMillan; (2) Defendant Ronald M. Zaccari (See Response to Interrogatory No. 11, *infra*.)

## INTERROGATORY NO. 8

"Specifically identify and describe all communications between you and the other Defendants regarding the Plaintiff."

## RESPONSE

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, and overly broad, therefore seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Stating further, Defendant McMillan objects to this Interrogatory insofar as it seeks information protected by the attorney-client privilege and seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so.

## INTERROGATORY NO. 9

"Identify and describe all communications regarding any request for

additional campus security services to protect Defendant Ronald Zaccari in April or May 2007."

**RESPONSE**

Defendant McMillan objects to this Interrogatory as being vague and ambiguous.  Subject to and without waiving these objections, Defendant McMillan states she believes Major Ann Farmer with the Valdosta State University Police Department and Defendant Ronald Zaccari made comments to her that additional security had, or was going to be, put in place to protect Defendant Ronald Zaccari in April or May 2007.

**INTERROGATORY NO. 10**

"Identify and describe all communications about which you are aware regarding any request for additional campus security services to protect any other VSU employee or student in April or May 2007."

**RESPONSE**

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Defendant McMillan refers Plaintiff to her Response to Interrogatory No. 7 and Interrogatory No. 9.

## INTERROGATORY NO. 11

"Identify and describe all communications between you and Defendant Ronald Zaccari regarding Your treatment of Plaintiff at the VSU counseling center."

## RESPONSE

Defendant McMillan objects to this Interrogatory as being vague and ambiguous.   Stating further, Defendant McMillan objects to this Interrogatory insofar as it seeks information protected by the attorney-client privilege and seeks disclosure of confidential information regarding Plaintiff's treatment.  Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so.  Subject to and without waiving these objections, Defendant McMillan states as follows:  At Plaintiff's request, and with his authorization, on May 8, 2007, Defendant McMillan hand delivered a letter to Defendant Ronald Zaccari that she had written to the Board of Regents and the Office of the President at Valdosta State University regarding Plaintiff's therapeutic treatment.  (See Response to Interrogatory No. 2).  Aside from this letter, Defendant McMillan did not communicate with Defendant Ronald Zaccari regarding the specifics of her treating Plaintiff.

14

On April 24, 2007, Defendant McMillan was summoned to Defendant Ronald Zaccari's office, during which time Defendant Ronald Zaccari expressed to her that he was fearful of Plaintiff.   Defendant McMillan expressed to Defendant Ronald Zaccari her observations regarding Plaintiff's current behavior and specifically stated that she did not believe Plaintiff was a threat to himself or anyone else.   Defendant McMillan told Defendant Ronald Zaccari that her next scheduled appointment with Plaintiff was on April 26, 2007.

On April 26, 2007, Defendant McMillan was again summoned to meet with Defendant Ronald Zaccari, and believes that Defendant Keppler and Defendant Morgan were in attendance.   Defendant Ronald Zaccari once again expressed his fears of Plaintiff.   Defendant McMillan expressed to Defendant Ronald Zaccari that Plaintiff had been a no-show for his appointment with her that morning.   Defendant McMillan further expressed to Defendant Ronald Zaccari that she had been in touch with Plaintiff's psychiatrist and suggested that Plaintiff be re-evaluated.     Defendant McMillan again reiterated to Defendant Ronald Zaccari her observations regarding Plaintiff's current behavior and specifically stated that she did not believe Plaintiff was a threat to himself or anyone else.

15

## INTERROGATORY NO. 12

"Identify and describe all communications between you and Defendant Laverne Gaskins regarding Your treatment of Plaintiff at the VSU counseling center."

## RESPONSE

Defendant McMillan objects to this Interrogatory as being vague and ambiguous, and further objects insofar as it seeks information protected by the attorney-client privilege. Subject to and without waiving this objection, Defendant McMillan states that she has not discussed any specifics regarding her treatment of Plaintiff with Defendant Laverne Gaskins. Stating further, Defendant McMillan states that she was summoned to a meeting held by Defendant Laverne Gaskins on May 7, 2007, which was also attended by Defendant Morgan and Defendant Keppler. Defendant Gaskins indicated that Plaintiff may be administratively withdrawn from Valdosta State University. Defendant McMillan expressed to Defendant Gaskins that she did not believe that Plaintiff was a threat to himself or anyone else.

## INTERROGATORY NO. 13

"Identify and describe all communications between you and Defendant Kurt Keppler regarding Your treatment of Plaintiff at the VSU

16

counseling center."

**RESPONSE**

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, and overly broad, therefore seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Stating further, Defendant McMillan objects to this Interrogatory insofar as it seeks information protected by the attorney-client privilege and seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so.    Subject to and without waiving these objections, Defendant McMillan states that she has not discussed specifics regarding her treatment of Plaintiff with Defendant Keppler. By way of further response, Defendant McMillan refers Plaintiff to her Response to Interrogatories No. 11 and No. 12.

