EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS HAYDEN BARNES,                    )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        Case No. 1-08-CV-077-CAP
                                         )
RONALD M. ZACCARI, individually          )
and in his official capacity as President of  )
Valdosta State University; VALDOSTA      )
STATE UNIVERSITY; BOARD OF               )
REGENTS OF THE UNIVERSITY                )
SYSTEM OF GEORGIA; LAVERNE               )
GASKINS, individually and in her         )
capacity as in-house counsel at          )
Valdosta State University; KURT          )
KEPPLER, individually and in his         )
official capacity as Vice President for   )
Student Affairs at Valdosta State        )
University; RUSS MAST, individually      )
and in his official capacity as Dean of   )
Students at Valdosta State University;   )
LEAH McMILLAN, individually and in       )
her official capacity as a counselor at   )
at Valdosta State University; and VICTOR )
MORGAN, individually and in his official )
capacity as Director of the Valdosta State )
University Counseling Center,            )
                                         )
        Defendants.                      )

## DEFENDANT LAVERNE GASKINS'
## SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES
## AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Laverne Gaskins, a Defendant in the above case, and supplements her

previously served responses to Plaintiff's First Interrogatories and Request for Production of

Documents, as follows:

**Interrogatory No. 3**

Identify and describe all communications between you and any person concerning any matter alleged in the Complaint.

**Response:**    This Defendant first became aware of any issue involving the Plaintiff after Defendant Zaccari received copies of the Plaintiff's Facebook materials, and expressed his concern over their meaning. This Defendant kept no record of the exact date and time of subsequent communications, but, on several occasions thereafter, Defendant Zaccari expressed to this Defendant his fear for his personal safety and the safety of the campus community in the context of Plaintiff's behavior, as perceived by Zaccari. In general discussions about what could be done to remove the perceived threat posed by Plaintiff, this Defendant advised Zaccari of the constitutional guarantees afforded students, including due process requirements, as well as ADA concerns and applicable policies and procedures relative to withdrawals.

This Defendant also was present with Defendant Zaccari during a speakerphone conversation with Board of Regents counsel Elizabeth Neely on or about May 1, 2007, in which Defendant Zaccari sought legal advice from Neely regarding how to address his perceived problem with the Plaintiff. Neely advised Defendant Zaccari of his options for withdrawal of Barnes, and stressed the need to protect the campus community. During that conversation, this Defendant expressed to Defendant Zaccari and to Neely her concerns about safeguarding constitutional guarantees, due process, and ADA requirements.

During a subsequent conversation on or about May 4, 2007, this Defendant again advised Zaccari of her concerns regarding the constitutional rights afforded to students, including due process rights, and ADA requirements. During that conversation, Defendant Zaccari asked that this Defendant assist him in drafting a letter to Plaintiff communicating his withdrawal.

This Defendant participated in two (2) meetings with Defendant Zaccari and Defendants Keppler, Mast, and Morgan. Defendant Zaccari convened each of those meetings to discuss his concerns regarding the Plaintiff. Defendant Zaccari expressed his concerns regarding the Plaintiff's behavior and actions, and his perception of his options for addressing the problem. At each meeting, this Defendant counseled that any attempt to expel, remove or withdraw Plaintiff from Valdosta State University would require that his due process rights be respected.

On May 4, 2007, this Defendant prepared a memorandum for Zaccari, providing a draft of a proposed withdrawal letter requested by Defendant Zaccari, together with a statement from this Defendant setting out the requirements of due process implicated in any withdrawal, and providing copies of policies dealing with the withdrawal issue. Defendant Zaccari later directed this Defendant to revise the proposed letter, prepared for Defendant Zaccari's signature, and this Defendant did so.

Some time after the withdrawal of Plaintiff from Valdosta State University, Defendant Zaccari showed this Defendant a letter he had written to Elizabeth Neely, explaining his actions in the withdrawal of Plaintiff.

This Defendant acted as an assistant for counsel from the Attorney General's office in coordinating communications and appearances needed by Valdosta State University staff members during the administrative appeal of the Plaintiff's withdrawal.This Defendant communicated such scheduling information with other Defendants in this case.

**Interrogatory No. 4**

Specifically identify and describe all communications between you and Defendant Zaccari during the period prior to April 20, 2007, through the present concerning Plaintiff, including, but not limited to, communications concerning Zaccari's concerns, or lack thereof, of any danger Plaintiff posed to others.

3

**Response:**    All such communications are described in this Defendant's answer to interrogatory number 3, above.

**Interrogatory No. 5**

Specifically identify and describe all communications between you and Defendant Zaccari during the period prior to April 20, 2007, through the present concerning Plaintiff, including, but not limited to, communications setting forth Zaccari's concerns about Plaintiff's protests about the construction of parking garages on the VSU campus.

