IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, | * |
| | * |
| Plaintiff, | * |
| | * |
| -vs- | * |
| | * Case No. 1:08-cv-00077-CAP |
| RONALD M. ZACCARI, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE VSU DEFENDANTS'
OBJECTION TO PLAINTIFF'S ORIGINAL DISCOVERY**

Plaintiff Thomas Hayden Barnes hereby responds to Defendants Ronald M. Zaccari, Valdosta State University, Board of Regents of the University System of Georgia, Kurt Keppler, and Russ Mast's (hereinafter "VSU Defendants'") objection (Dkt. # 235-4) to Exhibit H to Plaintiff's Consolidated Opposition to VSU Defendants' and Leah McMillan's Motion's for Summary Judgment (hereinafter "Barnes' Opposition.") (Dkt. # 224-9.)[1] VSU Defendants' objection to Exhibit H on the grounds that it is improper evidence under Federal Rules of

---

[1] VSU Defendants' objection states that Exhibit H to Barnes' Opposition is located at Dkt. # 224-10. According to the Court's docket for this proceeding, Dkt. # 224-10 is Exhibit I to Plaintiff's Opposition.

1

Evidence 1002 and 1003 and their related request that Exhibit H be stricken from the record should be denied, and in support thereof, Plaintiff states as follows:

1. Exhibit H to Barnes' Opposition is a Transcript of a November 17, 2006 Communications Board Meeting at Valdosta State University (hereinafter the "Transcript"). The Transcript and a CD-ROM copy of the audio recording from which it was created (hereinafter the "Audio Recording") (Dkt. # 224-10, Barnes' Opposition, Ex. I) were filed by hand with the Court via a Notice of Filing Original Discovery and Electronic Media.[2]  (Dkt. # 221, 227.)

2. The VSU Defendants served Plaintiff with a CD-ROM containing a copy of its document production on June 18, 2009. The CD-ROM contained a folder titled "11-20-06 Communications Bd.minutes." That folder contained four audio files titled "DS_20026," "DS_20027," "DS_20028," and "DS_20029." Together, these audio files comprised the Audio Recording. Initially, counsel for Plaintiff had the Audio Recording transcribed by a secretary in his law firm for use at the Deposition of Russ Mast on July 28, 2009. A copy of that initial transcript and related testimony can be found at Dkt. # 186, Deposition of Russ Mast (hereinafter "Mast Dep."), Ex. 4, Comm. Board Transcribed Minutes, 18:12-24:12.

---

[2] Courtesy copies of Barnes' Opposition and related exhibits, including copies of the Transcript and CD-ROM copies of the Audio Recording have been served on all parties.

On January 7, 2010 Plaintiff arranged with Jardim Reporting to transcribe the Audio Recording. (*See* Dkt. # 224-9, Barnes' Opposition, Ex. H.)

3. The Transcript and Audio Recording were submitted as exhibits to Barnes' Opposition in support of his argument that Defendant Zaccari has demonstrated a pattern of overreaction to student criticism. The Communications Board Meeting at issue was chaired by Defendant Mast and pertained to the suspension and resignations of three editors of *The Darkside*, a satirical supplement to the VSU student publication, *The Spectator*. In particular, Plaintiff cited a portion of the meeting Transcript wherein Mast acknowledged that Zaccari had spoken to him about the satirical article. (Dkt. # 224-9, Barnes' Opposition, Ex. H at 38:11-13 (Tr. Nov. 17, 2006 Communications Board Meeting)) ("I do want to state for the record that, it was brought up, Dr. Zaccari … warned me about this article.") (*See also* Dkt. # 224-10, Barnes' Opposition, Ex. I (Audio Recording of Nov. 17, 2006 Communications Board Meeting at 28:29-28:39 on DS_20028) (same).)

