IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | |
| | * | Case No. 1:08-cv-00077-CAP |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR PARTIAL RECONSIDERATION OF ORDER GRANTING
IN PART AND DENYING IN PART CROSS-MOTIONS FOR
SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR
CERTIFICATION FOR INTERLOCUTORY APPEAL**

**INTRODUCTION**

In the September 3, 2010 order granting in part and denying in part Plaintiff Thomas Hayden Barnes's motion for summary judgment, the Court's findings made clear that that Defendant Ronald Zaccari retaliated against Plaintiff because of his exercise of his First Amendment rights. The court nevertheless dismissed Plaintiff's First Amendment retaliation claim against Defendant Zaccari because "Zaccari did not participate in any sort of conspiracy because no one would agree with the decision to withdraw Barnes." *Barnes v. Zaccari et al.,* ____ WL ____ at *43 (N.D. Ga. Sept. 3, 2010). The court further held that because a public education not a "fundamental right," Plaintiff's substantive due process rights were

1

not violated by Defendant Zaccari's decision to "administratively withdraw" Plaintiff from VSU.

Pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7.2(E), Thomas Hayden Barnes respectfully requests that this court reconsider its decision: (1) to grant Defendants' motion for summary judgment as to Defendant Zaccari on both Count III and the substantive due process element of Count IV; and (2) to deny Plaintiff Barnes' motion for summary judgment as to Defendant Zaccari on both Count III and the substantive due process element of Count IV. The Court's findings of fact clearly establish that Zaccari retaliated against Barnes because of his protected expression. Dismissing Count III of the Complaint against Zaccari because "Barnes' complaint does not contain a stand alone claim for retaliation against Zaccari" is an erroneous reading of the Complaint and misapplies the controlling principles of law. Similarly, the Court's conclusion that Plaintiff's substantive due process rights were not violated overlooks the fact that Plaintiff's substantive due process claim is predicated on the deprivation of his First Amendment rights.[1]

---

[1] By seeking reconsideration on these two issues, Plaintiff does not suggest that he agrees with all of the Court's legal conclusions, nor does he intend to waive any rights to appeal with respect to other issues. Also, the Court held that because the Court granted summary judgment as to all pending counts, "Dr. Norman's testimony is no longer necessary," and, therefore, the Court dismissed Plaintiff's Motion to Exclude Dr. Matthew Norman as an expert witness (Dkt. # 164) as moot. Plaintiff assumes that Dr. Norman will not be a witness for any remaining phases of the case.

Plaintiff respectfully submits that these two questions of Zaccari's liability under Counts III and IV warrant immediate correction under Federal Rule of Civil Procedure 59(e). In the alternative, Plaintiff asks this court to certify these liability issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## I.  ARGUMENT

### A.  Reconsideration is Necessary to Correct A "Clear Error of Law"

Plaintiff meets the standard imposed by this court for obtaining reconsideration. Federal Rule of Civil Procedure 59(e) gives the court broad discretion to reconsider an order which it has entered. *See generally Wendy's Int'l, Inc., v. Nu-Cape Constr., Inc.,* 169 F.R.D. 680, 684 (M.D. Fla. 1996); *Sussman v. Salem,* 153 F.R.D. 689, 694 (M.D. Fla. 1995) (*citing Mackin v. City of Boston,* 969 F.2d 1273, 1279 (1st Cir. 1992)). A post judgment motion to alter or amend a judgment may take the form of a motion for reconsideration under Rule 59(e), and the fact that a motion for reconsideration relates to an order granting summary judgment does not relieve the district court of its responsibility to hear the motion. *See, e.g., Sidney-Vinstein v. A.H. Robbins Co.,* 697 F.2d 880 (9th Cir. 1983).

Under the Local Rules of this court, "[m]otions for reconsideration shall not be filed as a routine practice, but rather "only when absolutely necessary." Such absolute necessity arises where reconsideration would "correct clear error or prevent manifest injustice." *Vidinliev v. Carey Int'l, Inc.,* 2008 WL 5459335, *1

3

(N.D.Ga. Dec. 15, 2008) (citations and internal quotation marks omitted). *See also Morton v. Astrue,* Slip copy, 2010 WL 2130613 at *2 (11th Cir. 2010). A district court's finding is clearly erroneous when the reviewing court, after assessing the evidence, is "left with a definite and firm conviction that a mistake has been committed." *Worthington v. United States,* 21 F.3d 399, 400 (11th Cir. 1994) (*quoting United States v. United States Gypsum Co.,* 333 U.S. 364 (1948)).

