```
               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION
```

| | |
|---|---|
| THOMAS HAYDEN BARNES, | |
| Plaintiff, | |
| v. | CIVIL ACTION<br>NO. 1:08-CV-0077-CAP |
| RONALD M. ZACCARI,<br>individually and in his<br>official capacity as President<br>of Valdosta State University;<br>et al., | |
| Defendants. | |

O R D E R

This action is before the court on the plaintiff's motion for partial reconsideration of the order granting in part and denying in part cross motions for summary judgment, or, in the alternative, for certification of interlocutory appeal [Doc. No. 245]. In this motion, the plaintiff seeks reconsideration of the court's ruling on Count III of the complaint and the substantive due process element of Count IV of the complaint.

**I.  Count III**

The plaintiff argues that the court's "findings of fact"[1] clearly establish that Zaccari retaliated against him because of his protected speech. The plaintiff cites to evidence in the record that tends to establish retaliation by Zaccari as well portions of this court's factual statement. The plaintiff takes issue with this court's reading of his complaint. He attempts to create a retaliation claim by arguing that Zaccari's liability does not require a conspiracy. This argument would be valid had the plaintiff alleged that Zaccari had retaliated against him. The complaint clearly alleges only a conspiracy to retaliate. Paragraph 86 states, "Defendants' actions in conspiring to expel Barnes from VSU were taken in retaliation for Barnes's exercise of his First Amendment freedoms." [Doc. No. 1 at 26]. This sentence is subject to only one reading, which is that the cause of action set forth in Count III is for the act of conspiring. Therefore, this court's determination that there was no stand alone claim for

---

[1] The plaintiff repeatedly refers to the court's "findings of fact" in the motion for reconsideration [Doc. No. 245]. It is, however, the court's "Factual Background" to which the plaintiff is citing. "Findings of fact" would be appropriate only after a trial of the matter. See Federal Rule of Civil Procedure 52. In addressing motions for summary judgment the court viewed and set forth the evidence and all factual inferences in the light most favorable to the party opposing the respective motions. Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).

conspiracy against Zaccari or any other defendant was correct and does not warrant reconsideration.

Additionally, the plaintiff argues that because there is evidence that members of the Board of Regents acted in concert with Zaccari to deal with his speech about the parking decks, the court incorrectly granted summary judgment to the defendants on the conspiracy claim. This argument completely ignores the Eleventh Circuit's holding that to establish a conspiracy under § 1983, the plaintiff must show, among other things, that the defendants "reached an understanding to violate [the plaintiff's] rights." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). There is no evidence on the record before this court that Zaccari reached such an understanding with anyone. Therefore, the court's ruling with respect to the conspiracy claim was correct, and there is no basis for reconsideration.

**II. Count IV**

The plaintiff seeks reconsideration as to the grant of summary judgment to the defendants on the substantive due process element of Count IV. The plaintiff inexplicably claims that his substantive due process claim is predicated on the deprivation of his First Amendment rights rather than the right to a public education. In the motion for reconsideration [Doc. No. 245 at 11] the plaintiff states, "Count IV of the Complaint specifically

alleged that VSU Defendants [sic] violation of Plaintiff's substantive due process was based on deprivation of his First Amendment rights, not his right to public education." However, a review of Count IV in its entirely reveals that the plaintiff never mentions his First Amendment rights and explicitly states that it his "right to a public education" [Doc. 1 at 27] which forms the basis for this claim. The gross misrepresentation made in the motion for reconsideration cannot change the basis of the plaintiff's claim at this point in the litigation.

### III. Conclusion

Based on the foregoing, the motion for reconsideration [Doc. No. 245] is DENIED. Because this court finds that there is no substantial ground for difference of opinion on the issues raised by the plaintiff in the instant motion, the alternative request for a certificate of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED.

SO ORDERED, this 15th day of September, 2010.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge