IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD M. ZACCARI, et al., <br><br> Defendants. | CIVIL ACTION FILE NO.: <br> 1:08-cv-00077-CAP |

**DEFENDANT LEAH MCMILLAN'S BRIEF IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT**

COMES NOW LEAH MCMILLAN, and pursuant to Fed. R. Civ. P. 54(b) files this Brief in Support of her Motion for Entry of Final Judgment, showing this Honorable Court as follows:

**I.   INTRODUCTION**

On September 3, 2010, this Court entered an order granting Mrs. McMillan's Motion for Summary Judgment. (Doc. 244). As a result, Plaintiff has no remaining claims against Mrs. McMillan. Pursuant to Fed. R. Civ. P. 54(b), Mrs. McMillan requests this Court to enter final judgment in her favor. Indeed, this Court's summary judgment order has the requisite finality under Rule 54 and there is no just reason to delay the entry of final judgment.

## II. ARGUMENT AND CITATIONS OF AUTHORITY

### Standard Of Review

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

The Supreme Court has outlined a two-prong analysis for determining whether a judgment should be certified under Rule 54(b). See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980). First, the district court must determine whether the judgment is final. Id. at 7. Second, the district court must determine whether there is any just reason to delay entry of an individual final judgment. Id. at 7-8.

### A. The Court's September 3, 2010 Order Granting Mrs. McMillan's Motion For Summary Judgment Has The Requisite Finality Under Rule 54(b).

The Supreme Court has explained that the judgment at issue "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980), quoting Sears Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956); See also In re Southeast Banking Corp., 69 F.3d 1539, 1547

2

(11th Cir. 1995) ("A district court has the discretion to certify a judgment for immediate appeal only when it is 'final' within the meaning of Rule 54(b), which means that the judgment disposes entirely of a separable claim or dismisses a party entirely.").

Here, this Court's September 3 Order clearly constitutes a final judgment because it completely disposed of all claims against Mrs. McMillan. See In re Southeast Banking Corp., 69 F.3d at 1550 (holding that a complete disposition with respect to a particular defendant was "without question" a final judgment under Rule 54(b)).

### B. There Is No Just Reason To Delay Entry Of Final Judgment For Mrs. McMillan.

The Eleventh Circuit also directs district courts to balance the judicial administrative interests with the relevant equitable concerns when deciding whether to grant final judgment under Rule 54(b). See Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165-166 (11th Cir. 1997). Administrative interests for courts to take under consideration include avoiding a scenario where the same issues are decided on multiple appeals. Id. at 166. Relevant equitable concerns for a court to examine includes whether an "immediate appeal would alleviate some danger of hardship or injustice associated with delay." Id.

Here, the relevant equitable concerns heavily weigh in favor of granting final judgment for Mrs. McMillan. Indeed, delaying the entry of final judgment

for Mrs. McMillan will result in her unnecessarily being "along for the ride" for the foreseeable future. This case has already been pending against Mrs. McMillan since January 17, 2008—over thirty-one (31) months. Delaying final judgment for Mrs. McMillan any further would be manifestly unjust, especially for a woman who the Court found:

1. "<u>repeatively</u> voiced her objection to Zaccari's opinion that Barnes or the Facebook collage was a threat" (Doc. 244, p. 27);

2. "argued that Barnes <u>should be permitted to remain</u> a student" (<u>Id.</u>);

3. "<u>lobbied for Barnes' re-admission</u> after Zaccari served notice of the withdrawal" (<u>Id.</u>);

4. was not even on campus on the day that the decision was allegedly made to withdraw Barnes (Doc. 244, p. 26); and

5. Barnes admitted not having "any specific evidence for [her] releasing information prior to [his] administrative withdrawal in retaliation for [his] beliefs regarding the parking garage." (Doc. 244, pp. 23-24).  (Emphasis Added).

Lastly, since Plaintiff did not seek reconsideration or interlocutory appeal regarding Mrs. McMillan being granted summary judgment, it appears Plaintiff has no desire to pursue an appeal of her dismissal.

## III. **CONCLUSION**

Based on the foregoing, Mrs. McMillan respectfully requests this Honorable Court to grant her Motion for Entry of Final Judgment. Attached hereto as Exhibit "A" is a proposed Order for the Court's consideration.

Respectfully submitted, this 15th day of September, 2010.

                              **DALEY, KOSTER & LAVALLEE, LLC**

                              **s/ Matthew R. LaVallee, Esq.**
                              Georgia Bar No. 438196
                              Attorney for Defendant
                              Leah McMillan

2849 Paces Ferry Road, Suite 160
Atlanta, Georgia 30339
(678)-213-2401
(678)-213-2406 (fax)
mlavalee@dkllaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, | |
| Plaintiff, | |
| vs. | CIVIL ACTION FILE NO.: 1:08-cv-00077-CAP |
| RONALD M. ZACCARI, et al., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

This is to certify that on September 15, 2010, I served a copy of **DEFENDANT MCMILLAN'S BRIEF IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT** to all counsel and parties of record listed below and with the Clerk of Court via electronic notice using the CM/ECF system:

**Attorneys for Plaintiff**
Robert Corn-Revere, Esq.
Chris A. Fedeli, Esq.
Erin Reid, Esq.
Davis Wright Tremaine, LLP
1919 Pennsylvania Ave. NW, Suite 200
Washington, DC 20006
bobcornrevere@dwt.com
chrisfedeli@dwt.com
erinreid@dwt.com

6

Cary Stephen Wiggins, Esq.
Cook Youngelson & Wiggins
260 Peachtree St. NW, Suite 401
Atlanta, GA 30303
cary@wigginslawgroup.com

**Attorneys for Valdosta State University Defendants**
David C. Will, Esq.
Holly Hance, Esq.
Royal Washburn Will
4799 Sugarloaf Parkway
Building J
Lawrenceville, GA 30044
dwill@royallaw.net
hhance@royallaw.net

**Attorneys for Defendant Laverne Gaskins**
David R. Smith, Esq.
Brannen Searcy & Smith
PO Box 8002
22 E 34th Street
Savannah, GA 31412-8002
DSmith@brannenlaw.com

*s/***Matthew R. LaVallee, Esq.**
Georgia Bar No. 438196
Attorney for Defendant Leah McMillan

**DALEY, KOSTER & LAVALLEE, LLC**
2849 Paces Ferry Road, Suite 160
Atlanta, Georgia 30339
(678)-213-2401
(678)-213-2406 (fax)
mlavallee@dkllaw.com