IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| Plaintiff, | * | |
| -vs- | * | Case No. 1:08-cv-00077-CAP |
| RONALD M. ZACCARI, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT MCMILLAN'S MOTION
FOR ENTRY OF FINAL JUDGMENT**

COMES NOW Plaintiff Thomas Hayden Barnes and hereby submits this response in opposition to Defendant McMillan's Motion for Entry of Final Judgment on claims dismissed by the order granting Defendant McMillan's Motion for Summary Judgment. (Dkt. # 248-1, Def. McMillan's Motion for Entry of Final Judgment.) The Court should deny Defendant McMillan's Motion for Entry of Final Judgment because Defendant Zaccari's interlocutory appeal to the Eleventh Circuit on the issue of qualified immunity has stayed the district court's proceedings in this matter. Pending resolution of all issues related to a defendant's liability, the Court's September 3, 2010 Order does not constitute a "final order," under Federal Rule of Civil Procedure 54(b). Even if the Court finds that the September 3, 2010 order granting McMillan summary judgment constitutes a final

1

order as to her liability, a final judgment at this point in the proceeding is improper as Defendant Zaccari's appeal to the Eleventh Circuit is a just reason for delay.

## I. ARGUMENT

### A. The Court Should Deny Defendant's Motion for Entry of Final Judgment Because the September 3, 2010 Order Does Not Constitute a "Final Order" Under Rule 54(b)

Defendant McMillan's request for entry of final judgment is premature under Federal Rule of Civil Procedure 54(b) because the September 3, 2010 order is not final. Under Rule 54(b):

> [a]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time.

Case law likewise confirms that "where liability has been decided but the extent of damages remains undetermined, there is no final order." *Ortiz-Del Valle v. NBA*, 190 F.3d 598, 599 (2d Cir. 1999); *cf. LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 63-64 (2d Cir. 1999).

Defendant Zaccari on October 1, filed an interlocutory appeal under the collateral order doctrine. (Dkt. # 249, Notice of Appeal.) Under Defendant Zaccari's statement of appellate jurisdiction, the Eleventh Circuit may immediately entertain an appeal on the issue of qualified immunity and other pendent claims. As such this court lacks jurisdiction to entertain any additional motions in this

proceeding as jurisdiction is now exclusively vested with the U.S. Court of Appeals. As a general rule, a district court is divested of jurisdiction over any matters appealed as soon as the notice of appeal is filed. *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (*quoting Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

Defendant McMillan wrongly asserts that because Plaintiff did not seek reconsideration or interlocutory appeal against her, "Plaintiff has no desire to pursue an appeal of her dismissal." (Dkt. #248-1, McMillan Mot. For Entry of Final Judgment.) Plaintiff is unable to appeal any of the issues relating to any defendant's liability until there is a final order in this case. Any decision to not seek reconsideration of the court's order granting Defendant McMillan's motion for summary judgment does not mean that Plaintiff does not intend to appeal any of the issues regarding her liability once a final order has been entered in this case.

**B. Even if the Court's Ruling on Defendant McMillan's Motion for Summary Judgment Constitutes a Final Order, This Court Should Deny Entry of Final Judgment Until There is a Final Order on Liability**

Resolution of Defendant Zaccari's qualified immunity claim is a "just reason" to delay entry of final judgment for McMillan. The Supreme Court has

3

recognized that, for certification, not only must the order be final as to at least one claim or party, but there also must be no reason for delay. *Curtiss-Wright v. Gen. Elec., Co.,* 446 U.S. 1, 7-8 (1980). Resolution of the parties' appeals on liability is a just reason to delay entry of final judgment for Defendant McMillan.

McMillan's claim that the relevant equitable concerns in granting final judgment for McMillan outweigh the judicial administrative interests in keeping the case open until all issues pertaining to liability are resolved lacks merit. (Dkt. # 248-1, McMillan's Mot. for Entry of Final Judgment at 3-4). The Eleventh Circuit has found that the consideration of relevant equitable concerns under Rule 54(b) "'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Ebrahimi v. City of Huntsville Bd. Of Educ.,* 114 F.3d 162, 166 (11th Cir. 1997) (quoting *Morrison-Knudsen Co. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, J.))

Here, Defendant McMillan is asking the court to certify her entry of final judgment not to alleviate some danger of hardship or injustice associated with the delay, but rather to eliminate her from being unnecessarily "along for the ride." (Dkt. #248-1, Def. McMillan's Motion for Entry of Judgment.) McMillan's

request for Rule 54(b) certification is not a "pressing need" and should be denied accordingly.

## CONCLUSION

For all the foregoing reasons, Defendant McMillan's Motion for Entry of Final Judgment should be DENIED.

Respectfully submitted this 6th day of October, 2010.

*/s/ Robert Corn-Revere*
Robert Corn-Revere
Christopher A. Fedeli
Lisa Zycherman
Erin N. Reid
Admitted *Pro Hac Vice*
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com


*/s/ Cary Stephen Wiggins*
Cary Stephen Wiggins
Georgia Bar No. 757657
Wiggins Law Group
260 Peachtree Street, NW, Suite 401
Atlanta, GA 30303
404-659-2880
Email: cary@wigginslawgroup.com

Attorneys for Plaintiff

# **CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify that on October 6, 2010, I served the foregoing to all counsel of record via electronic means. I also certify, pursuant to Local Rule 7.1(D), that this document has been prepared in Times New Roman 14-point font.

                                             */s/ Robert Corn-Revere*
                                             Robert Corn-Revere
                                             Admitted *Pro Hac Vice*
                                             Davis Wright Tremaine LLP
                                             1919 Pennsylvania Avenue, NW
                                             Suite 800
                                             Washington, DC 20006
                                             202-973-4200
                                             Email: bobcornrevere@dwt.com

                                             Attorney for Plaintiff