IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| Plaintiff, | * | |
| -vs- | * | |
| | * | Case No. 1:08-cv-00077-CAP |
| RONALD M. ZACCARI, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT GASKINS' BILL OF COSTS**

COMES NOW Plaintiff Thomas Hayden Barnes and hereby submits this response in opposition to Defendant Gaskins' Bill of Costs. (Dkt. #251.) The Court should deny Defendant Gaskins' Bill of Costs because Defendant Zaccari's interlocutory appeal to the Eleventh Circuit on the issue of qualified immunity has stayed the district court's proceedings in this matter. Pending final resolution of all issues related to a defendant's liability, Defendant Gaskins does not yet qualify as a "prevailing party" under Federal Rule of Civil Procedure 54(d)(1) and the Court should deny her Bill of Costs accordingly.

Defendant Gaskins' submission of her bill of costs is premature under Federal Rule of Civil Procedure 54(d) because she is not yet a prevailing party as defined by the Federal Rules. While Federal Rule of Civil Procedure 54(d)(1)

provides that "costs . . . should be allowed to the prevailing party," no party in this case has yet prevailed. Defendant Zaccari, on October 1, filed a notice of appeal under the collateral order doctrine. (Dkt. #251, Notice of Appeal.) Under Defendant Zaccari's statement of appellate jurisdiction, the Eleventh Circuit may immediately entertain an appeal on the issue of qualified immunity and other pendent claims. As such, the record in this case is incomplete, thus preventing the court from making any determinations as to who is the prevailing party. *Fulton Federal Sav. & Loan Ass'n of Atlanta v. American Ins. Co.,* 143 F.R.D. 292 (N.D. Ga. 1991) ("a case must be examined as a whole to determine who is the prevailing party."). This case involves multiple claims and multiple parties. In the absence of a final order, no party in this case has ultimately prevailed. Submission of Defendant Gaskins' Bill of Costs is improper before there is a final order as to the prevailing parties in this case.

Pending resolution of Defendant Zaccari's interlocutory appeal, as well as resolution of any other potential appeals in this case, the Court should deny Defendant Gaskins' Bill of Costs. In its discretion, a district court may postpone the awarding of costs until the resolution of post-judgment motions and appeals. *Harris v. FMC Corp.,* 1992 U.S. Dist. LEXIS 21020 at 1 (N.D. Ga. 1992); *Estate of Piddock v. Sunnyland America Inc.,* 726 F. Supp. 1322 (S.D. Ga. 1989). As a general rule, district courts have held that it is "sound policy to wait until final

resolution of a controversy on its merits before determining who is the 'prevailing party' under Fed. R. Civ. P. 54(d) and awarding costs." *Harris,* 1992 U.S. Dist. LEXIS 21020 at 1 (*citing Estate of Piddock,* 726 F. Supp. 1322, 1341 (S.D. Ga. 1989)).

Because the appellate process has commenced, it is in the best interest of all parties if the ultimate award of costs is stayed pending the final judgment in this case. Defendant Zaccari has already filed an appeal on certain issues in the case, and the time for appeal of non-pendent claims is not yet ripe. Under these circumstances it would be premature for the Court to award costs. *Kaw v. School Bd. Of Hillsborough County, Fla.,* 2010 WL 2293193 (M.D. Fla. 2010) ("it would be a waste of judicial resources to resolve Plaintiff's objections to the proposed bill of costs and award such costs during the pendency of Plaintiff's appeal.").

## CONCLUSION

For all the foregoing reasons, Defendant Gaskins' Bill of Costs should be DENIED.

Respectfully submitted this 8th day of October, 2010.

    */s/ Robert Corn-Revere*
Robert Corn-Revere
Christopher A. Fedeli
Lisa Zycherman
Erin N. Reid
Admitted *Pro Hac Vice*
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com


    */s/ Cary Stephen Wiggins*
Cary Stephen Wiggins
Georgia Bar No. 757657
Wiggins Law Group
260 Peachtree Street, NW, Suite 401
Atlanta, GA 30303
404-659-2880
Email: cary@wigginslawgroup.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on October 8, 2010, I served the foregoing to all counsel of record via electronic means. I also certify, pursuant to Local Rule 7.1(D), that this document has been prepared in Times New Roman 14-point font.

                */s/ Robert Corn-Revere*
                Robert Corn-Revere
                Admitted *Pro Hac Vice*
                Davis Wright Tremaine LLP
                1919 Pennsylvania Avenue, NW
                Suite 800
                Washington, DC 20006
                202-973-4200
                Email: bobcornrevere@dwt.com

                Attorney for Plaintiff