IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | |
| | * | Case No. 1:08-cv-00077-CAP |
| RONALD M. ZACCARI, *et al.*, | * | |
| individually and in his official | * | |
| Capacity as President of Valdosta | * | |
| State University; VALDOSTA | * | |
| STATE UNIVERSITY; BOARD OF | * | |
| REGENTS OF THE UNIVERSITY | * | |
| SYSTEM OF GEORGIA; LAVERNE | * | |
| GASKINS, individually and in her | * | |
| official capacity as in-house counsel | * | |
| at Valdosta State University; KURT | * | |
| KEPPLER, individually and in his | * | |
| official capacity as Vice President | * | |
| for Student Affairs at Valdosta State | * | |
| University; RUSS MAST, | * | |
| individually and in his official | * | |
| capacity as Dean of Students at | * | |
| Valdosta State University; and LEAH | * | |
| McMILLAN, individually and in | * | |
| her official capacity as a counselor | * | |
| at Valdosta State University, | * | |
| | * | |
| Defendants. | * | |

**NOTICE OF CROSS-APPEAL**

Notice is hereby given that Plaintiff Thomas Hayden Barnes hereby cross-appeals to the United States Court of Appeals for the Eleventh Circuit, pursuant to

1

Federal Rules of Appellate Procedure 3 and 4(a)(3), from the Order entered in this action on September 3, 2010.

Defendants Ronald M. Zaccari and the Board of Regents of the University System of Georgia filed a Notice of Appeal of the same Order on October 1, 2010. In their Notice of Appeal, Defendants asserted that "[t]he Order of the District Court denying qualified immunity to Defendant Zaccari is immediately appealable … on an interlocutory basis." They also asserted pendent jurisdiction over a claim against the Board of Regents by asserting it "is inextricably intertwined" with the denial of qualified immunity to Defendant Zaccari.

Plaintiff cross-appeals certain portions of the District Court's September 3, 2010 Order on summary judgment. *Barnes v. Zaccari et al.*, __ WL __ at *43 (N.D. Ga. Sept. 3, 2010). In particular, Plaintiff seeks appellate review of the District Court's decision to dismiss Plaintiff's First Amendment retaliation claim against Defendant Zaccari. *See Bennett v. Hendrix*, 423 F.3d 1247, 1255 (11th Cir. 2005); *Georgia Ass'n of Educators v. Gwinnett County Sch. Dist.*, 856 F.2d 142, 145 (11th Cir. 1988). As such, Plaintiff appeals the District Court's decision to grant Defendants' motion for summary judgment as to Defendant Zaccari on Count III and to deny Plaintiff's motion for summary judgment as to Defendant Zaccari on Count III.

Plaintiff also appeals the District Court's decision that because a public education is not a "fundamental right," Plaintiff's substantive due process rights were not violated by Defendant Zaccari's decision to expel Plaintiff from Valdosta State University. Plaintiff asserts that this decision was erroneous because his substantive due process claim is predicated on the deprivation of his First Amendment rights, which are recognized as a "fundamental right." *See C.B. v. Driscoll*, 82 F.3d 383, 387 (11th Cir. 1996) (*quoting Palko v. Connecticut*, 302 U.S. 319, 325 (1937)); *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1562-63 (11th Cir. 1995); *McKinney v. Pate*, 20 F.3d 1550, 1560 n.15 (11th Cir. 1994) (en banc) Accordingly, Plaintiff appeals the District Court's decision to grant Defendants' motion for summary judgment as to Defendant Zaccari on the substantive due process element of Count IV and deny Plaintiff's motion for summary judgment as to Defendant Zaccari on the substantive due process element of Count IV.

In addition, Plaintiff appeals the District Court's decision on summary judgment to dismiss Counts VI and VII of the Complaint, Plaintiff's claims under the Americans With Disabilities Act and Rehabilitation Act, respectively. 42 U.S.C. § 12132, 29 U.S.C. § 794(a).

Finally, Plaintiff appeals the District Court's decision to deny him injunctive relief, including expunging all University records that inappropriately label

Plaintiff as a "clear and present danger" to VSU or its personnel. This harm is ongoing and merits equitable relief. Plaintiff sought injunction relief for Counts I, II, III, IV, V, VI, and VII of the Complaint. In the District Court's Order granting in part and denying in part Defendants' motions to dismiss, the court denied Plaintiff injunctive relief on the ground that his claims were moot. *Barnes v. Zaccari et al.*, __ WL __ at *29 (N.D. Ga. Nov. 19, 2008). Plaintiff sought reconsideration of the court's ruling, but reconsideration was denied by the District Court. *Barnes v. Zaccari et al.*, __ WL __ (N.D. Ga. Dec. 12, 2008). Plaintiff's claims for injunctive relief are inextricably intertwined with the qualified immunity issue raised by Defendants' appeal.

    Plaintiff asserts that the Court of Appeals may exercise pendent appellate jurisdiction over his cross-appeal because the issues presented by Mr. Barnes are "inextricably intertwined" with Defendants' appeal. *See King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1379 (11th Cir.2009) (*quoting Swint v. Chambers County Comm'n*, 514 U.S. 35, 51 (1995)). Exercising pendent jurisdiction is warranted here because a ruling on the qualified immunity issues presented by Defendants' appeal necessarily entails a review of the merits issues raised by Plaintiff's claims. If the Court of Appeals affirms the District Court's decision denying qualified immunity to Defendant Zaccari, the case will be returned to the District Court for a trial on damages. However, if a jury awards damages to Plaintiff and, on appeal

from final judgment, the Court of Appeals holds that Defendants were liable on the merits, the Court's interlocutory review of the qualified immunity issue "will be rendered nugatory, thereby frustrating the interests of judicial economy." *Bryant v. Jones*, 575 F.3d 1281, 1302 (11th Cir. 2009) (*citing Schmelz v. Monroe County*, 954 F.2d 1540, 1543 (11th Cir.1992) (*per curiam*) (exercising pendent appellate jurisdiction over merits of case along with qualified immunity question so as to dispense with all federal issues)).

Respectfully submitted this 14th day of October, 2010.

/s/ *Robert Corn-Revere*
Robert Corn-Revere
Christopher A. Fedeli
Lisa Zycherman
Erin N. Reid
Admitted *Pro Hac Vice*
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com


/s/ *Cary Stephen Wiggins*
Cary Stephen Wiggins
Georgia Bar No. 757657
Wiggins Law Group
260 Peachtree Street, NW, Suite 401
Atlanta, GA 30303
404-659-2880
Email: cary@wigginslawgroup.com

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify that on October 14, 2010, I served the foregoing to all counsel of record via electronic means.  I also certify, pursuant to Local Rule 7.1(D), that this document has been prepared in Times New Roman 14-point font.

      */s/ Robert Corn-Revere*
Robert Corn-Revere
Admitted *Pro Hac Vice*
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
202-973-4200
Email: bobcornrevere@dwt.com

Attorney for Plaintiff