IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES,<br><br>  Plaintiff,<br><br>vs.<br><br>RONALD M. ZACCARI, et al.,<br><br>  Defendants. | CIVIL ACTION FILE NO.:<br>1:08-cv-00077-CAP |

**DEFENDANT LEAH MCMILLAN'S REPLY IN SUPPORT OF
MOTION FOR ENTRY OF FINAL JUDGMENT**

COMES NOW LEAH MCMILLAN, and pursuant to Fed. R. Civ. P. 54(b) files this Reply in Support of her Motion for Entry of Final Judgment (Doc. 248), showing this Honorable Court as follows:

**I.  IT REMAINS WELL WITHIN THIS COURT'S JURISDICTION TO ENTER MRS. MCMILLAN FINAL JUDGMENT DESPITE THE APPEAL EFFORTS OF OTHER DEFENDANTS.**

Plaintiff erroneously asserts that the filing of an interlocutory appeal by Defendants Zaccari and the Board of Regents makes it so "this court lacks jurisdiction to entertain any additional motions in this proceeding as jurisdiction is now exclusively vested with the U.S. Court of Appeals." (Pf's Response, pp. 2-3). The cases cited to by Plaintiff himself renders this argument false. Indeed, the first

Eleventh Circuit case cited to by Plaintiff plainly states that "[t]he district court <u>has authority to proceed forward with portions of the case not related to the claims on appeal</u> . . . ." <u>Green Leaf Nursery v. E.I Dupont De Nemours and Co.</u>, 341 F.3d 1292, 1309 (11th Cir. 2003) (emphasis added); <u>see</u> <u>Plaintiff's Response, p. 3</u> (citation by Plaintiff to <u>Green Leaf v. EI Dupont De Nemours and Co.</u>). Moreover, U.S. Supreme Court precedent cited to <u>by Plaintiff</u> holds that the filing of a notice of appeal "divests the district court of its control <u>over those aspects of the case involved in the appeal</u>." <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982) (emphasis added); <u>see</u> <u>Plaintiff's Response, p. 3</u> (citation by Plaintiff to <u>Griggs v. Provident Consumer Disc. Co.</u>).

    Here, Defendant Zaccari and the Board of Regents' appeal does not concern Mrs. McMillan and as such it remains well within this Court's jurisdiction to enter her final judgment under Rule 54(b). Indeed, the filing of a notice of appeal does not "prevent the [district] court from entertaining motions on matters collateral to those at issue on appeal." <u>Mahone v. Ray</u>, 326 F.3d 1176, 1179 (11th Cir. 2003). <u>See</u> <u>also</u> <u>May v. Sheahan</u>, 226 F.3d 876, 880 n.2 (7th Cir. 2000) ("The scope of the divestiture of jurisdiction effected by a [qualified immunity] appeal is limited. The district court has authority to proceed forward with portions of this case not related to the claims on appeal, <u>such as claims against other defendants or claims against the public official that cannot (or simply are not) appealed</u>."). (Emphasis Added).

## II.   JUDICIAL ADMINISTRATIVE INTERESTS FAVOR CERTIFICATION OF THE ENTIRE SEPTEMBER 3, 2010 ORDER (DOC. 244).

Plaintiff also argues that "[r]esolution of the parties' appeals on liability is a just reason to delay entry of final judgment for Defendant McMillan." (Pf's Response, p. 2). Plaintiff apparently believes that delaying final judgment for Mrs. McMillan will alleviate the risk of "multiplying the number of proceedings and of overcrowding the appellate docket." (Id., p.4, quoting Ebrahimi v. City of Huntsville Bd. Of Educ., 114 F.3d 162, 166 (11th Cir. 1997)).

Plaintiff fails to realize however that <u>he</u> is the only risk to a proliferation of appeals and an overcrowding of the appellate docket. In light of the appeal by Defendants Zaccari and the Board of Regents (Doc. 249), as well as Plaintiff's recent cross-appeal (Doc. 255), there is going to be <u>at least</u> one appeal going forward. The responsibility as to whether there will be additional appeals beyond this principally <u>lies with Plaintiff.</u> Once final judgment is entered by this Court, Plaintiff has the option of filing appeals regarding the entry of summary judgment on behalf of Defendants McMillan, Gaskins, Keppler, and Mast. (Doc. 244).

