```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION
```

| | |
|---|---|
| THOMAS HAYDEN BARNES, | |
| Plaintiff, | |
| v. | CIVIL ACTION<br>NO. 1:08-CV-0077-CAP |
| RONALD M. ZACCARI,<br>individually and in his<br>official capacity as President<br>of Valdosta State University;<br>et al., | |
| Defendants. | |

O R D E R

This case is currently before the court on Defendant Leah McMillan's motion for entry of final judgment [Doc. No. 248].

The court has already entered an order [Doc. No. 244] granting McMillan's motion for summary judgment. She now requests that the court to enter final judgment in her favor pursuant to Federal Rule of Civil Procedure 54(b) and in support states that is unnecessary to require her to be "along for the ride" during the pendency of other matters in this case [McMillan's brief in support, Doc. No. 248-1, p. 4].

"When an action presents more than one claim . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Federal Rule of Civil Procedure 54(b).

Because there are just reasons for delay in this case, an entry of final judgment in favor of Defendant McMillan is inappropriate.

The effect of entering final judgment as to Defendant McMillan would be to make the issues decided in her favor immediately appealable. The Supreme Court has stated, "[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright Corp. v. General Electric Corp., 445 U.S. 1, 8 (1980). In making that determination, the "district court must take into account judicial administrative interests as well as the equities involved." Id. The district court's inquiry into judicial administrative interests is necessary to "preserve[] the historic federal policy against piecemeal appeals." Id.

In the present case, this court has granted summary judgment to several defendants, including McMillan, but it has also granted summary judgment against two defendants [Doc. No. 244], which means, inter alia, that further proceedings will be necessary to determine the appropriate amount of damages. Judicial administrative issues weigh heavily in favor of delaying the entry of final judgment for McMillan until the court enters a final order disposing of the remaining matters in this case. In denying McMillan's motion, the court seeks to avoid the prospect of having

several separate pieces of this case find their way to the Eleventh Circuit Court of Appeals at different times, necessitating the consumption of the time and resources of several panels of that court. Instead, this court concludes that, while it may be inconvenient for McMillan to be "along for the ride," mere inconvenience does not overcome the court's interest in the efficient administration of justice. Accordingly, McMillan's motion for entry of final judgment [Doc. No. 248] is DENIED.

    SO ORDERED, this <u>26th</u> day of October, 2010.

                                  <u>/s/ Charles A. Pannell, Jr.</u>
                                  CHARLES A. PANNELL, JR.
                                  United States District Judge