IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS HAYDEN BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No.: |
| ) | 1:08-CV-0077-CAP |
| RONALD M. ZACCARI, ) | |
| ) | |
| Defendants. ) | |

## **BRIEF IN SUPPORT OF MOTION TO TRANSFER**

This matter should be transferred to the United States District Court for the Middle District of Georgia Valdosta Division (hereafter "Valdosta") because Valdosta is the most convenient forum for all witnesses, Valdosta is the proper venue under 28 U.S.C. § 1391, and the only remaining Defendant resides in Valdosta.

PROCEDURAL HISTORY

Plaintiff brought suit against the eight (8) defendants on January 9, 2008. As to seven of these eight (8) defendants, venue was proper only in Valdosta under the requirements of 28 U.S.C. § 1391. These seven (7) defendants were Valdosta State University ("VSU") itself, Dr. Zaccari, VSU's general counsel, a vice-president, a

1

dean of VSU, the head VSU counselor, and one (1) staff counselor at VSU. The only defendant that made venue possible in the Northern District of Georgia, Atlanta Division ("Atlanta") was the Board of Regents of the University System of Georgia ("BOR"). The BOR is no longer a defendant in the case.

After Summary Judgment from this Court, and after appellate review from the Eleventh Circuit Court of Appeals, the only remaining claim is against Dr. Zaccari under Count 4 under 42 U.S.C. § 1983 in the context of an alleged violation of Procedural Due Process.

## FACTS

Several days of, and at least eleven (11), depositions were conducted on the VSU campus, the deponents including VSU employees, and all of the defendants. Only three (3) depositions of fact witnesses were conducted in Atlanta, including two (2) BOR employees, and the Plaintiff. The Plaintiff is now believed to be living in Maryland where he attends law school in Baltimore. VSU is two-hundred thirty (230) miles from Atlanta. Requiring these key witnesses to drive that far to appear in court would create hardships for the vast majority of the witnesses, increase the travel expenses of witnesses, and would be inconvenient. Additionally, all of the remaining facts complained of as against Dr. Zaccari

occurred at VSU: VSU is the location of the nucleus of operative facts at issue. It is a local controversy.

## ARGUMENT AND CITATION TO AUTHORITY

The applicable law, found in 28 U.S.C. § 1404(a) . . . states, in pertinent part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

> The 'underlying purpose' of § 1404(a) is to enable courts to 'prevent plaintiffs from abusing their privilege under [28 U.S.C.] § 1391 [for diversity cases] by subjecting defendants to venues that are inconvenient under the terms of § 1404 (a).' [citation omitted] Put another way, § 1404(a) "tempers the effects" of the plaintiff's choice of venue. [citation omitted] It 'reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice.' [citation omitted] . . . .
>
> Based on the statutory language, the standard for a §1404(a) transfer can be distilled, as follows: '(1) the transferee court must be a court in which the action could have been brought initially; (2) the transfer must be convenient tothe parties and witnesses; and (3) the transfer must be in the interest of justice.' [citation omitted] . . . .
>
> Thus, "[a] motion to transfer under § 1404(a) . . . calls on the district court to weigh in the balance a number of case-specific factors." [citation omitted] These include: (1) the plaintiff's choice of venue; (2) convenience of the witnesses; (3) convenience of the parties; and (4) the interests of justice. [citation omitted] . . . .
>
> Other factors include the 'local interest in having localized controversies settled at home' and the 'appropriateness in having a trial

<u>of a diversity case in a forum that is at home</u> with the state law that must govern the action.' [citation omitted] . . . .

Notably, '[t]he decision whether to transfer is committed to the sound discretion of the trial court.' [citation omitted]. As discussed, infra, the <u>discretion afforded in regard to a motion under § 1404(a) is broader than that afforded under the doctrine of forum non conveniens</u>. [citation omitted] . . . .

Under 28 U.S.C. § 1404(a), the <u>'preliminary' inquiry</u> focuses on <u>whether the civil action "might have been brought in the destination venue.'</u> [citation omitted] . . . .

<u>Elliot Amquip, LLC v. Bay Electric Co</u>., 1:10-cv-03598, slip op. at 7-8 (D. Md. June 2, 2011), http://www.mdd.uscourts.gove/Opinions/Opinions/AmQuipMemo.pdf (emphasis added).

"Perhaps the most important factor to be considered by a court in passing on a motion to transfer is the convenience of the witnesses." <u>Elliot Amquip, LLC</u> at 12 (citations omitted).

"To be sure, a plaintiff's choice of venue is entitled to substantial weight. [citation omitted]. However, consistent with the foregoing discussion, courts considering § 1404(a) motions have 'significantly lessened' that weight 'when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy.' <u>Elliot Amquip, LLC</u> at 22 (citations omitted); <u>see also</u> <u>Prather v. Raymond Constr. Co.</u>, 570 F. Supp.

4

278 (N.D. Ga. 1983) ("[W]here the forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, 'to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor.'" (citation omitted)).

28 U.S.C. 1391(b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The overwhelming majority of all witnesses reside in Valdosta. The nucleus of the facts occurred in Valdosta at VSU. It a local controversy involving the witness testimony of Valdosta residents and VSU employees. The expenses, time away from work (at a public university), hardships, and inconvenience required of the key witnesses and only remaining defendant if they were required to travel to Atlanta for trial would exponentially increase. Plaintiff is no longer residing in Georgia, so he is required to travel regardless of the chosen venue.

The fact that the BOR was a party to the lawsuit was the only reason that venue was originally alleged to be proper in this district under 28 U.S.C. 1391(b). *See Complaint* (Doc. #1) at page 7, par. 17 (citing 28 U.S.C. § 1391(b)(1)). However, as a *matter of law*, the BOR is no longer a defendant to the lawsuit. Without the BOR as a party defendant, there is no defendant that resides in Northern District of Georgia or Atlanta, as required under Section 1391(b)(1). Therefore, it would be unjust to perpetuate the inconvenience of trial in Atlanta. As a matter of law, the case should be transferred where it could have originally been properly brought.

## CONCLUSION

The Defendant Dr. Zaccari respectfully requests that the Court exercise its broad discretion under Section 1404 (a) and transfer the case for trial in the United States District Court for the Middle District of Georgia Valdosta division, as required by justice, convenience of the parties, and what was originally proper as a matter of law under Section 1391(b)(1).

This 6th day of June, 2012.

        s/David C. Will
        DAVID C. WILL
        Georgia Bar No. 760150
        Email:  dwill@royallaw.net
        HOLLY HANCE
        Georgia Bar No. 153092
        Email:  hhance@royallaw.net

**ROYAL – WILL**
4799 Sugarloaf Pkwy, Bldg J
Lawrenceville, GA 30043
Phone:  770-814-8022
Fax:  770-814-8360