**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 1:08-cv-00077-CAP |
| | * | |
| RONALD M. ZACCARI, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF BARNES' OPPOSITION TO
DEFENDANT ZACCARI'S MOTION TO TRANSFER VENUE**

### I.   INTRODUCTION

Over four years after Plaintiff Thomas Hayden Barnes filed the instant action, Defendant Ronald M. Zaccari now moves this Court to transfer the proceeding to the United States District Court for the Middle District of Georgia, claiming that Valdosta is a more convenient forum. Zaccari's motion should be denied and this action should remain in the Northern District of Georgia to commence a jury trial on Plaintiff's remaining claims for the following reasons:

*First*, Zaccari exaggerates the potential for witness inconvenience in the Northern District. To the contrary, many witnesses are not located in Valdosta and will not be required to provide more than one day of testimony.

*Second*, judicial economy factors outweigh any potential convenience factors in this procedurally complicated four-year proceeding.

*Third*, Plaintiff's forum choice should be accorded substantial weight, especially where Barnes has not engaged in forum shopping and issues raised by his claims occurred in this district.

## II. ARGUMENT

### A. Legal Standard

There are two distinct grounds on which venue may be changed in federal courts. First, where venue is improper (*i.e.*, the plaintiff commenced action in wrong district), the court may transfer or dismiss under 28 U.S.C. § 1406(a). However, where, as here, venue is proper, the court may transfer to another district "for the convenience of parties and witnesses, in the interest of justice" under § 1404(a).

Section 1404(a) provides discretionary grounds for transferring an action. The Eleventh Circuit has identified several factors a Court should apply when considering a § 1404 motion to transfer. These factors include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the

parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir.2005).

Because a plaintiff's choice of forum is entitled to deference, the moving party has the burden of showing that "the convenience of parties and witnesses" and "interest of justice" require transfer to another district. *Perlman v. Delisfort-Theodule*, 451 Fed.Appx. 846, 848 (11th Cir. 2012). Zaccari has not met this burden.

### B. Defendant Exaggerates Witness Inconvenience

Zaccari claims, without foundation, that "[t]he overwhelming majority of all witnesses reside in Valdosta," and that transfer to the Middle District is necessary due to "[t]he expense, time away from work (at a public university), hardships, and inconvenience required to the key witnesses and only remaining defendant if they were required to travel to Atlanta for trial would exponentially increase." (Mot. 5). In support of his claims, he submits his own "fill-in-the-blank" affidavit, which only avers that it would be "inconvenient and create undue hardship" for him to attend a trial in Atlanta. (Dkt. 272).

3

Defendant's affidavit is insufficient to establish the residences of witnesses he claims would be inconvenienced by conducting the trial in the Northern District. A party moving for transfer is required to provide affidavits or declarations to establish whatever facts are involved in their motion, such as the residence or location of witnesses. When seeking a transfer, a party cannot rely on vague generalizations as to convenience factors. *See Perlman v. Delisfort-Theodule*, 451 Fed.Appx. 846, 848-49 (11th Cir. 2012) (affirming denial of motion to transfer where district court found moving party failed to "identify any witnesses who could not or would not testify unless the case was transferred"). The moving party is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include. *See, e.g., Heller Financial, Inc. v. Midwhey Powder Co. Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Zaccari's motion and affidavit do not meet this burden in any respect.

A more specific review of the witnesses that will be asked to testify demonstrates that the forthcoming trial on damages will not pose a significant inconvenience to the witnesses in this case. First, contrary to Zaccari's sweeping generalization, not all of the witnesses are located in Valdosta. For example, Kelly Burke and Dr. Kevin Winders are located in

Savannah, (*see* Dkt. 47-2, Plaintiff's Rule 26(a)(1)(A)(i) Witness List), Linda Daniels is located in Decatur, (*see* Dkt. 180, Deposition of Linda Daniels 4:23), Kurt Keppler is no longer employed by Valdosta State University and is now living in Louisiana,[1] and Kim Chaffee is now married to Plaintiff and living with him in Baltimore, Maryland.  Second, each witness can be scheduled to testify for only one day, thereby minimizing any travel inconvenience for witnesses outside the Northern District.

