**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| THOMAS HAYDEN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No.: |
| | ) | 1:08-CV-0077-CAP |
| RONALD M. ZACCARI, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**DEFENDANT ZACCARI'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER VENUE**

**I. INTRODUCTION**

The factors that the Court must consider are decidedly in favor transferring
this matter to the Middle District.  Despite arguments made by Plaintiff to the
contrary, witness inconvenience has not been exaggerated, judicial economy is
promoted by transferring this case to the Middle District of Georgia, and the
weight afforded to the Plaintiff's forum choice is substantially diminished where,
as here, the Plaintiff has no connection with the chosen forum.

## II. ARGUMENT

**A.  Witness Convenience Is Substantially Improved by a Transfer to the Middle District Because a Majority of Key Witnesses Reside in the Middle District.**

When determining whether a transfer of venue is proper, witness inconvenience is a major factor.  Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004) ("The convenience of the witnesses is of great importance to the decision to transfer venue from one forum to another . . . . "); see also Nam v. U.S. Xpress, Inc., Civil Action No. 1:10-CV-3924-AT at 19 (N.D. Ga. Apr. 27, 2011) (granting a defendant's motion to transfer under § 1404 to the Eastern District of Tennessee where "almost all of the non-party witnesses [were] located in Tennessee").

In this case, the majority of witnesses are located in Valdosta, including former parties Laverne Gaskins (Valdosta State University ("VSU") General Counsel), Russ Mast (VSU Dean of Students), Victor Morgan (Retired Director of VSU Counseling Center), Leah McMillan (VSU Assistant Director of the Counseling Center), and witnesses Kim Tanner (VSU Students with Disabilities Office), Thressea Boyd (VSU Assistant to the President for Communications), Ann Farmer (VSU Police), Scott Doner (VSU Director of University Police), Michael Noll (VSU Professor), David Roddock (Valdosta), Chuck Hudson (VSU

Registrar), and Richard Lee (VSU Assistant to Dean of Students for Judicial Affairs).  The sole defendant left in this case is also located in Valdosta.  Only two fact witnesses are in the Northern District (Betsey Neely and Linda Daniels).[1]  The rest of the witnesses are located in a variety of locations, both within and outside the state of Georgia, and would require travel to either the Northern or Middle Districts.

Plaintiff cites to Perlman v. Delisfort-Theodule, 451 Fed. App'x 846 (11th Cir. 2012), in support of a broad statement against reliance "on vague generalizations as to convenience factors."   (Pl.'s Opp'n to Def.'s Mot. 4). However, this is a gross oversimplification of the facts and holding in that case. Perlman involved a *pro se* defendant who filed a motion for change in venue roughly a year after the action was initiated, and after the defendant had failed to file an answer until a month prior.  The Perlman court found,

> [B]ecause [the defendant] had waited roughly one year to request change of venue, transferring the case would have resulted in unnecessary delay and might have prejudiced the [plaintiff's] ability to recover and avoid fraudulent transfers. It also concluded that [the defendant] had not carried her burden to show how transferring the venue would have reduced her costs. Nor did she identify any

---

[1] Plaintiff's expert witness, Dr. Matthew Norman also resides in the Northern District.

witnesses who could not or would not testify unless the case was

transferred. On these grounds, the [district] court therefore concluded

that any additional costs or inconvenience to [the defendant] was

insufficient to disturb the [plaintiff's] forum choice. We see no abuse

of discretion in that decision.

451 Fed. App'x at 848-849 (alterations added).  The <u>Perlman</u> defendant's failure to

identify any witnesses suffering from inconvenience was but one factor in a long

list of considerations leading to the Eleventh Circuit's holding.  That is hardly the

blanket statement the Plaintiff has attributed to it.  Nearly all of the facts giving

rise to this action took place in Valdosta.  The vast majority of the key witnesses

and the sole remaining defendant are located in Valdosta.  This situation speaks for

itself and clearly demonstrates that this case would far more convenient in the

Middle District.