**INTERROGATORY NO. 14**

"Identify and describe all communications between you and Defendant Russ Mast regarding Your treatment of Plaintiff at the VSU counseling center."

17

**RESPONSE**

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, and overly broad, therefore seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant McMillan states that she did not communicate with Defendant Mast regarding the specifics of her treating Plaintiff. On April 26, 2007, Defendant McMillan mentioned to Defendant Mast that Plaintiff had been a no show for his appointment.

**INTERROGATORY NO. 15**

"Identify and describe all communications between you and Defendant BOR regarding Your treatment of Plaintiff at the VSU counseling center."

**RESPONSE**

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, and overly broad, therefore seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant refers Plaintiff to her Response to Interrogatories No. 2 and No. 11.

**INTERROGATORY NO. 16**

"Identify and describe all communications between you and

18

Defendant VSU or any of its agents regarding Your treatment of Plaintiff at the VSU counseling center."

**RESPONSE**

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, and overly broad, therefore seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Stating further, Defendant McMillan objects to this Interrogatory insofar as it seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so.

**INTERROGATORY NO. 17**

"Identify and describe all communications between you and Dr. Kevin Winders regarding Your treatment of Plaintiff at the VSU counseling center."

**RESPONSE**

Defendant McMillan objects to this Interrogatory as being vague and ambiguous. Stating further, Defendant McMillan objects to this Interrogatory insofar as it seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing

19

confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so.

## INTERROGATORY NO. 18

"Identify and describe all communications between you and any VSU counseling center employee or agent regarding Your treatment of Plaintiff at the VSU counseling center."

## RESPONSE

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, and overly broad, therefore seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Stating further, Defendant McMillan objects to this Interrogatory insofar as it seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so.

## INTERROGATORY NO. 19

"Specifically describe all meetings, discussions, or actions in which you participated in connection with the decision to "administratively withdraw" the Plaintiff from VSU."

**RESPONSE**

Defendant McMillan objects to this Interrogatory as being vague, ambiguous, and overly broad, therefore seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant McMillan states that she has never participated in any decision to administratively withdraw Plaintiff from VSU. As stated previously (Response to Interrogatory No. 12), Defendant McMillan was informed that Plaintiff may be administratively withdrawn, to which she responded by stating that she did not think Plaintiff was a threat to himself or anyone else.

**INTERROGATORY NO. 20**

"Did Defendant Zaccari or any VSU employee bring to your attention the Plaintiff's inquiry regarding building an atlatl for a VSU archeology class project?"

**RESPONSE**

Defendant McMillan objects to this Interrogatory as being vague and ambiguous. Subject to and without waiving these objections, Defendant McMillan states no.

**INTERROGATORY NO. 21**

"Do you believe that Plaintiff's inquiry about building an atlatl for a

21

VSU archeology class project made him a "clear and present danger" to himself or any other person?"

**RESPONSE**

Defendant McMillan objects to this Interrogatory as being vague and ambiguous and speculative in nature.

**REQUEST FOR PRODUCTION NO. 1**

"Produce all documents identified in your responses to the preceding Interrogatories, and identify each Interrogatory or Interrogatories to which the document relates."

**RESPONSE**

Defendant McMillan objects to this Request as it seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so. Defendant McMillan further objects to this Request as it calls for the production of documents that are already in Plaintiff's possession. Subject to and without waiving these objections, please see the attached.

**REQUEST FOR PRODUCTION NO. 2**

"Produce all documents relating to communications between You and

Defendant Ronald Zaccari regarding Your treatment of Plaintiff at the VSU counseling center."

**RESPONSE**

Defendant McMillan objects to this Request as it seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so. Defendant McMillan further objects to this Request as it calls for the production of documents that are already in Plaintiff's possession. Subject to and without waiving these objections, Defendant McMillan refers Plaintiff to her Response to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 3**

"Produce all documents relating to communication between You and Defendant Laverne Gaskins regarding Your treatment of Plaintiff at the VSU counseling center."

**RESPONSE**

Defendant McMillan states that there are no such documents.

**REQUEST FOR PRODUCTION NO. 4**

"Produce all documents relating to communications between You and Defendant Kurt Keppler regarding Your treatment of Plaintiff at the VSU

counseling center."

## RESPONSE

Defendant McMillan states that there are no such documents.

## REQUEST FOR PRODUCTION NO. 5

"Produce all documents relating to communications between You and Defendant Russ Mast regarding Your treatment of Plaintiff at the VSU counseling center."

## RESPONSE

Defendant McMillan states that there are no such documents.

## REQUEST FOR PRODUCTION NO. 6

"Produce all documents relating to communications between You and Defendant BOR regarding Your treatment of Plaintiff at the VSU counseling center."

## RESPONSE

Defendant McMillan objects to this Request as it seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so. Defendant McMillan further objects to this Request as it calls for the production of documents that are already in Plaintiff's

possession.   Subject to and without waiving these objections, Defendant McMillan refers Plaintiff to her Response to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 7**

"Produce all documents relating to communications between You and Defendant VSU or any of its agents regarding Your treatment of Plaintiff at the VSU counseling center."