**Response:**    None, other than incidentally as described in answer number 3 above.

**Interrogatory No. 8**

Specifically identify all communications between you and Betsy Neely relating to Plaintiff or VSU's and the Board's policies and procedures, concerning administration responses, initiation of, or involvement in complaints concerning violations of the Student Code of Conduct.

**Response:**    See the speakerphone conversation described in answer number 3, above. This Defendant also exchanged fax messages with Betsy Neely regarding that subject on April 26, 2007.

**Interrogatory No. 12**

Identify and describe all communications between you and Leah McMillan regarding Plaintiff.

**Response:**    None, other than e-mail exchanges regarding legal restrictions on the production of Plaintiff's psychological records at Plaintiff's request during the administrative appeal of the Plaintiff's withdrawal.

**Interrogatory No. 13**

Specifically identify and describe all communications by and between you and Defendant Zaccari in connection with the decision to "administratively withdraw" Plaintiff from VSU. In addition, please identify and describe any and all subsequent communications by between you and any employee of Valdosta State University relating to or discussing the communications described in this Interrogatory.

**Response:**    All communications covered by this Interrogatory are disclosed in answer number 3, above.

**Interrogatory No. 14.**

Specifically identify and describe all communications between you and other Defendants regarding the Plaintiff.

**Response:**    See answer number 3, above.

**Interrogatory No. 15.**

Specifically identify and describe all communications by and between you and any employee of Valdosta State University concerning Plaintiff's appeal of his expulsion from VSU to the BOR.

**Response:**    The only such communications in which this Defendant participated were her reading of the letter drafted by Defendant Zaccari to send to Elizabeth Neely, at his request, and her communications with Valdosta State University staff personnel to arrange appearances and communications at the request of counsel from the Attorney General's office, who was representing Valdosta State University in the appeal.

**Interrogatory No. 16.**

Specifically describe all meetings, discussions, or actions in which you participated in connection with the decision to "administratively withdraw" the Plaintiff from VSU.

5

**Response:**    See this Defendant previous answer to this Interrogatory, and her answer to interrogatory number 3, above. This Defendant participated in no other meetings, discussions or actions.

### Request for Production No. 1

Produce all documents identified in your responses to the proceeding Interrogatories, and identify which Interrogatory or Interrogatories the document correlates with.

**Response:**    See Exhibit "D" attached hereto, which correlates with this Defendant's answers to interrogatories numbered 3, 4, 5, 8, 12, 13, 14, 15, and 16. See also Exhibit "B", attached to this Defendant's original response to Plaintiff's Request for Production of Documents.

### Request for Production No. 2

Produce all documents on which you rely in support of the contention that Plaintiff was a threat to VSU campus security.

**Response:**    This Defendant made no such contention. However, see Exhibit "C" attached to this Defendant's original response to Plaintiff's Request for Production of Documents as documents mentioned in meetings attended by this Defendant in which Plaintiff's possible threat to VSU campus security was discussed.

### Request for Production No. 4

Produce all documents relating to VSU's rules, policies and procedures for expulsion of students.

**Response:**    See Exhibit "E", attached hereto.

**Request for Production No. 6**

Produce all documents relating to any past incident from 2002 to the present in which a student has been expelled or "administratively withdrawal" because of concerns about campus security.

**Response**:    See all exhibits produced by this Defendant in response to Plaintiff's Request for Production of Documents, originally and with this supplemental response. This Defendant does not have custody or control of any documents relating to any student other than Plaintiff responsive to this item of the request.

**Request for Production No. 7**

Produce all documents relating to any students who have been administratively withdrawn by the University during the tenure of President Zaccari, including students who were admitted back into the University.

**Response**:    See all documents produced by this Defendant in response to Plaintiff's Request for Production of Documents, originally and with this supplemental response. This Defendant does not have custody or control of any documents relating to any students other than the Plaintiff responsive to this item of the request.

**Request for Production No. 14.**

Produce all documents relating to communications between you and Leah McMillan regarding Plaintiff.

**Response**:    See Exhibit "B," attached to this Defendant's original response to Plaintiff Request for Production of Documents, and Exhibits "D" and "F," attached hereto.

**Request for Production No. 15**. Produce all documents relating to communications between you and the BOR regarding Plaintiff.

**Response**:    See Exhibits "D" and "G," attached hereto.

7

This __5th__ of June, 2009.

BRANNEN, SEARCY & SMITH, LLP


DAVID R. SMITH
Georgia State Bar No. 655587
BEVERLY G. O'HEARN
Georgia State Bar No. 287650
*Attorneys for Defendant Laverne Gaskins*