4. VSU Defendants object to the Transcript in part on the grounds that Federal Rule of Evidence 1002 "requires the original version of an audio to be presented as evidence." (Dkt. # 235-4 at ¶ 6.) Plaintiff is aware that the Federal Rules of Evidence contain a preference for original contents of a writing or

recording. *See, e.g., Martinez v. U.S. Sugar Corp.*, 880 F. Supp. 773, 776 (M.D. Fla. 1995). That is why Plaintiff submitted the Transcript together with a copy of the Audio Recording, produced by the VSU Defendants, from which the Transcript was derived. *See also Breezy Point Co-op., Inc. v. Cigna Property & Cas. Co.*, F.Supp. 33 (E.D.N.Y. 1994) (explaining that nothing in best evidence rule prevents introduction of transcript to aid jury in following recording of conversation if original recording is available for court's inspection and original recording and transcript are properly authenticated prior to introduction). The Court should not strike the Transcript as an exhibit to Barnes' Opposition because it serves as an aid to review of the Audio Recording.

5. VSU Defendants further object to the Transcript pursuant to Federal Rule of Evidence 1003. (Dkt. # 235-4 at ¶ 7.) Rule 1003, however, provides that "[a] duplicate is admissible to the same extent as an original unless (1) a question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate of the original." VSU Defendants have not raised any valid question as to the authenticity of the Audio Recording or of the Transcript, and there is nothing unfair about permitting the submission of a Transcript, in conjunction with a copy of the Audio Recording, to aid the Court.

6. The VSU Defendants do not challenge the authenticity or admissibility of Exhibit I, the Audio Recording of the Communications Board meeting. They state only that the recording they made for their archives "is of poor quality and is inaudible and unintelligible throughout." (Dkt. # 235-4 at ¶ 3.) However, they do not claim that Dean Mast's statement that "Dr. Zaccari … warned me about this article" is unclear or inaudible. (Dkt. # 224-10, Barnes' Opposition, Ex. I (Audio Recording of Nov. 17, 2006 Communications Board Meeting at 28:29-28:39 on DS_20028).)

7. As to whether the Transcript is a "properly authenticated copy," Fed. R. Evid. 901 states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Here, the Audio Recording that was produced in discovery by the VSU Defendants was made and archived as a routine matter for Communications Board meetings. (Dkt. # 186, Mast Dep. 18:2-11, 17-21.) With respect to the Transcript, a court reporter, Cathy Jardim, attested that the Transcript is a "true record of the digital audio files given to [her]." (Dkt. # 224-9, Barnes' Opposition, Ex. H at 46 (Transcriber's Certificate).)

8.     Aside from vague insinuation, VSU Defendants present no serious basis for challenging the authenticity of the Transcript.  As VSU Defendants assert, the Audio Recording they produced during discovery is imperfect and several portions are inaudible.  These imperfections are appropriately reflected in the Transcript prepared by Jardim Reporting Associates.  VSU Defendants do not claim that Jardim Reporting Associates failed to identify inaudible portions of the recording in the Transcript, or that the transcriber inappropriately supplied text where it was unsupported in the audio record.  Thus, VSU Defendants have provided no basis for their claim that the Transcript "is not a true and correct depiction of the evidence submitted."  (Dkt. # 235-4 at ¶ 4.)

9.     VSU Defendants' reliance on Defendant Mast's deposition for the claim that the testimony "shows the patent inaccuracies existing in the transcription" is inadequate to support their objection.  The first passage they cite merely contains Plaintiff's counsel's recitation of a portion of the initial transcript generated by counsel for the deposition, not the Transcript submitted as Exhibit H to Barnes' Opposition.  (*Compare* Dkt. # 186, Mast Dep., Ex. 4 (initial transcript), *with*, Dkt. # 224-9, Barnes' Opposition, Ex. H (Jardim Transcript).)  The second cited passage, where Mast asserts that "Zaccari never talked to me about this newspaper article or the Communications Board," (Dkt. # 186, Mast Dep. 24:10),

is easily resolved, one way or the other, by listening to Dean Mast's actual words in the Audio Recording. Defendants' reference to Mast's testimony says nothing about whether the Transcript is a true and accurate record of the Audio Recording.