In this case, the Court's findings of facts clearly establish that Defendant Zaccari retaliated against Plaintiff because of his speech against the parking garage. *Barnes v. Zaccari et. al,* ____ WL ____ at *1-18 (N.D. Ga. Sept. 3, 2010). As detailed below, under a fair reading of the Complaint, Counts III and IV against Defendant Zaccari should be upheld.

> **B. The Court Should Reverse its Dismissal of Counts III and IV With Respect to Defendant Zaccari's Liability for First Amendment Retaliation and Violation of Substantive Due Process Rights**
>
> **1. The Court's Findings Clearly Establish That Zaccari Retaliated Against Barnes Because of His Protected Expression**

On its face, the withdrawal notice given to Plaintiff by Defendant Zaccari states that Plaintiff was removed because of his speech. "As a result of recent activities directed towards me by you, including but not limited to the attached threatening document…" (Dkt. #179-2, Plaintiff's Motion for Summary Judgment,

Ex. 2, May 7, 2007 Withdrawal Notice).  Zaccari's retaliatory actions are further reflected in the Court's findings of fact:

- Page 6: Zaccari called Barnes to his office because of his initial flyers. "Zaccari further stated that Barnes had personally embarrassed the President with Barnes's protest activities and that he thought Barnes had 'gone away' after receipt of the apology letter."

- Page 6: "Zaccari questioned Barnes as to, 'Who did [Barnes] think [he] was?,' adding that Barnes had made his life hard for him and that he 'could not forgive [Barnes].'"

- Page 6: "[W]hile attending the BOR meeting on April 17-19, 2007, Zaccari directed that inquiries be made by members of his staff into Barnes's academic records, his medical history, his religion, and his registration with the VSU Access Office."

- Page 8: Zaccari met with Boyd, Farmer, Mast, Gaskins, and Dr. Tanner on April 20, 2007, to "infor[m] the group that he had investigated Barnes's employment and grades, and he further expressed complaints about Barnes's correspondence regarding the parking garage.

As a matter of law, the court's findings of fact meet the standard for First Amendment retaliation.  *See Barnes v. Zaccari et. al,* ____ WL ____ at *23-24 (N.D. Ga. Sept. 3, 2010) (citing *Bennett v. Hendrix,* 423 F.3d 1247, 1250 (11th Cir. 2005).).  It is clear from the court's finding of fact that Defendant Zaccari retaliated against the Plaintiff for exercise of his First Amendment rights.

5

### 2. The Allegations in Count III Were not Limited to a Civil Rights Conspiracy

The dismissal of Count III against Defendant Zaccari is based on an erroneous reading of the Complaint. At footnote 28 of the Order, the Court states that "Barnes's complaint does not contain a stand alone claim for retaliation against Zaccari." *Barnes v. Zaccari et. al,* ____ WL ____ at *43 (N.D. Ga. Sept. 3, 2010). However, liability against Zaccari under Section 1983 does not require a conspiracy to prevail and the Complaint was not limited to a conspiracy claim. Even if it did, a conspiracy still exists so long as it can be established that Defendant Zaccari reached agreement with one other person, even if not one of the named defendants.

#### a) Count III asserts a claim for "individual liability" under Section 1983

The Court's dismissal of Count III against Defendant Zaccari was based on too narrow a reading of the Complaint. Count III asserts a claim for "individual liability" under 42 U.S.C. § 1983, naming "individual defendants in personal capacity." (Dkt. #1, ¶ 25). In any event, Plaintiff's Complaint did not allege a cause of action under 42 U.S.C. § 1985, the statute that governs "conspiracy to interfere with civil rights."

While it is possible to bring a case for conspiracy under Section § 1983 as well as under Section § 1985, such a claim is not necessary to prevail under that provision. Section 1983 provides that:

> "**[e]very person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the other party injured in an action at law, suit in equity, or other proper proceeding for redress." (emphasis added). 42 U.S.C. § 1983

As the 11th Circuit recently made clear in comparing Sections 1983 and 1985, "conspiracy is not a required element [in a Section 1983 claim] and Plaintiff's claims may proceed against the [authorities] if they violated constitutional rights, even if no conspiracy is shown." *Grider v. City of Auburn,* 2010 U.S. App. LEXIS 18693 n. 34 (11th Cir., Sept. 7, 2010).