It is clear however that Plaintiff would rather deal with each individual defendant on appeal in a "piecemeal" manner. This Plaintiff cannot do. As this Court is well aware, consideration of judicial administrative interests is necessary to ensure that application of Rule 54(b) effectively "preserves the historic federal

3

policy against piecemeal appeals." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 166 (11th Cir. 1997) (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)). (Emphasis Added). "Piecemeal appeals which require that two or more three-judge panels familiarize themselves with a given case are rarely efficient." Langsfeld v. Wynne, 2009 U.S. Dist. LEXIS 10503*15 (N.D. Ga. 2009).

Under these circumstances, it would best serve judicial economy for this Court to not only enter final judgment on behalf of Mrs. McMillan, but to simultaneously enter final judgment with regard to all additional claims dismissed in its September 3, 2010 Order (Doc. 244). See Enwonwu v. Trans Union, LLC, 164 Fed. Appx. 914 (11th Cir. 2006) (Discussing where the District Court of the Northern District of Georgia granted a defendant's Motion for Entry of Final Judgment under Rule 54(b) and sua sponte entered final judgment with regard to all additional claims dismissed in the initial summary judgment order.) This will prohibit Plaintiff from improperly engaging in "piecemeal" appeals and will put the onus on Plaintiff to decide whether to overcrowd the appellate docket—a responsibility he would rather avoid than face head on.

### III.   CONCLUSION

Based on the foregoing, Mrs. McMillan respectfully requests this Honorable Court to grant her Motion for Entry of Final Judgment and simultaneously enter

final judgment with regard all additional claims dismissed in its September 3, 2010 Order (Doc. 244).

Respectfully submitted, this 19th day of October, 2010.

**DALEY, KOSTER & LAVALLEE, LLC**

<u>s/ Matthew R. LaVallee, Esq.</u>
Georgia Bar No. 438196
Attorney for Defendant
Leah McMillan

2849 Paces Ferry Road, Suite 160
Atlanta, Georgia 30339
(678)-213-2401
(678)-213-2406 (fax)
mlavalee@dkllaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES,<br><br>  Plaintiff,<br><br>vs.<br><br>RONALD M. ZACCARI, et al.,<br><br>  Defendants. | CIVIL ACTION FILE NO.:<br>1:08-cv-00077-CAP |

## **CERTIFICATE OF SERVICE**

This is to certify that on October 19, 2010, I served a copy of

**DEFENDANT LEAH MCMILLAN'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT** to all counsel and parties of record listed below and with the Clerk of Court via electronic notice using the CM/ECF system:

**Attorneys for Plaintiff**
Robert Corn-Revere, Esq.
Chris A. Fedeli, Esq.
Erin Reid, Esq.
Davis Wright Tremaine, LLP
1919 Pennsylvania Ave. NW, Suite 200
Washington, DC 20006
bobcornrevere@dwt.com
chrisfedeli@dwt.com
erinreid@dwt.com

6

Cary Stephen Wiggins, Esq.
Cook Youngelson & Wiggins
260 Peachtree St. NW, Suite 401
Atlanta, GA 30303
cary@wigginslawgroup.com

**Attorneys for Valdosta State University Defendants**
David C. Will, Esq.
Holly Hance, Esq.
Royal Washburn Will
4799 Sugarloaf Parkway
Building J
Lawrenceville, GA 30044
dwill@royallaw.net
hhance@royallaw.net

**Attorneys for Defendant Laverne Gaskins**
David R. Smith, Esq.
Brannen Searcy & Smith
PO Box 8002
22 E 34th Street
Savannah, GA 31412-8002
DSmith@brannenlaw.com

*s/***Matthew R. LaVallee, Esq.**
Georgia Bar No. 438196
Attorney for Defendant Leah McMillan

**DALEY, KOSTER & LAVALLEE, LLC**
2849 Paces Ferry Road, Suite 160
Atlanta, Georgia 30339
(678)-213-2401
(678)-213-2406 (fax)
mlavallee@dkllaw.com