Moreover, Zacarri's delay in seeking transfer is unreasonable.  The alleged witness convenience grounds Zacarri alleges in his motion were known to Defendant at the outset of this proceeding four years ago.  As this Court has noted, a transfer for "convenience" under § 1404(a) should be sought as soon as the "inconvenience" becomes apparent – preferably before the first responsive pleading.  *See Perlman v. Delisfort-Theodule*, 451 Fed.Appx. 846, 848 (11th Cir. 2012) (affirming denial of motion to transfer where district court found that because defendant had waited one year to request transfer, granting motion would result in "unnecessary delay").  By waiting four years to assert a need for transfer on convenience grounds, Zaccari's motion would result only result in unnecessary delay.

---

[1] The Court may take judicial notice that according to the website for Louisiana State University, Kurt Keppler is now employed as the university's Vice-Chancellor for Student Life and Enrollment Services.  (*See* http://studentlife.lsu.edu/vice-chancellor-kurt-keppler).

Although, technically, a motion for transfer under § 1404(a) can be made at any time, the court, in its discretion, may deny transfer where the convenience factors are outweighed by judicial economy considerations or the substantial weight that is otherwise accorded to a plaintiff's venue choice. Both factors merit denial of Zacarri's motion.

### C. Transferring Venue At This Late Stage of Litigation Is Contrary to Judicial Economy

In addition to weighing the convenience of the parties and witnesses, the Court must weigh the costs, judicial economy and efficiency, expeditious discovery and trial process. See *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). Transfer of the instant proceeding, after four years of litigation in the Northern District of Georgia, is contrary to the interests of judicial economy and will waste time and money.

This Court has already ruled on motions to dismiss, discovery matters, and cross-motions for summary judgment. As the docket in this case demonstrates, this litigation has involved numerous depositions – some portions of which were sealed – as well as the management of a protective order. Furthermore, this prolonged litigation has already been appealed to the Eleventh Circuit, which only recently issued its mandate allowing the parties to proceed to trial on Plaintiff's remaining claims.

Principles of judicial economy recognize the importance of having a complex and long-standing case such as this managed and decided by a judge who is familiar with the complicated factual and legal issues. Such familiarity in a case with a complex docket outweighs other transfer factors such as convenience of the parties and witnesses.

### D. Plaintiff's Choice of Forum Should Be Accorded Substantial Weight

In addition to judicial economy factors, a plaintiff's choice of forum is accorded substantial weight in proceedings under § 1404(a). Indeed, in this Circuit, the "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996) (quotation marks omitted). Thus, where a transfer is sought under § 1404(a), a plaintiff's choice should be respected unless the transferee venue is clearly more convenient than the venue chosen by plaintiff. *In re Volkswagen of America, Inc.*, 545 F.3d, 314-15 (5th Cir. 2008) (*en banc*). "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Id.* at 384. In this case, the Middle District is no more convenient than the Northern District because the convenience of the witnesses does not necessitate transfer and judicial economy considerations support remaining in the original forum.

7

A plaintiff's choice of forum is only given less weight where it is apparent that plaintiff engaged in "forum shopping." This is not the case here insofar as Plaintiff filed his suit in the Northern District of Georgia at a time when he was resident in the district. Although Plaintiff has since moved his residence outside the district, his motive for filing in the Northern District was not motivated by "forum shopping," and thus his interest in remaining in the forum where this action was originally filed should be given substantial weight.

Moreover, this forum does not lack contact with the issues alleged in Plaintiff's complaint. Zaccari asserts that "all of the remaining facts complained of as against Dr. Zaccari occurred at VSU," but this is incorrect. Instead, at the pending damages trial, Plaintiff will present evidence regarding the substantial monetary and emotional damages he suffered in this district following his unlawful expulsion from Valdosta State University.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion for transfer.

Dated: June 20, 2012

Respectfully submitted,

__/s/Robert Corn-Revere_____
Robert Corn-Revere
Lisa Beth Zycherman
Erin Nedenia Reid
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006-3401
bobcornrevere@dwt.com
lisazycherman@dwt.com
erinreid@dwt.com
(202) 973-4200


Cary Wiggins
Georgia Bar #757657
Wiggins Law Group
260 Peachtree Street, N.W.
Suite 401
Atlanta, Georgia 30303
cary@cywlaw.com
(404) 659-2880

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2012, I electronically filed the foregoing Opposition to Motion to Transfer Venue with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

        /s/Robert Corn-Revere_____
Robert Corn-Revere
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW
Suite 800
Washington, DC  20006-3401
bobcornrevere@dwt.com
(202) 973-4200