### B.  Delay in Seeking Transfer Is Not Unreasonable

In this case, transfer under § 1404(a) was "sought as soon as the

'inconvenience' [became] apparent."  (Pl.'s Opp'n to Def.'s Mot. 5).  Other

District Courts have been presented with a motion to transfer after a dismissal of

defendants within their district, and granted the motion without finding undue

delay.  <u>See generally</u> <u>Jones v. Louisiana State Bar Assn.</u>, 738 F. Supp. 2d 74

(D.D.C. 2010) (granting a dismissal of all defendants in District of Columbia and

granting a transfer to the Eastern District of Louisiana); <u>Amini Innovation Corp. v.</u> <u>Bank & Estate Liquidators, Inc.</u>, 512 F. Supp. 2d 1039 (S.D. Tex. 2007) (granting a New Jersey defendant's motion to transfer under 1404 to District of New Jersey after all Texas defendants had been dismissed).  Here, the Board of Regents was previously the only defendant in this case that resided in the Northern District.  The Board's residency in the Northern District was the sole reason venue was proper in the Northern District.  After it was dismissed, no defendant remains in the Northern District and the inconvenience became apparent.  As soon as the Eleventh Circuit dismissed the sole claim against the Board of Regents and remanded the case to the District Court,  Zaccari moved to transfer venue to the Middle District.

Again, however, Plaintiff cites to <u>Perlman</u> as authority for a powerful statement and represents it as this Court's prior understanding.  Nowhere in <u>Perlman</u> does the Eleventh Circuit state a preference for a motion for venue transfer to be filed before the first responsive pleading.  However, in <u>American</u> <u>Dental Medical Technology, LLC v. A.K. Rubber Products Co.</u>, No. CV-08-103-LRS, at 6 (E.D. Wash. Dec. 31, 2008), the Eastern District of Washington states, "A transfer for convenience should be sought as soon as the 'inconvenience' becomes apparent, preferably with or before the first responsive pleading."  The Eastern District of Washington states its preference, but even then, it is merely a

preference.  Plaintiff concedes that the Court, in its discretion, may grant a motion to transfer venue made at any time.  (Pl.'s Opp'n to Def.'s Mot. 6).

It is also important to note that a trial date in the Northern District has yet to be set.  In Perlman, the Eleventh Circuit upheld the district court's finding of undue delay after the defendant had filed her motion to transfer venue within the same month as the trial date.  The defendant also suffered from numerous delays and missed deadlines, both while proceeding *pro se* and after *pro hac vice* counsel stepped in.  Perlman, 451 Fed. App'x at 847-850.  This motion has been filed before a trial date has been set.  A pretrial order has not been entered.  There is no unreasonable delay.

Here, the motion to transfer venue will not cause an undue delay because the motion was filed as soon as the inconvenience became apparent--the preference for timing in a motion to transfer is merely that, a *preference*, not a requirement, and the date for trial has not yet been set.

### C.  Judicial Economy May Be Better Served by a Transfer to the Middle District of Georgia.

With the dismissal of the other defendants from this case, there is only one issue left to try, and the facts creating this issue took place within the Middle District.  In weighing aspects of judicial economy, it is also worthwhile to note that the Northern District has recently considered its own caseload in granting a motion

to transfer.  See Kolodziej v. Mason, Civil Action No. 1:10-CV-2012-JEC (N.D. Ga. May 20, 2011) (discussing the current state of the Northern District and comparing it to the Middle District of Florida).  The Northern District may consider the relative caseload of each district when considering the Defendant's motion to transfer.

**D.   Plaintiff's Choice of Forum Is Substantially Diminished Where the Plaintiff Has Subsequently Left the Chosen Forum.**

Where a plaintiff does not reside in the chosen forum, the plaintiff's choice of forum is given substantially less weight.  Ramsey v. Fox News Network, LLC., 323 F. Supp. 2d 1352, 1355 (N.D. Ga. 2004) (citing Haworth, Inc. v. Herman Miller, Inc., 821 F. Supp. 1476, 1479 (N.D. Ga. 1992) ("Although the Plaintiffs' choice of forum is typically granted a great deal of deference, it is entitled to less weight when none of the parties resides there.").  This is true even if the plaintiff, as here, once resided in the chosen forum, but has since filing suit moved to another location.  Id. ("This is the case, even when the Plaintiffs resided in the forum at one point, but then abandoned it in favor of another.").

In Ramsey, the plaintiffs were living in Atlanta, Georgia when they filed suit against the defendants, despite the majority of facts giving rise to the case occurring in Colorado.  The plaintiffs then moved to Michigan, leaving their

chosen forum.  As stated above, the court refused to attach great weight to the chosen forum.