**RESPONSE**

Defendant McMillan objects to this Request because she is not the custodian of Plaintiff's Valdosta State University Counseling Center Records, and as such, does not have custody or control of the records sought herein.   Stating further, Defendant McMillan objects to this Request as it seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so.

**REQUEST FOR PRODUCTION NO. 8**

"Produce all documents relating to communications between You and Dr. Kevin Winders regarding Your treatment of Plaintiff at the VSU counseling center."

**RESPONSE**

Defendant McMillan objects to this Request as it seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so. Furthermore, Defendant McMillan objects to this Request as it seeks documentation that Plaintiff already has in his possession.

**REQUEST FOR PRODUCTION NO. 9**

"Produce all documents relating to communications between You and any VSU Counseling Center employee regarding Your treatment of Plaintiff at the VSU counseling center."

**RESPONSE**

Defendant McMillan objects to this Request because she is not the custodian of Plaintiff's Valdosta State University Counseling Center Records, and as such, does not have custody or control of the records sought herein. Stating further, Defendant McMillan objects to this Request as it seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court

26

Order granting her permission to do so.

## REQUEST FOR PRODUCTION NO. 10

"Produce all documents relating to safety concerns for any VSU employee, agent, or student arising from the facts set forth in the Complaint."

## RESPONSE

Defendant McMillan objects to this Request as being vague and ambiguous and that it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant McMillan states that the attached documents were brought to her office by a member of Defendant President Zaccari's staff on April 26, 2007. It is Defendant McMillan's understanding that President Zaccari viewed these documents as reasons for why Defendant Zaccari feared Plaintiff.

## REQUEST FOR PRODUCTION NO. 11

"Produce all documents relating to concerns that Plaintiff posed a safety threat to himself or any VSU employee, agent, or student."

## RESPONSE

Defendant McMillan objects to this Request as being vague and ambiguous and that it seeks information not reasonably calculated to lead to

the discovery of admissible evidence. Subject to and without waiving these objections, Defendant McMillan refers Plaintiff to her Response to Request No. 11.

## REQUEST FOR PRODUCTION NO. 12

"Produce all documents indicating that Plaintiff posed no safety threat to himself or any VSU employee, agent, or student."

## RESPONSE

Defendant McMillan objects to this Request as it seeks disclosure of confidential information regarding Plaintiff's treatment. Defendant McMillan objects to disclosing confidential information regarding Plaintiff's treatment absent a signed release from Plaintiff or Court Order granting her permission to do so. Defendant McMillan further objects to this Request as it calls for the production of documents that are already in Plaintiff's possession. Subject to and without waiving these objections, Defendant McMillan refers Plaintiff to her Response to Interrogatory No. 2.

This 6th day of March, 2009.

MATTHEW R. LAVALLEE
Georgia Bar No. 438196
Attorney for Defendant
LEAH McMILLAN

**DALEY, KOSTER & LAVALLEE, LLC**
Overlook I, Suite 160
2849 Paces Ferry Road
Atlanta, GA 30339
(678) 213-2401 (phone)
(678) 213-2406 (facsimile)
mlavallee@dkllaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

THOMAS HAYDEN BARNES,

      Plaintiff,

v.

RONALD M. ZACCARI, et al.,

      Defendants.

CASE NO.
1:08-cv-00077-CAP

## CERTIFICATE OF SERVICE

This is to certify that on March 6, 2009, I served a copy of

**DEFENDANT LEAH McMILLAN'S RESPONSES TO PLAINTIFF'S**

**FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION**

**OF DOCUMENTS** to all counsel and parties of record listed below via U.

S. Mail and have filed this Certificate of Service with the Clerk of Court

using the CM/ECF system.  Sent via U.S. Mail to:

**Attorneys for Plaintiff**
Cary Stephen Wiggins
Cook Youngelson & Wiggins
260 Peachtree St NW Ste 401
Atlanta, GA 30303
cary@cywlaw.com

Robert Corn-Revere
Davis Wright Tremaine, LLP
1919 Pennsylvania Ave NW Ste 200
Washington, DC 20006
bobcornrevere@dwt.com

**Attorney for Defendants**
Cristina Correia
State of Georgia Law Department
40 Capitol Sq SW Ste 210
Atlanta, GA 30334
ccorreia@law.ga.gov

This 6th day of March, 2009.

*s/ Matthew R. LaVallee*
MATTHEW R. LAVALLEE
Georgia Bar No. 438196
Attorney for Defendant
LEAH McMILLAN

**DALEY, KOSTER & LAVALLEE, LLC**
Overlook I, Suite 160
2849 Paces Ferry Road
Atlanta, GA 30339
(678) 213-2401 (phone)
(678) 213-2406 (facsimile)
mlavallee@dkllaw.com