10.   The deposition testimony provides no reason to doubt the Audio Recording or the Transcript as documentation of what transpired at the Communications Board meeting. The VSU Defendants state correctly that Dean Mast testified at his July 2009 deposition that he never spoke with President Zaccari in 2006 about suspending *The Darkside* editors as a result of the satirical article that mocked him. (*See* Dkt. # 186, Mast Dep. at 23:20-21) ("I've never talked to Dr. Zaccari about that article or the Communications Board."); *id.* at 24:11-12 ("Dr. Zaccari never talked to me about this newspaper article or the Communications Board."),) However, Mast's denial must be weighed against his actual words at the time: "I do want to state for the record that, it was brought up, Dr. Zaccari … warned me about this article." (Dkt. # 224-10, Barnes' Opposition, Ex. I (Audio Recording of Nov. 17, 2006 Communications Board Meeting at 28:29-28:39 on DS_20028).) To paraphrase Groucho Marx's famous line, "who are you going to believe, me or your own two ears?"

11.   Mast's more recent claim must be considered in the broader context of his overall testimony about the Communications Board meeting. Mast's denial at

7

his deposition that he spoke to Zaccari about suspending the student editors in 2006 represented an abrupt recovery from an unfortunate bout of witness amnesia he had been experiencing during his deposition. (*See*, *e.g.*, Dkt. # 186, Mast Dep. 11:16-15-12:4 (expressing uncertainty about the purpose of the hearing without reviewing documentary materials); *id*. 12:9-10 ("Q: Do you know why [the student editors] resigned?  A: I have no idea."); *id*. at 14:2-15:15 (same); *id*. at 15:16-20 (same); *id*. at 17:9-21(suggesting that the minutes and the audio recording of the meeting should be consulted to resolve questions about what happened at the meeting); *id*. at 21:2-20 ("Q: Do you recall what you were talking about there?  A: I do not. I'd have to listen to the entire transcript again. Q: Really? A: Uh-huh. Really. I'd have to read the whole transcript and listen to the audio."); *id*. at 22:16-22 (Q: "Is that an accurate –  A: I would, as I've said before, have to listen to the audio again; but I could confirm it if I listened to the audio of the entire transcript again. Q: From seeing this transcript, do you have any recollection of what you might've been talking about there? A: I'd have to listen to the entire audio again, sir."). Not only does this testimony fail to undermine the authenticity of Plaintiff's exhibits, it emphasizes that the way to resolve any doubt about what was said is to listen to the Audio Recording.

WHEREFORE, Plaintiff respectfully requests that VSU Defendants' objection to Exhibit H on the grounds that it is improper evidence under Federal Rules of Evidence 1002 and 1003 and related request that Exhibit H be stricken from the record be denied.[3]

Respectfully submitted this 15th day of April, 2010.

By: */s/ Robert Corn-Revere*
Robert Corn-Revere
Christopher A. Fedeli
Lisa B. Zycherman
Erin N. Reid
Admitted *Pro Hac Vice*
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
Email: bobcornrevere@dwt.com

*/s/ Cary S. Wiggins*
Cary S. Wiggins (Ga. Bar No. 757657)
Irma Espino (Ga. Bar No. 558220)
Wiggins Law Group
260 Peachtree Street, NW, Suite 401
Atlanta, GA 30303
404-659-2880; Email: cary@wigginslawgroup.com

Attorneys for Plaintiff

---

[3] Plaintiff notes that VSU Defendants' request for the Court to strike Exhibit H should have been in the form of a motion. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.") It was particularly odd for VSU Defendants to assert such a request as an exhibit to a reply brief in support of VSU Defendants' motion for summary judgment. (Dkt. # 235-4.) In any regard, Plaintiff is attaching a proposed order to this response.

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that on April 15, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. I also certify, pursuant to Local Rule 7.1(D), that this motion has been prepared in Times New Roman 14-point font.

>	*/s/ Robert Corn-Revere*
>	Robert Corn-Revere
>	Admitted *Pro Hac Vice*
>	Attorney for Plaintiff
>	Davis Wright Tremaine LLP
>	Suite 200
>	1919 Pennsylvania Avenue, N.W.
>	Washington, DC 20006
>	202-973-4200
>	Email: bobcornrevere@dwt.com