Paragraph 86 of the Complaint refers to Defendants "conspiring" to expel Barnes in retaliation for exercising his free speech rights, but it is not a fair reading of Count III of the Complaint to conclude that this excludes individual, or stand alone liability for Defendant Zaccari. Paragraph 88 also alleges that the "*individual defendants* are *personally liable in their individual capacities* for violating Barnes's First Amendment rights." (emphasis added). Irrespective of any agreement reached by the Defendants collectively, liability can be established by

7

each defendant's individual actions. "When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe v. Coleman,* 113 F.3d 1536, 1539 (11th Cir. 1997).

### b) The Complaint clearly singles out Zaccari's retaliatory acts <u>as</u> <u>an</u> <u>individual.</u>

The Court's finding that Count III does not contain a "stand alone claim for retaliation against Zaccari" fails to apply the general rule that complaints must be read liberally to provide substantial justice. Words and language used in a pleading should be construed in accordance with their natural meaning. Likewise, a pleading should be judged by its substance and not its form. *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 604 (5th Cir. 1981) ("The form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim.").

In any event, Count III on its face alleges that Defendant Zaccari individually violated Plaintiff's First Amendment rights. Paragraph 84 "re-alleges each fact set forth in paragraphs 1 through 83" and incorporates them into Count III by reference. 5A C. Wright & A. Miller, Federal Practice and Procedure, §1357, pp. 320-321 (1990) (where specific allegations clarify the meaning of broader allegations, they may be used to interpret the complaint as a whole). Paragraphs one through five of the Complaint specifically set forth in detail

Zaccari's individual actions of retaliation for Barnes's exercise of protected rights, and concludes: "Notwithstanding these facts, and against the advice of counsel to the Board of Regents that unilateral action would violate basic due process rights, Zaccari proceeded with his plan to expel Barnes from VSU. Such arbitrary and authoritarian action has no legitimate place on an American college campus governed by the rule of law." Numerous other paragraphs incorporated by reference into Count III likewise set forth the basis for Defendant Zaccari's "stand alone" liability. *See, e.g.,* Complaint ¶¶ 26, 28-33, 37, 51-52, 60. The court's finding of fact confirmed these allegations as true. *Barnes v. Zaccari et. al,* ____ WL ____ at *1-18 (N.D. Ga. Sept. 3, 2010). Therefore, the court should reconsider its order granting summary judgment of Count III based on its overly narrow reading of the Complaint and denying Plaintiff's motion regarding same.

      **c)**     **Even if Count III may be read as requiring a finding of conspiracy, Zaccari can still be held liable under Section 1983 for violating Plaintiff's civil rights.**

Even if Count III may be read as requiring a finding of conspiracy, it does not matter that none of the other individual defendants were found to be liable so long as Zaccari reached agreement with another person. A conspiracy under 42 U.S.C. §1983 can exist even if only one party to the agreement is named as a defendant. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970).

In its order on the parties' motions for summary judgment, the court found that members of the Board of Regents acted in concert with Zaccari to deal with Barnes' speech about the parking decks. "Within ten minutes of receiving the email, Daniels forwarded it to President Zaccari." *Barnes v. Zaccari et. al,* ____ WL ____ at 5, fn. 7 (N.D. Ga. Sept. 3, 2010). Daniels subsequently contacted Defendant Zaccari and told him to deal with the protest at the campus level. *Id.* at *5. Defendant Zaccari immediately called Plaintiff into his office for a meeting. *Id.* Vice Chancellor for Legal Affairs Elizabeth Neely worked with Defendant Zaccari to find ways to withdraw Plaintiff, sent copies of possible policies to use, and told him "we'll worry about the lawsuit later." *Id.* at * 15. The Board of Regents and Valdosta State's immunity from liability under the Eleventh Amendment does not preclude Defendant Zaccari of conspiring with those parties to retaliate against Barnes. *Dennis v. Sparks,* 449 U.S. 24 (1980).