Here, the Plaintiff was a resident of the Northern District of Georgia when he filed suit, the majority of facts giving rise to the case occurred within the Middle District, and the Plaintiff has since removed himself to Baltimore, Maryland.  The Plaintiff's choice of forum should, therefore, be given reduced weight in considering the motion to transfer because of his voluntary abandonment of his chosen forum.

The Plaintiff states that his choice of forum "is only given less weight where it is apparent that plaintiff engaged in 'forum shopping.' " (Pl.'s Opp'n to Def.'s Mot. 8). However, the Plaintiff cites to no authority supporting this bald claim, and in light of the Northern District's decisions in Ramsey and Haworth, among others, this "forum shopping" argument has no legal support in the Northern District.  Last year, in Kolodziej, this court noted that the Eleventh Circuit has not addressed whether it was proper to diminish the weight afforded to the Plaintiff's choice of forum when the forum is not the home district for any of the parties.  Civil Action No. 1:10-CV-2012-JEC, at 19.  Despite the Eleventh Circuit's lack of discussion on the topic, this court nevertheless afforded less weight to the plaintiff's choice of forum in its consideration of the motion to transfer.  See id. ("[The] plaintiff's choice of forum is arguably entitled to less weight in this case than if plaintiff had

filed suit in the state where he resides.").  A plaintiff's choice of forum is *not* only given less weight where it is apparent the plaintiff engaged in "forum shopping"; a plaintiff's choice of forum is also given less weight where, as in this case, the plaintiff has abandoned his chosen forum after filing suit.

The consideration for transfer is the "locus of operative facts."  See <u>Nam v. U.S. Xpress, Inc.</u>, 1:10-CV-3924-AT (N.D. Ga. Apr. 27, 2011) (transferring the case at issue to Tennessee where the accident giving rise to the case occurred, despite some minor facts occurring within the Northern District of Georgia).  There is no dispute that the locus of operative facts occurred in Valdosta within the Middle District.  The Plaintiff was a student at Valdosta State University.  The Defendant was the school's president.   All interactions between Plaintiff and Defendant occurred in Valdosta.  A majority of the witnesses reside in Valdosta, and most remain employed with Valdosta State University.    The only factual occurrence happening in the Northern District was an appeal to the Board of Regents, and it is no longer a party to this action.

### III. CONCLUSION

Dr. Zaccari respectfully submits that a proper case for transfer has been made, and in light of the failure of the Plaintiff to submit sufficient grounds opposing it, requests that the Court exercise its broad discretion under Section 1404 (a) and transfer the case for trial in the United States District Court for the

Middle District of Georgia Valdosta Division, as required by justice, convenience of the parties, and what would have been originally proper as a matter of law under Section 1391(b)(1).

This 26th day of June, 2012.

s/ Holly Hance
DAVID C. WILL
Georgia Bar No. 760150
Email:  dwill@royallaw.net
HOLLY HANCE
Georgia Bar No. 153092
Email:  hhance@royallaw.net

**ROYAL – WILL**
4799 Sugarloaf Pkwy, Bldg J
Lawrenceville, GA 30043
Phone:  770-814-8022
Fax:  770-814-8360

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

THOMAS HAYDEN BARNES,                )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      Civil Action File No.:
                                     )      1:08-CV-0077-CAP
RONALD M. ZACCARI,                   )
                                     )
            Defendants.              )
_____

## CERTIFICATE OF SERVICE

This is to certify that I have, this 26th day of June, 2012, served a true and correct copy of the within and foregoing DEFENDANT ZACCARI'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE upon all parties and/or counsel of record by electronic notice by filing this document with the electronic filing system with the Northern District of Georgia, which will automatically distribute copies of the motion to the following attorneys of record:

**Robert Corn-Revere**
**Christopher A. Fedeli**
**Erin Reid**
Davis Wright Tremaine, LLP
Suite 200
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006


**Cary Stephen Wiggins**
Cook Youngelson & Wiggins
260 Peachtree Street, NW, Suite 401
Atlanta, GA 30303

s/ Holly Hance
DAVID C. WILL
Georgia Bar No. 760150
Email:  dwill@royallaw.net
HOLLY HANCE
Georgia Bar No. 153092
Email:  hhance@royallaw.net

**ROYAL – WILL**
4799 Sugarloaf Pkwy, Bldg J
Lawrenceville, GA 30043
Phone:  770-814-8022
Fax:  770-814-8360