### C. The Court Should Reconsider its Decision to Dismiss the Substantive Due Process Claim in Count IV

The court dismissed the substantive due process element of this Count based on the conclusion that attending a state university is not a "fundamental right." However, Plaintiff's substantive due process claim is predicated on the deprivation of his First Amendment rights, as Plaintiff set forth in his opposition to VSU Defendants' motion for summary judgment (Dkt. #224, Barnes' Opp. Mot. at 29-30):

10

> "The VSU Defendants fail to grasp the substantive due process issue in this case. Barnes is not asserting a substantive right to education, as the defendants apparently assume. (Dkt. #177-2, VSU Defs.' Mot. at 41.) The plaintiff has made quite clear that the right to freedom of expression is implicit in the concept of ordered liberty, and a school's decision to suspend a student in retaliation for his speech violates substantive due process. (Dkt. #179-2, Barnes' Mot. at 49-50). Additionally, the use of government power violates substantive due process when it is arbitrarily and oppressively exercised. (*Id*. at 51.) In this regard, there can be no justification "for harassing people for exercising their constitutional rights." *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). *See Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1562-63 (11th Cir. 1995). Accordingly, this Court should deny defendant's motions for summary judgment, and instead grant summary judgment for Barnes."

Count IV of the Complaint specifically alleged that VSU Defendants violation of Plaintiff's substantive due process was based on deprivation of his First Amendment rights, not his right to a public education. Plaintiff respectfully requests this court reconsider its order granting Defendant Zaccari's motion for summary judgment as to the substantive due process element of Count IV and denying Plaintiff's motion regarding the same.

### D.     In the Alternative, the Court Should Certify Interlocutory Appeal

If the Court denies all or any part of this motion, Plaintiff intends to seek interlocutory review by the 11th Circuit for resolution of the following issues:

11

(1) Whether the Section 1983 allegations in the Complaint regarding First Amendment retaliation require proof that Defendant Zaccari conspired to violate Plaintiff's rights;

(2) Whether Defendant Zaccari's retaliation against Plaintiff because of his protected expression violated Plaintiff's substantive due process rights.

Pursuant to 28 U.S.C. §1292(b), a district judge may determine that an order, such as the Court's order on summary judgment, "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation…." Here, there is a substantial difference of opinion under the law as to Defendant Zaccari's liability for First Amendment Retaliation and violation of Plaintiff's substantive due process rights. It is in the interest of judicial efficiency to resolve all issues of liability prior to a damages trial.

Thus, if the court denies all or part of Plaintiff's motion for reconsideration, Plaintiff requests an order designating the issues addressed herein as ripe for jurisdiction in the U.S. Court of Appeals for the 11th Circuit.

## CONCLUSION

Wherefore, Plaintiff respectfully requests that this court reconsider its order of September 3, 2010 and reverse certain of its previous conclusion. Specifically, Plaintiff asks this Court: (1) to deny Defendants' motion for summary judgment as

to Defendant Zaccari on both Count III and the substantive due process element of Count IV; and (2) to grant Plaintiff Barnes' motion for summary judgment as to Defendant Zaccari on both Count III and the substantive due process element of Count IV. Should the court deny all or any part of this motion, Plaintiff respectfully requests that this court certify Plaintiff's motion for interlocutory appeal with respect to the specific foregoing conclusions.

Respectfully submitted this 10th day of September, 2010.

*/s/ Robert Corn-Revere*
Robert Corn-Revere
Christopher A. Fedeli
Lisa Zycherman
Erin N. Reid
Admitted *Pro Hac Vice*
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com


*/s/ Cary Stephen Wiggins*
Cary Stephen Wiggins
Georgia Bar No. 757657
Wiggins Law Group
260 Peachtree Street, NW, Suite 401
Atlanta, GA 30303
404-659-2880
Email: cary@wigginslawgroup.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on September 10, 2010, I served the foregoing to all counsel of record via electronic means. I also certify, pursuant to Local Rule 7.1(D), that this document has been prepared in Times New Roman 14-point font.

                                                       */s/ Robert Corn-Revere*
                                                       Robert Corn-Revere
                                                       Admitted *Pro Hac Vice*
                                                       Davis Wright Tremaine LLP
                                                       1919 Pennsylvania Avenue, NW, Suite 800
                                                       Washington, DC 20006
                                                       202-973-4200
                                                       Email: bobcornrevere@dwt.com

                                                       Attorney for Plaintiff